Neal Potischman (SBN 254862)
Jonathan K. Chang (SBN 355907)
Vincent Barredo (SBN 275518)
Michael G. Mills (SBN 350938)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: neal.potischman@davispolk.com
       jonathan.chang@davispolk.com
       vincent.barredo@davispolk.com
       michael.mills@davispolk.com

Rory A. Leraris (*pro hac vice*)
Jaclyn M. Willner (*pro hac vice*)
Emily Park (*pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone:  (212) 450-4000
Facsimile:  (212) 701-5800
Email: rory.leraris@davispolk.com
       jaclyn.willner@davispolk.com
       emily.park@davispolk.com

*Attorneys for Defendants Equinix, Inc.,
Charles Meyers, and Keith D. Taylor*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WAYNE CHAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EQUINIX, INC., CHARLES MEYERS, and KEITH D. TAYLOR,<br><br>Defendants. | Case No. 3:24-cv-02656-VC<br><br>**REQUEST FOR CONSIDERATION OF DOCUMENTS AND JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**<br><br>Date:          December 5, 2024<br>Time:          10:00 a.m.<br>Courtroom:  4<br>Before the Honorable Vince Chhabria |

Defendants Equinix, Inc. ("Equinix" or the "Company"), Charles Meyers, and Keith D. Taylor (collectively, "Defendants") hereby request that the Court consider the documents attached as Exhibits 1 through 26 ("Exhibits") to the Declaration of Vincent Barredo (the "Declaration") in Support of Defendants' Motion to Dismiss ("Motion") Lead Plaintiff Uniformed Sanitationmen's Association Compensation Accrual Fund's ("Plaintiff") Amended Complaint ("AC"). These exhibits may be considered by the Court in evaluating the Motion because they are either incorporated by reference in the AC or contain facts of which the court may take judicial notice, or both.

## ARGUMENT

In resolving a motion under Rule 12(b)(6), courts are to consider the "complaint in its entirety," including "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also, e.g.*, *Mallen v. Alphatec Holdings, Inc.*, 861 F. Supp. 2d 1111, 1122 n.5 (S.D. Cal. 2012) (addressing judicial notice with respect to SEC filings, press releases, and transcripts of conference calls). In deciding the Motion, the Court may appropriately consider the documents attached as Exhibits 1 through 26 to the Declaration.

### A.   The Court May Consider Exhibits 1-5, 7-10, and 17-26 Because the AC Incorporates Them by Reference

The incorporation-by-reference doctrine permits courts to treat a document as if it is part of the complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) ("Plaintiffs directly quoted the material . . . thereby incorporating [the material] into the Complaint."); *Love v. Ladder Fin., Inc.*, 2024 WL 2104497, at *2 & n.2 (N.D. Cal. May 8, 2024) (Chhabria, J.) (incorporating by reference a policy from which "[t]he Complaint quote[d] selectively" and on which "plaintiffs' allegation . . . dr[ew]"). The doctrine of incorporation by reference "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those

1

very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Incorporation by reference occurs in "situations in which the plaintiff's claim depends on the contents of a document," regardless of whether the plaintiff "explicitly allege[s] the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). If a document is incorporated by reference, the "entire document" is, like the complaint itself, "assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (citation omitted); *see also Saroya v. Univ. of the Pac.*, 503 F. Supp. 3d 986, 994 (N.D. Cal. 2020). Documents may be incorporated by reference where the plaintiff alleges that the documents "contain materially false or misleading statements" or were corrective disclosures. *In re Pivotal Sec. Litig.*, 2020 WL 4193384, at *4 (N.D. Cal. July 21, 2020).

Exhibits 1-5, 7-10, and 17-26 to the Declaration are each quoted in part by Plaintiff in the AC and therefore form the basis of Plaintiff's claims.

Exhibits 1 and 7-10 to the Declaration are excerpts of Equinix's Annual Reports for 2019 through 2023, filed on Forms 10-K with the U.S. Securities and Exchange Commission ("SEC"). Exhibits 17-22 to the Declaration are excerpts of transcripts of earnings calls that took place between July 2019 and February 2024. The AC quotes portions of both types of documents and alleges that they contained statements that were false or misleading. (*See, e.g.*, ¶¶ 65-67 & nn.4-6, 189 & n.15, 191-193 & nn.17-19, 208 & n.23, 210 & n.25 (Exs. 1, 7-10); ¶ 72 (Ex. 17); ¶¶ 83-85 (Ex. 18); ¶ 94 (Ex. 19); ¶ 105 (Ex. 20); ¶ 121 (Ex. 21); ¶¶ 143-146 (Ex. 22).)

