ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
ALAINA L. GILCHRIST (335807)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
agilchrist@rgrdlaw.com

Lead Counsel for Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WAYNE CHAN, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 3:24-cv-02656-VC |
| Plaintiff, | ) ) ) | CLASS ACTION |
| vs. | ) ) ) | LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE |
| EQUINIX, INC., et al., | ) ) | |
| Defendants. | ) ) ) | DATE: December 5, 2024 TIME: 10:00 a.m. JUDGE: Hon. Vince Chhabria CTRM: 4, 17th Floor |

4882-9386-5204.v1

Lead Plaintiff Uniformed Sanitationmen's Association Compensation Accrual Fund ("Plaintiff") hereby opposes Defendants'[1] Request for Consideration of Documents and Judicial Notice in Support of Defendants' Motion to Dismiss the Amended Complaint (ECF 55) ("RJN"), filed concurrently with Defendants' Notice of Motion and Motion to Dismiss the Amended Complaint (ECF 54) ("MTD").

## I.    INTRODUCTION

Defendants' request to incorporate by reference or take judicial notice of 26 exhibits is an improper effort to resolve questions of fact that are material to Plaintiff's Amended Complaint for Violation of the Federal Securities Laws (ECF 43) ("Complaint").   Properly used, the incorporation by reference doctrine and judicial notice have a role during the pleading stage but the "overuse and improper application of [these doctrines] can lead to unintended and harmful results."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).  In *Khoja*, the Ninth Circuit specifically warned against defendants trying to "exploit[] these procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage."  *Id.*  Defendants cannot "pile on numerous documents to their motions to dismiss" in an effort to present their own version of the facts.  *Id.*

Here, Defendants improperly ask the Court to accept each document incorporated by reference as true (RJN at 2) despite the fact that several of the documents contain the very statements Plaintiff alleges are false and misleading.  Alternatively, Defendants ask the Court to take judicial notice of these "facts" supposedly in the "public record," although they are subject to reasonable dispute.  RJN at 3.  This amounts to little more than an attempt to raise an improper truth-on-the-market defense at the motion to dismiss stage.  *Bos. Ret. Sys. v.Uber Techs., Inc.*, 2020 WL 4569846, *6 (N.D. Cal. Aug. 7, 2020) (truth-on-the-market defense "not available at the motion to dismiss stage").  The Court should reject Defendants' attempt to undermine the Complaint by pushing their own version of the facts.

---

[1]    "Defendants" are Equinix, Inc. ("Equinix" or the "Company"), Charles Meyers, and Keith D. Taylor.

## II.    LEGAL STANDARD

Generally, courts "'may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'"  *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001).  There are two limited exceptions to this rule: the incorporation by reference doctrine and judicial notice under Rule 201 of the Federal Rules of Evidence.  *Khoja*, 899 F.3d at 998.

**Incorporation by Reference**: Incorporation by reference is a "judicially created doctrine that treats certain documents as though they are part of the complaint itself."  *Khoja*, 899 F.3d at 1002.  A document may only be incorporated by reference if "'the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'"  *Id*.  "'[T]he mere mention of the existence of a document is insufficient to incorporate the contents of a document.'"  *Id.* (citing *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)).  Likewise, "if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint."  *Khoja*, 899 F.3d at 1002.  The Ninth Circuit has made clear that the incorporation by reference "doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim."  *Id.* at 1003.  Thus, it is "improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint."  *Id*.  Improper incorporation prevents plaintiffs from having an opportunity to respond, and the defendant's "newly-expanded version of the complaint" can topple plaintiffs' "otherwise cognizable claims."  *Id*.

**Judicial Notice**: Pursuant to Rule 201(b) of the Fed. R. of Evid., a Court "may judicially notice a[n] [adjudicative] fact that is not subject to reasonable dispute."  Adjudicative facts are those "'concerning the immediate parties – who did what, where, when, how, and with what motive or intent,'" *i.e.*, "'the facts that normally go to the jury in a jury case.'"  Fed. R. Evid. 201 Advisory Committee Note.  A fact that is not subject to reasonable dispute is one that is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(1)-(2).  A court may also take judicial notice of "'matters of public record,'" but it "cannot take judicial notice of disputed facts contained in such public records."  *Khoja*, 899 F.3d at 999; *see Lee*, 250 F.3d at 689.

