Neal Potischman (SBN 254862)
Jonathan K. Chang (SBN 355907)
Vincent Barredo (SBN 275518)
Michael G. Mills (SBN 350938)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: neal.potischman@davispolk.com
        jonathan.chang@davispolk.com
        vincent.barredo@davispolk.com
        michael.mills@davispolk.com

Rory A. Leraris (*pro hac vice*)
Jaclyn M. Willner (*pro hac vice*)
Emily Park (*pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: rory.leraris@davispolk.com
        jaclyn.willner@davispolk.com
        emily.park@davispolk.com

*Attorneys for Defendants Equinix, Inc.,*
*Charles Meyers, and Keith D. Taylor*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYNE CHAN, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> EQUINIX, INC., CHARLES MEYERS, and KEITH D. TAYLOR, <br><br> Defendants. | Case No. 3:24-cv-02656-VC <br><br> **REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENTS AND JUDICIAL NOTICE** <br><br> Date:  December 5, 2024 <br> Time:  10:00 a.m. <br> Courtroom: 4 <br> Before the Honorable Vince Chhabria |

Defendants Equinix, Inc. ("Equinix" or the "Company"), Charles Meyers, and Keith D. Taylor (collectively, "Defendants") respectfully submit this reply brief in further support of their Request for Consideration of Documents and Judicial Notice ("RJN" or the "Request").[1]

## INTRODUCTION

In its Opposition to Defendants' Request ("Opposition" or "RJN Opp."), Plaintiff concedes that Defendants' exhibits are either incorporated by reference in the AC or are otherwise the type of materials of which Courts frequently take judicial notice. Instead, Plaintiff incorrectly contends that the Court should ignore information that undermines its allegations or is otherwise inconsistent with its theory of the case. However, the purpose of incorporation by reference is to prevent a plaintiff from cherry-picking helpful facts from documents while omitting unhelpful portions of those same documents. Moreover, the fact that judicially noticeable facts contained in Equinix's disclosures undermine Plaintiff's case does not provide a basis for declining to take notice of them. Indeed, all of the supposed factual disputes described in the Opposition are either matters of law appropriate for resolution on a motion to dismiss (for example, whether the AC adequately alleges any false or misleading statements), or involve matters that cannot reasonably be disputed. Defendants' application is entirely consistent with *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018).

## ARGUMENT

### A.    The Court May Consider Exhibits 1-5, 7-10, and 17-26 Because the AC Incorporates Them by Reference

As demonstrated in the Request, Exhibits 1-5, 7-10, and 17-26 are documents on which Plaintiff refers extensively in the AC and which form the basis of Plaintiff's claims. (*See* RJN at 1-3.) Plaintiff does not object to the Court's consideration of all but one of these Exhibits— Exhibit 24. (RJN Opp. at 3.)

Plaintiff claims that Exhibit 24—the complaint in an adversarial bankruptcy court proceeding, *In re Blade Glob. Corp.*, No. 21-50275 MEH (Bankr. N.D. Cal.)—should not be

---

[1] Any term not defined herein has the same definition as in the RJN.

incorporated by reference because the AC only discusses it once. (RJN Opp. at 9.) But as *Khoja* recognizes, a document may be incorporated by reference "if the plaintiff refers extensively to the document *or the document forms the basis of the plaintiff's claim*." *Khoja*, 899 F.3d at 1002 (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)) (emphasis added). Exhibit 24 is the sole basis for Plaintiff's allegation that the alleged risk created by Equinix's purported "overselling" of power capacity materialized. (*See* AC ¶ 207-210 & n.24.) Because Plaintiff quotes from the document and it "forms the basis of the plaintiff's claim" that Equinix's purported "overselling" practice was "already impacting the Company" (*id.*), the Court should deem it incorporated by reference. *See Khoja*, 899 F.3d at 1002; *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (holding that by "directly quot[ing] the material," plaintiffs incorporated it into the Complaint); *Love v. Ladder Fin., Inc.*, 2024 WL 2104497, at *2 & n.2 (N.D. Cal. May 8, 2024) (Chhabria, J.) (incorporating by reference a policy from which "[t]he Complaint quote[d] selectively" and on which "plaintiffs' allegation . . . dr[ew]").

Accordingly, Exhibits 1-5, 7-10, and 17-26 are all incorporated by reference into the Court may consider them in their entirety.