Exhibit 2 to the Declaration is a copy of a March 2024 report issued by Hindenburg Research. The AC quotes from the report, relies on it as a basis for Plaintiff's claim that Defendants made false or misleading statements, and alleges that it was a partial corrective disclosure. (*See, e.g.*, ¶¶ 19-20, 153-162, 213.)

Exhibits 3, 4 and 25 to the Declaration are copies of Equinix's Current Reports dated between March 2024 and May 2024, filed on Forms 8-K with the SEC. The AC quotes portions

REQUEST FOR CONSIDERATION OF DOCUMENTS AND JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT - CASE NO. 3:24-cv-02656-VC

of these documents and alleges that they were partial corrective disclosures. (*See, e.g.*, ¶¶ 168, 213 (Ex. 3); ¶¶ 22, 171 (Ex. 4); ¶¶ 18, 31, 149, 213 (Ex. 25).)

Exhibit 5 to the Declaration is a copy of an Equinix earnings presentation to investors for the second quarter of 2014. The AC quotes portions of this presentation and relies on it as a basis for Plaintiff's claim that Defendants made false or misleading statements. (*See, e.g., id.* ¶¶ 52-54, 183, 187.)

Exhibits 23 and 26 to the Declaration are copies of March 2024 research analyst reports issued by Wells Fargo and TD Cowen. The AC quotes portions of these documents and alleges that they were partial corrective disclosures. (*See, e.g., id.* ¶ 164 (Ex. 23); *id.* ¶¶ 20, 166, 213 (Ex. 26).)

Exhibit 24 to the Declaration is a copy of the complaint filed in *In re Blade Glob. Corp.*, No. 21-50275-MEH (Bank. N.D. Cal. Dec. 13, 2021). The AC describes this complaint's allegations and relies on it as a basis for Plaintiff's claim that Defendants made false or misleading statements. (*See* AC ¶ 208 n.24.)

Exhibits 1-5, 7-10, and 17-26 each serve as a basis for Plaintiff's claims and accordingly are incorporated by reference in the AC. The Court may consider them in their entirety in evaluating Defendants' Motion.

**B.      The Court May Take Judicial Notice of Facts Disclosed in Exhibits 1, 3, 4 and 6-26**

The Court may take judicial notice of facts contained in Exhibits 1, 3, 4 and 6-26 "for the purpose of determining what information was available to the market."[1] *Chicago & Vicinity Laborers' Dist. Council Pension Fund v. Amplitude, Inc.*, 2024 WL 4375775, at *1 (N.D. Cal. Oct. 2, 2024) (Chhabria, J.) (citation omitted).

The Federal Rules of Evidence permit judicial notice of "an adjudicative fact" if it "is not subject to reasonable dispute," because it is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid.

---

[1] As discussed in Point A above, Exhibits 1, 3, 4, 7-10, and 17-26 are incorporated by reference into the AC and can be considered on that basis alone. In the alternative, the Court may take judicial notice of the information in these documents as explained in this section.

201(a)-(b); *see In re Apple Inc. Device Performance Litig.*, 386 F. Supp. 3d 1155, 1164 (N.D. Cal. 2019); *see also In re Sorrento Therapeutics Sec. Litig.*, 2021 WL 6062943, at *4 (S.D. Cal. Nov. 18, 2021) ("SEC filings are the proper subjects of judicial notice as they are not subject to reasonable dispute."). On a motion to dismiss, courts may take judicial notice of information in "public record[s]" even if the records are "outside the pleadings." *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

On this basis, Courts have taken judicial notice of information reflected in SEC filings, analyst reports, publicly available earnings or conference call transcripts and related presentations, and filings in other court cases. *See, e.g.*, *Amplitude, Inc.*, 2024 WL 4375775, at *1 (granting request to take judicial notice of "SEC filings, press releases, conference call transcripts, and analyst reports" for the purpose of determining "what information was available to the market"); *In re Splunk Inc. Sec Litig.*, 592 F. Supp. 3d 919, 930 (N.D. Cal. 2022) ("Because Plaintiff does not dispute their authenticity and accuracy, the Court grants Defendants' request for judicial notice of . . . [company's] filings with the SEC; transcripts of calls with, or presentations to, analysts and investors; [and] publications of Defendants' statements . . . ."); *Welgus v. TriNet Grp., Inc.*, 2017 WL 6466264, at *5 (N.D. Cal. Dec. 18, 2017) (taking judicial notice of "financial reports, press releases, and filings with the SEC"); *In re Energy Recovery Inc. Sec. Litig.*, 2016 WL 324150, at *3 (N.D. Cal. Jan. 27, 2016) (holding company's "Forms 10-K and transcripts of conference earnings calls are judicially noticeable because they are matters of public record"); *Brodsky v. Yahoo! Inc.*, 630 F. Supp. 2d 1104, 1111 (N.D. Cal. 2009) (taking judicial notice of information contained in SEC filings, conference call transcripts, press releases, news articles, and analyst reports); *Young v. Ault*, 2019 WL 1718676, at *2 (C.D. Cal. Feb. 25, 2019) (taking judicial notice of "SEC filings and the undisputed facts contained therein, as well as all matters of public record" (citing *Khoja*, 899 F.3d at 1002)); *Travelers Cas. Ins. Co. of Am. v. Am. Home Realty Network, Inc.*, 2013 WL 1808984, at *1 n.3 (N.D. Cal. Apr. 29, 2013) (granting request to take judicial notice of case filings); *Bitsakis v. JP*