## III.    ARGUMENT

Defendants contend the Court should incorporate by reference or judicially notice Exhibits 1-26[2] because the Complaint references them.  Plaintiff does not object to the Court's incorporation of Exhibits 1-5, 7-10, 17-23, and 25-26, but the Court should reject: (1) Defendants' request to incorporate documents that are not extensively referred to in the Complaint (Ex. 24); (2) Defendants' request to adopt the entirety of each document as true; and (3) Defendants' use of the documents to insert their own version of the truth into the motion to dismiss.  RJN at 2; *see generally* MTD.  The Court should also deny Defendants' request to judicially notice the substance of Exhibits 1, 3-4 and 6-26 because the facts Defendants identify are in dispute and subject to varying interpretations.  Fed. R. Evid. 201(b)(2).

### A.    United States Securities and Exchange Commission ("SEC") Filings

**Exhibit 1** (Excerpt of Equinix, Inc. Form 10-K for the FY23)

**Exhibit 3** (March 25, 2024 Equinix, Inc. Form 8-K)

**Exhibit 4** (May 8, 2024 Equinix, Inc. Form 8-K)

**Exhibit 7** (Excerpt of Equinix, Inc. Form 10-K for the FY19)

**Exhibit 8** (Excerpt of Equinix, Inc. Form 10-K for the FY20)

**Exhibit 9** (Excerpt of Equinix, Inc. Form 10-K for the FY21)

**Exhibit 10** (Excerpt of Equinix, Inc. Form 10-K for the FY22)

**Exhibit 25** (March 12, 2024 Equinix, Inc. Form 8-K)

Plaintiff does not object to the incorporation of Exhibits 1, 3, 4, 7-10 or 25 because Plaintiff's Complaint references to and quotes from the forms.  However, the Court should reject Defendants' attempts to use these exhibits to resolve factual disputes against Plaintiff's allegations in the Complaint.  *See Khoja*, 899 F.3d at 1014.  For example, Defendants rely on Exhibit 10, an excerpt of Equinix's FY22 Form 10-K, in an attempt to refute the personal knowledge of a former Equinix employee, referred to as "FE1," and argue the individual had "no basis to know" about

---

[2]  All "Ex.___" citations herein are to the exhibits (ECF 54-2 through 54-26) attached to Defendants' Declaration of Vincent Barredo in Support of Defendants' Motion to Dismiss the Amended Complaint (ECF 54-1).  All "¶__" citations are to Plaintiff's Complaint.

Defendants' overselling of power capacity on a Company-wide basis. MTD at 13. However, this attempt to raise a factual dispute as to the extent of FE1's personal knowledge on the basis of extrinsic evidence is improper at the motion to dismiss stage. *See In re Splunk Inc. Sec. Litig.*, 592 F. Supp. 3d 919, 930 (N.D. Cal. 2022) (refusing to consider documents for the purposes of resolving factual disputes).

Similarly, Defendants' attempt to use these exhibits as a defense to the allegations in Plaintiff's Complaint is improper and should be rejected. For instance, Defendants point to Exhibit 1 to raise a factual dispute as to what formula Defendants used to calculate adjusted funds from operations ("AFFO"). *See* MTD at 3 n.6 ("The [Complaint] does not comport with the Company's actual disclosures."). This is a factual dispute that is not properly decided at the motion to dismiss stage.