Plaintiff contests "Defendants' use of the documents to insert their own version of the truth into the motion to dismiss." (RJN Opp. at 3.) But "*Khoja* does not prevent a defendant from . . . analyzing an alleged false statement in context" or filling gaps left by a complaint's "*conclusory* allegations." *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020).

Even if there were disputed facts in any of these documents, that would not preclude the Court from incorporating the Exhibits. Under Ninth Circuit precedent, "[o]nce a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014); *see In re Pivotal Sec. Litig.*, 2020 WL 4193384, at *4 (N.D. Cal. July 21, 2020) (incorporating by reference documents that "allegedly contain materially false or misleading statements"); *SEB Inv. Mgmt. AB v.*

REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENTS AND JUDICIAL NOTICE
CASE NO. 3:24-cv-02656-VC

*Symantec Corp.*, 2019 WL 4859099, at *7 (N.D. Cal. Oct. 2, 2019) (noting that disputed facts related to an incorporated document do "not preclude consideration of the document under the incorporation by reference doctrine for any purpose"); *see also In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (holding that SEC filings were properly incorporated by reference despite plaintiff "question[ing] the veracity of the SEC forms"), *abrogated by statute on other grounds as recognized in S. Ferry LP, No. 2 v. Killinger*, 542 F.3d 776, 784 (9th Cir. 2008).

In an attempt to avoid consideration of these documents, Plaintiff claims that any unfavorable facts in the documents constitute "factual disputes" that are improper for this Court to consider. But the examples Plaintiff provides make it clear that no such factual disputes exist.

**Exhibit 1**: Exhibit 1 is Equinix's Form 10-K for the fiscal year 2023. (*See* RJN at 2.) Plaintiff quotes from this document and alleges that it contains statements that are false or misleading. (*See id.*) The Motion refers to Exhibit 1 to demonstrate what information the Company disclosed to investors. (*See* Mot at 2-6, 15-16.) Plaintiff apparently objects based on a statement in footnote 6 of the Motion that explains that the AC's description of Equinix's method of calculating adjusted funds from operations ("AFFO") does "not comport with the Company's actual disclosures." (RJN Opp. at 4; Mot. at 3 n.6.) Defendants included that footnote in an effort to avoid any confusion presented by that discrepancy, but the Motion specifically notes that the discrepancy is "not relevant" to the Motion (Mot. at 3 n.6), and the Court does not need to resolve it. Of course, even if Defendants had asked the Court to address that discrepancy in some way, the Court could do so—because it is incorporated by reference, and forms the basis of Plaintiff's accounting allegations. *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (in evaluating a Section 10(b) action for failure to state a claim, "courts must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"); *Khoja*, 899 F.3d at 998 (same); *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *10 (N.D. Cal. Mar 29, 2019) ("Courts evaluate defendants' alleged false statements in the context in which they

3

were made, specifically in regard to contemporaneous qualifying or clarifying language.").

**Exhibit 5**: Exhibit 5 is a copy of an Equinix earnings presentation for the second quarter of 2014. (RJN at 3.) The AC quotes portions of this presentation and relies on it as a basis for its claim that Defendants made false or misleading statements. (*See id.*) Plaintiff objects to Exhibit 5 on the grounds that "disputed questions of fact" exist as to "what assumptions investors understood" from the document. (RJN Opp. at 6-7.) But what "investors understood" is not relevant to Defendants' Motion; indeed, the Motion refers to Exhibit 5 in order to present the Court with the context of what information Equinix communicated to investors, which cannot reasonably be disputed. (Mot. at 4, 11.)

**Exhibit 10**: Exhibit 10 is Equinix's Form 10-K for the fiscal year 2022. (*See* RJN at 2.) The AC quotes from this document and alleges that it contains statements that are false or misleading. (*See id.*) Plaintiff objects to Exhibit 10 on grounds that Defendants "dispute . . . the extent of FE1's personal knowledge" by identifying the total number of its data centers that Equinix reported in this annual report. (RJN Opp. at 3-4; *see* Mot. at 13.) But there is no factual dispute: The AC does not plead facts indicating that FE1 is familiar with power selling policies at *all* Equinix data centers. (*See, e.g.*, AC ¶ 37.) And Exhibit 10 simply elucidates how limited FE1's knowledge is. Of course, it bears noting that even if the precise number of data centers were directly relevant to resolution of the Motion, because the AC incorporates Exhibit 10 by reference, the Court could consider the statement therein about the total number of Equinix data centers. *See NVIDIA*, 768 F.3d at 1058 n.10.