4

*Morgan Chase Bank*, 2012 WL 359283, at *1 (C.D. Cal. Feb. 1, 2012) (taking judicial notice of bankruptcy case filing and discharge of debtor in bankruptcy case).

Exhibits 1 and 7-10 to the Declaration are excerpts of Equinix's Annual Reports for 2019 through 2023, filed on Forms 10-K with the SEC. Exhibits 3, 4 and 25 to the Declaration are copies of Equinix's Current Reports dated between March 2024 and May 2024, filed on Forms 8-K with the SEC. The Court may take judicial notice of the statements in these documents in determining what information Equinix disclosed to investors. *See e.g.*, *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008); *In re Sorrento*, 2021 WL 6062943, at *4; *Moser v. Encore Cap. Grp., Inc.*, 2007 WL 2481501, at *2 (S.D. Cal. Aug. 28, 2007), *aff'd*, 287 F. App'x 606 (9th Cir. 2008).

Exhibits 23 and 26 to the Declaration are copies of research analyst reports. Exhibits 6 and 11-16 to the Declaration are copies of Equinix investor presentations and a conference call transcript, which include Equinix's descriptions of recurring and non-recurring capital expenditures. Exhibits 17-22 to the Declaration are copies of earnings call transcripts in which the Company directed investors to the disclosures in its securities filings. The Court may take judicial notice of these documents—which are all publicly available from sources that cannot reasonably be questioned—to establish what information was available to investors. *See, e.g.*, *In re Sorrento Therapeutics, Inc. Sec. Litig.*, 2022 WL 22609807, at *3-4 (S.D. Cal. Apr. 11, 2022) (taking judicial notice of press releases and media articles), *aff'd*, 97 F.4th 634 (9th Cir. 2024); *Kipling v. Flex Ltd.*, 2020 WL 2793463, at *7 (N.D. Cal. May 29, 2020) (taking judicial notice of "transcripts from earnings calls not referred to in the complaint, investor and analyst conferences, and related presentations").

Exhibit 24 to the Declaration is a pleading filed in a bankruptcy case that is a matter of public record. The court may take judicial notice of the nature of the allegations raised in that case. *See In re te Velde*, 2022 WL 16857099, at *1 (Bankr. E.D. Cal. Nov. 10, 2022) ("The court may take judicial notice of . . . filings in other court proceedings[] and public records."); *Travelers Cas. Ins. Co. of Am.*, 2013 WL 1808984, at *1 n.3 (granting request to take judicial

notice of case filings); *Bitsakis*, 2012 WL 359283, at *1 (taking judicial notice of bankruptcy case filing and discharge of debtor in bankruptcy case).

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Request for Consideration of Documents and Judicial Notice with regard to the Exhibits annexed to the Declaration.

6

Dated: October 10, 2024

DAVIS POLK & WARDWELL LLP

*/s/ Neal Potischman*

Neal Potischman (SBN 254862)
Jonathan K. Chang (SBN 355907)
Vincent Barredo (SBN 275518)
Michael G. Mills (SBN 350938)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email:  neal.potischman@davispolk.com
        jonathan.chang@davispolk.com
        vincent.barredo@davispolk.com
        michael.mills@davispolk.com

Rory A. Leraris (*pro hac vice*)
Jaclyn M. Willner (*pro hac vice*)
Emily Park (*pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone:  (212) 450-4000
Facsimile:  (212) 701-5800
Email:  rory.leraris@davispolk.com
        jaclyn.willner@davispolk.com
        emily.park@davispolk.com

*Attorneys for Defendants Equinix, Inc.,*
*Charles Meyers, and Keith D. Taylor*

7