Finally, Exhibits 1, and 7-10 are excerpts of lengthy documents filed with the SEC. Defendants have hand-picked specific pages of each document to incorporate, undermining their argument that incorporation "'prevents plaintiffs from selecting only portions of documents that support their claims.'" RJN at 1. For example, Exhibit 1 is an 88-page document, and Defendants' exhibit contains just 27, non-consecutive pages. This cherry-picking of documents further emphasizes Defendants' attempt to improperly resolve factual disputes at the motion to dismiss stage. *See Khoja*, 899 F.3d at 1002 (prohibition against resolving factual disputes at the pleading state); *see also United States v. Boeing Co.*, 2023 WL 3075867, at *6 n.8 (W.D. Wash. Apr. 25, 2023) (declining to judicially notice incomplete document); *Ctr. for Cmty. Action & Env't Just. v. Friends of Riverside Airport, LLC*, 2017 WL 10511577, at *5 (C.D. Cal. Sept. 28, 2017) (same); *Butcher v. Advanced Min. Techs., Inc.*, 2011 WL 810256, at *4 (D. Nev. Mar. 2, 2011) (declining to incorporate by reference incomplete exhibit).

Plaintiff does not object to the judicial notice of Exhibits 1, 3, 4, 7-10 or 25 for the limited purpose of acknowledging the fact that these forms were "published on the dates . . . that [D]efendants represent they were," *Uber*, 2020 WL 4569846, at *3, but the Court may not notice the Defendants' conclusions drawn from the documents. In particular, Defendants point to Exhibits 1 and 7-10 to show that "[Equinix] warned" investors about potential power limitations.

MTD at 5.  But, as *Khoja* makes clear, disputes about whether Equinix adequately disclosed certain risks to the market cannot be resolved at the pleading stage.  *See Khoja*, 899 F.3d at 1000 (refusing to take judicial notice of a document submitted for the purpose of resolving a factual dispute because it was "'subject to varying interpretations, and there [was] reasonable dispute as to what the [document] establishe[d]'").  Indeed here, the Complaint alleges that Equinix's risk disclosures were not just inadequate, but false and misleading.  ¶¶207-210.

### B.    Transcripts

**Exhibit 6** (June 25, 2014 Conference Call Transcript)

**Exhibit 17** (July 31, 2019 Q2 2019 Earnings Call Transcript)

**Exhibit 18** (May 6, 2020 Q1 2020 Earnings Call Transcript)

**Exhibit 19** (April 28, 2021 Q1 2021 Earnings Call Transcript)

**Exhibit 20** (April 27, 2022 Q1 2022 Earnings Call Transcript)

**Exhibit 21** (May 3, 2023 Q1 2023 Earnings Call Transcript)

**Exhibit 22** (February 14, 2024 Q4 2023 Earnings Call Transcript)

Plaintiff does not object to the incorporation by reference of the conference calls contained in Exhibits 17-22, the dates on which they occurred, or what was recorded.  Plaintiff does, however, object to Defendants' characterization of the content of the calls and any conclusions they draw from them.  Here, Defendants seek to rely on conference call documents to argue that the market was sufficiently aware of the facts about which Plaintiff alleges Equinix misled the public.  Defendants' conclusions regarding the sufficiency of what was revealed to the market constitute a factual question not properly resolved on a motion to dismiss.  *Splunk*, 592 F.3d at 930.

For example, Defendants contend that Exhibits 17-22 show that Equinix properly "warned" investors that the "demand for power may exceed the designed electrical capacity" in their data centers because they directed investors to the disclosures in Equinix's securities filings.  MTD at 6 & n.10.  Thus, Defendants are submitting these documents for the improper purpose of resolving the factual dispute of whether the market was adequately informed of the risks associated with overselling power.  This is a quintessential question of fact that is improper for resolution here.

Defendants' bid to have their preferred interpretation of these statements accepted as true is plainly improper and amounts to "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint." *Khoja*, 899 F.3d at 998.  Incorporation for this purpose is not warranted as Defendants are attempting to create a "defense to the well-pled allegations in the [C]omplaint" without giving Plaintiff the opportunity to respond through discovery. *Id.* at 1002.

Plaintiffs do not object to judicial notice of Exhibits 6 or 17-22 for the fact that these earnings calls were held on the day Defendants state they were, and were attended by the individuals Defendants state were there.  However, Plaintiff objects to judicial notice of the facts included in the transcript's contents because, as explained above, there is "a reasonable dispute" about what the transcripts establish.  *Khoja*, 899 F.3d at 1000 (finding judicial notice of the transcript is improper when the substance of the transcript is "'subject to varying interpretations, and there is a reasonable dispute as to what the [transcript] establishes'").