**Exhibits 17-22**: Exhibits 17-22 are excerpts of transcripts of earnings calls that took place between July 2019 and February 2024, which the AC quotes and alleges contain false or misleading statements. (RJN at 2.) Plaintiff objects to Exhibits 17-22 as presenting a "factual dispute" as to what Equinix "warned" investors about. (RJN Opp. at 5-6.) But Plaintiff does not contend that the transcripts are inaccurate or otherwise do not reflect what Equinix communicated. (*See id.* at 5 ("Plaintiff does not object to . . . what was recorded.").) Moreover, the Motion refers to these Exhibits to point out that in each earnings call, the Company directed

4

investors to the disclosures in Equinix's securities filings (Mot. at 6 n.10), which Plaintiff does not contest.

Exhibits 23 and 26: Exhibits 23 and 26 are copies of March 2024 research analyst reports issued by Wells Fargo and TD Cowen, which the AC quotes and alleges were partial corrective disclosures. (RJN at 3.) Plaintiff objects to Exhibits 23 and 26 on the grounds that the Motion cites the analyst reports to reflect what was "understood by investors" regarding power selling practices and capital expenditure ("CapEx") categorization, which Plaintiff claims "amounts to a factual dispute." (RJN Opp. at 8.) This is a red herring. Plaintiff presented these analyst reports as reflecting partial corrective disclosures, and the Motion refers to language in those reports that reflect the analysts' views on information available in the market of matters that Plaintiff alleges Defendants previously concealed. (Mot. at 9-10 n.14, 20.) The Motion does not ask the Court to determine an investor's subjective understanding of disputed language, as Plaintiff suggests. (RJN Opp. at 8.) Indeed, Plaintiff does not dispute that the analysts made the quoted statements about both topics. The only dispute is whether these reports—quoted in the AC—revealed some previously concealed "truth," or merely reflected publicly available information, a matter that is appropriate for the Court to resolve on a motion to dismiss when assessing whether Plaintiff has pleaded loss causation. *Espy v. J2 Glob., Inc.*, 99 F.4th 527, 540, 542 (9th Cir. 2024) (assessing whether short seller report qualified as a corrective disclosure, including based on whether report was based on public information). The Court can thus review the documents to determine what information was, in fact, publicly available.

The challenged Exhibits speak for themselves, and the mere fact that Defendants have relied on portions that do *not* support Plaintiff's case is not a basis to ignore them. *See, e.g.*, *Alamilla v. Hain Celestial Grp., Inc.*, 30 F. Supp. 3d 943, 944 (N.D. Cal. 2014) (Chhabria, J.) (dismissing case where conclusion of article "the complaint quotes and incorporates by reference" contradicted plaintiffs' claim). To the contrary, the Court must consider these Exhibits because they provide the full context for determining whether the AC has alleged any false or misleading statement. *See Tellabs*, 551 U.S. at 322; *Khoja*, 899 F.3d at 998; *Intel*, 2019 WL

5

1427660, at *6, *10. Plaintiff's desire for the Court to accept as true the portions of the Exhibits included in the AC, but to effectively ignore the portions that are harmful to their claims (*see* RJN Opp. at 8), is an improper attempt to cherry-pick. *See Khoja*, 899 F.3d at 1002 (explaining that the doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims").[2]

Plaintiff also argues that the fact Defendants attached excerpts of Equinix's SEC filings (Exhibits 1, 3, 4, 7-10, and 25) rather than the full documents "emphasizes Defendants' attempt to improperly resolve factual disputes at the motion to dismiss stage." (RJN Opp. at 4.) But courts considering securities cases regularly incorporate by reference, and take notice of facts reflected in, excerpts of lengthy publicly available SEC filings. *See, e.g.*, *Sneed v. AcelRx Pharms., Inc.*, 2023 WL 4412164, at *3-4 (N.D. Cal. July 7, 2023) (incorporating by reference and judicially noticing facts in excerpts of SEC filings); *Moradpour v. Velodyne Lidar, Inc.*, 2022 WL 20611446, at *2 (N.D. Cal. July 1, 2022) (same); *Shurkin v. Golden State Vintners, Inc.*, 2005 WL 1926620, at *5 (N.D. Cal. Aug. 10, 2005) (rejecting argument that "as excerpts, [excerpts of SEC filings] do not provide a complete or accurate record of the information they purport to present"). Plaintiff does not allege that the excerpts at issue here are misleading in any way (or that the Declaration did not clearly identify them as excerpts). Plaintiff's authority did not involve clearly identified excerpts of SEC filings, and is thus inapposite. *See United States v. Boeing Co.*, 670 F. Supp. 3d 1185, 1194 n.8 (W.D. Wash. 2023) (declining to take judicial notice of an incomplete copy of a technical memorandum where defendant did not respond to Government's opposition to "the court's consideration of materials beyond the complaint"); *Ctr. for Cmty. Action & Env't Just. v. Friends of Riverside Airport, LLC*, 2017 WL 10511577, at *4-6 (C.D. Cal. Sept. 28, 2017) (declining to take judicial notice of an "incomplete" policy document, but taking judicial notice of multiple exhibits containing excerpts of "public record documents");