### C.    Presentation Slides

**Exhibit 5** (July 30, 2014 Earnings Conference Call Presentation Slides)

**Exhibit 11** (February 18, 2016 Earnings Conference Call Presentation Slides)

**Exhibit 12** (February 12, 2020 Earnings Conference Call Presentation Slides)

**Exhibit 13** (February 10, 2021 Earnings Conference Call Presentation Slides)

**Exhibit 14** (February 16, 2022 Earnings Conference Call Presentation Slides)

**Exhibit 15** (February 15, 2023 Earnings Conference Call Presentation Slides)

**Exhibit 16** (February 14, 2024 Earnings Conference Call Presentation Slides)

Plaintiff does not object to the incorporation by reference of Exhibit 5 because Plaintiff references to and quotes from the presentation in the Complaint.  However, the Court should reject Defendants' request to assume the truth of the document where Defendants rely on the document to present their own version of the facts, including how investors understood the presentation materials.  *See Khoja*, 899 F.3d at 999, 1003 ("If defendants are permitted to present their own version of the facts at the pleading stage – and district courts accept those facts as uncontroverted and true – it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief.").  For example, Defendants refer to Exhibit 5 and argue

LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE - 3:24-cv-02656-VC                                                                                          - 6 -

4882-9386-5204.v1

that Equinix "certainly" did not communicate an "assumption" about the rate of recurring capital expenditures ("CapEx") to investors. MTD at 11. These are Defendants' own conclusions, not facts included in the slides. *Id.*; Ex. 5. Defendants' interpretations of what assumptions investors understood from a visual presentation slide are disputed questions of fact that should not be accepted as true.

Plaintiff objects to the judicial notice of Exhibits 11-16, which are presentation slides purportedly displayed during Defendants' investor presentations. Defendants claim the presentation slides are subject to judicial notice because they are "publicly available from sources that cannot reasonably be questioned." RJN at 5. This is an improper application of judicial notice because these are Defendants' own materials. Defendants apparently created and maintained these materials and, therefore, they do not come from a source whose "accuracy cannot be reasonably questioned." *See Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1030 (C.D. Cal. 2015) (courts are skeptical of taking judicial notice of "information or documents appearing on websites that are created and maintained by a party to the litigation"). Nor do they contain facts that are "generally known." Fed. R. Evid. 201(b)(1)-(2).

Defendants' intent to use the vehicle of judicial notice and their own marketing materials to improperly defeat the well-pled allegations in the Complaint is evidenced by their reliance on Exhibit 11. Defendants point to Exhibit 11 to refute Plaintiff's claim that Equinix misclassified CapEx. Specifically, Defendants argue that the information provided to investors during the 2Q14 presentation (¶¶53-54), during which investors were informed about Equinix's transition to a real estate investment trust ("REIT"), was different than the information given to investors during the Class Period[3]. MTD at 9 n.12. This is an improper attempt to engage in factual disputes at the motion to dismiss stage. Additionally, it is simply wrong. The 2Q14 presentation provided investors with more granular detail than what appeared in Exhibit 11, but Exhibit 11 did not otherwise change or alter the accounting policies previously set forth. *Id.* This argument cannot be resolved using judicial notice because the Court cannot "'accurately and readily determine[]'"

---

[3]    The "Class Period" is from May 3, 2019 through March 24, 2024.

LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE - 3:24-cv-02656-VC                                                                                                          - 7 -
4882-9386-5204.v1

what investors understood during the Class Period by relying on Exhibit 11. *Khoja*, 899 F.3d at 999.