---

[2] Though it is unnecessary because Exhibits 1-5, 7-10, and 17-26 are all incorporated by reference, the Court can also take judicial notice of information in Exhibits 1, 3, 4, and 17-26, as explained *infra*. (*See also* RJN at 3-6.)

6

*Butcher v. Advanced Min. Techs., Inc.*, 2011 WL 810256, at *4 (D. Nev. Mar. 2, 2011) (declining to consider "incomplete" letter with "disputed . . . authenticity" that was "not appended to the Counterclaim, incorporated by reference therein, or subject to judicial notice").

### B.    The Court May Take Judicial Notice of Facts Disclosed in Exhibits 1, 3, 4 and 6-26

As explained in the RJN, Defendants ask the Court to take judicial notice of facts contained in Exhibits 1, 3, 4 and 6-26 only "for the purpose of determining what information was available to the market." (RJN at 3-6 (quoting *Chicago & Vicinity Laborers' Dist. Council Pension Fund v. Amplitude, Inc.*, 2024 WL 4375775, at *1 (N.D. Cal. Oct. 2, 2024) (Chhabria, J.)).)

Plaintiff concedes that the SEC filings (Exs. 1, 3, 4, 7-10, 25), earnings call and Analyst/Investor Day transcripts (Exs. 6, 17-22), analyst reports (Exs. 23, 26), and court filing (Ex. 24) submitted with the Declaration are the types of documents from which courts may take judicial notice of information. (*See* RJN Opp. at 4, 6, 9.)

Plaintiff objects to judicial notice of facts contained in Equinix's publicly available investor presentations (Exs. 11-16) on the ground that they were created and maintained by Defendants. (RJN Opp. at 7.) However, Plaintiff does not, and cannot, challenge the accuracy of these documents or reasonably question their source.[3] Plaintiff makes a blanket argument that because "Defendants apparently created and maintained these materials," the Court may not take judicial notice of facts therein. (RJN Opp. at 7.) But courts in this district have taken judicial notice of facts on a defendant's website *for the purpose of identifying what information had been made available to the public and when*. *See, e.g.*, *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 145-46 (N.D. Cal. 2020) (taking judicial notice of "screenshots and printouts of websites of the parties" for "the fact that the documents contain the referenced content"); *see also City of Pontiac Police & Fire Ret. Sys. v. Caldwell*, 2021 WL 2711750, at *3 (N.D. Cal. July 1, 2021) (granting request to judicially notice copies of webpages from

---

[3] It is uncontested that Exhibits 11-16 are all quarterly investor presentations that are available on Equinix's website. (*See* Declaration ¶¶ 12-17; RJN at 5.)

company's website for the "purpose of determining what representations [the Board] made to the market" (alteration in original)).

The sole support offered by Plaintiff for its position, *Gerritsen v. Warner Brothers Entertainment, Inc.*, 112 F. Supp. 3d 1011 (C.D. Cal. 2015), was not a securities case, and in any event acknowledges that courts can take judicial notice of the information on a defendant's website for the fact that information was publicly available. *See id.* at 1031 n.90. The court denied the request for judicial notice in that case because the proponent sought it "for the *truth* of the information published" on the website. *See id*. Here, Defendants do not ask the Court to take judicial notice of the truth of the information in Exhibits 11-16. Instead, the RJN requests that the Court take judicial notice of what information in Exhibits 11-16 was available to the market. (RJN at 5 (citing *Kipling v. Flex Ltd.*, 2020 WL 2793463, at *7 (N.D. Cal. May 29, 2020) (taking judicial notice of "transcripts from earnings calls, investor and analyst conferences, and related presentations" for "the purpose of demonstrating what [defendant] and/or its employees said to the market")).)