### D.    Analyst Reports

**Exhibit 2** (March 20, 2024 Hindenburg Research report   (the "Hindenburg Report") titled "Equinix Exposed: Major Accounting Manipulation, Core Business Decay And Selling An AI Pipe Dream As Insiders Cashed Out Hundreds of Millions")

**Exhibit 23** (March 20, 2024 Wells Fargo report titled "EQIX: Short Report Driving Stock Weakness")

**Exhibit 26** (March 21, 2024 TD Cowen report titled "Correction: Same Short Thesis, Different Author: View Weakness As Buying Opp.")

Plaintiff does not object to the incorporation of Exhibits 2, 23 or 26, to which Plaintiff refers and from which Plaintiff quotes in the Complaint.  Plaintiff does object to Defendants' attempt to use the reports to improperly insert their version of events into a well-pled Complaint. *Khoja*, 899 F.3d at 1002.  The Court may consider these documents in their entirety; but as they are being used to dispute the facts of the Complaint, their truth cannot be assumed. *Id.* at 1002-03.

Here, Defendants rely on Exhibits 23 and 26 to draw inferences about the market's reaction to the corrective disclosures.  For example, Plaintiff's Complaint cites Exhibit 26, the March 21, 2024 TD Cowen report, to show that following the disclosures in the Hindenburg Report, analysts conducted their own investigations and concluded that the Hindenburg Report's allegations that Equinix was overselling power were true.  ¶166.  Defendants cite the same report to indicate that the overselling of power was a practice "already understood by investors" prior to the Hindenburg Report's disclosures.  MTD at 20.  This is an improper materiality argument or truth-on-the-market defense, and the analyst reports should not be incorporated for the purpose of resolving such factual disputes at the pleading stage.   Likewise, the Court should reject Defendants' attempt to characterize the facts in Exhibit 2 as "apparent" evidence that categorizing CapEx is an "exercise of judgment." *Id.* at 9.  Defendants' efforts to frame Plaintiff's allegations regarding CapEx as simply a matter of judgment amounts to a factual dispute, which is improper at the motion to dismiss stage. *See Khoja*, 899 F.3d at 1014.

The Court may judicially notice the fact that Exhibits 23 and 26 were "published on the dates . . . that [D]efendants represent they were," *Uber*, 2020 WL 4569846, at *3, but may not notice the Defendants' conclusions drawn from the reports.  For example, Defendants claim the reports indicate: the disclosures "did not reveal any 'truth' not already understood by investors," MTD at 20, and that the market considered Defendants' accounting practices "simply matters of business judgment."  *Id.* at 10.  These conclusions are not included in the reports, directly contradict the facts alleged in Plaintiff's Complaint, and should not be noticed by the Court.  *See Khoja*, 899 F.3d at 1000 (holding that judicial notice is improper where the document is "'subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes.'").

### E.    Additional Documents

**Exhibit 24** (Pleading filed in *In re: Blade Glob. Corp.*, No. 21-50275-MEH (Bankr. N.D. Cal. 2021))

Exhibit 24 should not be incorporated by reference because Plaintiff's Complaint only mentions the document once, in a footnote, in an 82-page Complaint.  ¶208 n.24.  Plaintiff does not "refer extensively" to the document, and the document does not "form the basis of the complaint."  *Khoja*, 899 F.3d at 1002.

Plaintiff does not object to judicial notice of Exhibit 24 for the purpose of noticing the document exists however, Plaintiff objects to judicial notice of the facts contained within the pleading.  *See In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010) ("Moreover, the court may take judicial notice of the existence of unrelated court documents, although it will not take judicial notice of such documents for the truth of the matter asserted therein.").

## IV.    CONCLUSION

For the foregoing reasons, the Court should either deny Defendants' RJN or not accept as true the disputed information contained in these exhibits.

 DATED:  October 31, 2024

s/ Daniel J. Pfefferbaum
DANIEL J. PFEFFERBAUM

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
DANIEL J. PFEFFERBAUM
ALAINA L. GILCHRIST
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
agilchrist@rgrdlaw.com

Lead Counsel for Lead Plaintiff

PITTA LLP
VINCENT F. PITTA
120 Broadway, 28th Floor
New York, NY  10271
Telephone: 212/652-3890
vpitta@pittalaw.com

Additional Counsel