Plaintiff mischaracterizes Exhibit 11 as an attempt to "improperly defeat the well-pled allegations in the Complaint" by engaging in "factual disputes" (RJN Opp. at 7-8)—but identifies no such dispute, much less one involving a well-pled fact. The AC claims that Equinix classified items as non-recurring CapEx in a manner that was inconsistent with how it described non-recurring CapEx to investors, specifically relying on an investor presentation from July 2014, years before the beginning of the proposed class period. (*See* AC ¶¶ 14, 52-54, 157-159, 183.) Exhibit 11 is a February 2016 investor presentation that also described non-recurring CapEx to investors. While the parties appear to disagree about which presentation contains more detail regarding nonrecurring CapEx, Plaintiff apparently admits that they both describe Equinix's accounting policy. (RJN Opp. at 7 ("Exhibit 11 did not otherwise change or alter the accounting policies previously set forth").) Therefore, there is no dispute regarding whether the information in Exhibit 11 accurately reflected Equinix's accounting policies, much less a dispute concerning whether Equinix conveyed the information in Exhibit 11 to investors. What the

parties actually dispute is whether Equinix misled investors regarding its approach to calculating nonrecurring CapEx. But that is not a *factual* dispute, it is a legal one that the Court of course can resolve on a motion to dismiss.

With respect to all of the remaining Exhibits, Plaintiff broadly claims—similar to its incorporation by reference arguments—that Defendants cannot request judicial notice of facts in any of the Exhibits that are "subject to varying interpretations" where there is "reasonable dispute as to what the [document] establishe[d]." (*See, e.g.*, RJN Opp. at 5 (alteration in original).) Again, Plaintiff does not dispute that these exhibits establish what information was communicated to the market. Instead, Plaintiff claims factual disputes exist as to: (1) what "'[Equinix] warned' investors" about in SEC filings (*id.* at 4-5 (alteration in original)); (2) "what the [call] transcripts establish" (*id.* at 6); (3) "conclusions drawn from the [analyst] reports" (*id.* at 9); and (4) "the [alleged] facts contained within the [bankruptcy] pleading" (*id.*). But Defendants are not asking the Court to take notice of their *interpretation* of these documents. Rather Defendants ask the Court to take notice that the information in the documents was communicated to the market, in order to allow the Court to evaluate Plaintiff's securities fraud claims in context.

Because certain documents contradict Plaintiff's narrative, Plaintiff also argues that Defendants' Request constitutes an improper truth-on-the-market defense. (RJN Opp. at 1; *see id.* at 8.) As Judge Seeborg concluded in the single case Plaintiff cites on this proposition, "whether [defendants] may offer a 'truth-on-the-market' defense in a motion to dismiss . . . goes to the substance of the motion, . . . not the admissibility of evidence." *Bos. Ret. Sys. v. Uber Techs., Inc.*, 2020 WL 4569846, at *3 (N.D. Cal. Aug. 7, 2020). In that case, the court took judicial notice of documents "for the purpose of showing that particular information was available to the stock market," just as Defendants ask the Court to do here. *Id.*

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Request for Consideration of Documents and Judicial Notice with regard to the Exhibits annexed to the Declaration.

9

Dated:  November 19, 2024

DAVIS POLK & WARDWELL LLP

*/s/ Neal Potischman*

Neal Potischman (SBN 254862)
Jonathan K. Chang (SBN 355907)
Vincent Barredo (SBN 275518)
Michael G. Mills (SBN 350938)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone:  (650) 752-2000
Facsimile:   (650) 752-2111
Email:  neal.potischman@davispolk.com
          jonathan.chang@davispolk.com
          vincent.barredo@davispolk.com
          michael.mills@davispolk.com

Rory A. Leraris (*pro hac vice*)
Jaclyn M. Willner (*pro hac vice*)
Emily Park (*pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone:  (212) 450-4000
Facsimile:   (212) 701-5800
Email:  rory.leraris@davispolk.com
          jaclyn.willner@davispolk.com
          emily.park@davispolk.com

*Attorneys for Defendants Equinix, Inc.,
Charles Meyers, and Keith D. Taylor*

10