Neal Potischman (SBN 254862)
Jonathan K. Chang (SBN 355907)
Vincent Barredo (SBN 275518)
Michael G. Mills (SBN 350938)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: neal.potischman@davispolk.com
        jonathan.chang@davispolk.com
        vincent.barredo@davispolk.com
        michael.mills@davispolk.com

Rory A. Leraris (*pro hac vice*)
Jaclyn M. Willner (*pro hac vice*)
Emily Park (*pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: rory.leraris@davispolk.com
        jaclyn.willner@davispolk.com
        emily.park@davispolk.com

*Attorneys for Defendants Equinix, Inc.,*
*Charles Meyers, and Keith D. Taylor*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNIFORMED SANITATIONMEN'S ASSOCIATION COMPENSATION ACCRUAL FUND, <br><br> Plaintiff, <br><br> v. <br><br> EQUINIX, INC., CHARLES MEYERS, and KEITH D. TAYLOR, <br><br> Defendants. | Case No. 3:24-cv-02656-VC <br><br> **DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT** <br><br> Honorable Vince Chhabria |

Defendants Equinix, Inc. ("Equinix" or the "Company"), Charles Meyers, and Keith D. Taylor ("Individual Defendants" and, collectively with Equinix, "Defendants"), by their undersigned attorneys, hereby submit their answer and affirmative defenses ("Answer") to the Amended Complaint for Violation of the Federal Securities Laws [Dkt. No. 43] (the "Amended Complaint") filed by Lead Plaintiff Uniformed Sanitationmen's Association Compensation Accrual Fund ("Plaintiff") in the above-captioned action (the "Action").

Except as to those allegations that Defendants expressly admit below or those as to which Defendants lack knowledge or information sufficient to form a belief as to their truth, Defendants deny each and every allegation contained in the Amended Complaint, including, without limitation, any schedules, appendices, footnotes, headings, and subheadings, tables, and figures contained therein. Defendants deny liability to Plaintiff, that Plaintiff has suffered any legally cognizable damages for which Defendants are responsible, or that Plaintiff is entitled to any relief whatsoever. Pursuant to Rule 8(b)(6) of the Federal Rules of Civil Procedure, allegations contained in the Amended Complaint to which no responsive pleading is required shall be deemed denied. This Answer is based on Defendants' investigation to date, and Defendants expressly reserve the right to amend and/or supplement this Answer during the course of this action.

### <u>RESPONSES TO ALLEGATIONS OF THE AMENDED COMPLAINT</u>

1. Defendants deny the allegations of Paragraph 1, except admit that Plaintiff brings this action against Defendants; and deny knowledge or information sufficient to form a belief as to the truth of Plaintiff's alleged "personal knowledge," "information and belief," and "investigation."

2. Defendants deny the allegations of Paragraph 2, except admit that Plaintiff purports to bring this Action as a putative class action against Defendants for alleged violations of sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5.

3. Defendants deny the allegations of Paragraph 3, except admit that Equinix was founded in 1998, is based in Redwood City, California, and that Equinix operated 260 data centers in 71 markets as of its February 16, 2024, Form 10-K for FY23; and state that to the

1

extent the allegations of Paragraph 3 purport to describe Equinix's Form 10-K for FY23, Defendants refer to that document for its full and complete contents, and deny any characterizations thereof.

4.     Defendants deny the allegations of Paragraph 4, except admit that, as reported in Equinix's Form 10-K for FY23, (1) $5,766,061,000 out of Equinix's $8,188,136,000 in total global revenue for FY23 was attributable to colocation, (2) $1,394,310,000 out of Equinix's $8,188,136,000 in total global revenue for FY23 was attributable to interconnection, (3) Equinix had over 10,000 customers as of December 31, 2023, and (4) Equinix's customers include hyperscale customers; and state that to the extent the allegations of Paragraph 4 purport to describe Equinix's Form 10-K for FY23, Defendants refer to that document for its full and complete contents, and deny any characterizations thereof.

5.     Paragraph 5 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 6, except admit that Equinix's clients typically lease "cabinet" or rack space and install their own hardware; and state that to the extent the allegations in Paragraph 5 purport to describe the March 7, 2023 presentation at the Morgan Stanley Technology, Media & Telecom Conference, Defendants refer to it for its full and complete contents, and deny any characterizations thereof.

6.     Defendants deny the allegations of Paragraph 6, except admit that Equinix converted into a REIT in 2015 and reports certain non-GAAP financial measures, including AFFO, and that GAAP refers to "Generally Accepted Accounting Principles"; and state that to the extent the allegations of Paragraph 6 purport to describe Equinix's quarterly and annual SEC filings, Defendants refer to those documents for their full and complete contents, and deny any characterization thereof. Defendants further state that to the extent footnote 1 purports to describe IRS guidelines, Defendants refer to those guidelines for their full and complete contents, and deny any characterizations thereof.

7.     Defendants deny the allegations of Paragraph 7, except admit that recurring CapEx is one of a number of items relevant to the presentation of AFFO; and state that to the

2

extent the allegations of Paragraph 7 purport to refer to Equinix's Forms 10-Q and 10-K for FY19 through FY23, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof. Defendants further deny the allegations of footnote 3, except admit that Plaintiff purports to use recurring CapEx and maintenance CapEx interchangeably and non-recurring CapEx and growth CapEx interchangeably in the Amended Complaint.

8. Defendants deny the allegations of Paragraph 8, except admit that AFFO was one performance metric considered under Equinix's 2015 annual incentive plan for executive compensation, and that AFFO per share of common stock replaced AFFO as a performance metric for executive compensation in 2019; and state that to the extent the allegations of Paragraph 8 purport to describe Equinix's DEF 14A Proxy statements, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

9. Defendants deny the allegations of Paragraph 9.

10. Paragraph 10 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 10.

11. Paragraph 11 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 11, except state that to the extent the allegations in Paragraph 11 purport to describe Equinix's 3Q23 earnings conference call on October 25, 2023, Defendants refer to the transcript of that call for its full and complete contents, and deny any characterizations thereof.

12. Defendants deny the allegations of Paragraph 12, except state that to the extent the allegations in Paragraph 12 purport to describe Defendants' public statements, Defendants refer to the public statements described for their full and complete contents, and deny any characterizations thereof.

13. Defendants deny the allegations of Paragraph 13, except admit that, as described in Equinix's annual earnings results attached to its Forms 8-K filed with the SEC on February

13, 2019, February 12, 2020, February 10, 2021, February 16, 2022, February 15, 2023, and February 14, 2024, Equinix met or exceeded its annual AFFO guidance for fiscal years 2019, 2020, 2021, 2022, and 2023; and state that to the extent the allegations of Paragraph 13 purport to describe Equinix's annual earnings results attached to its Forms 8-K, Defendants refer to those documents, and deny any characterizations thereof.

14.    Paragraph 14 and subparagraphs c, d, e, and f relate to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 14.

15.    Defendants deny the allegations of Paragraph 15, except admit that Equinix stock closed at a price of $476.99 per share on May 3, 2019, a price of $845.84 per share on December 31, 2021, and a price of $913.66 per share on March 4, 2024, and that Equinix offered more than 6.8 million shares of stock to the public during the proposed "Class Period" of May 3, 2019 through March 24, 2024.

16.    Defendants deny the allegations of Paragraph 16, except state that to the extent the allegations of Paragraph 16 purport to describe Equinix's DEF 14A Proxy statements for FY19 through FY23, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

17.    Defendants deny the allegations of Paragraph 17, except admit that, as described in Equinix's DEF 14A Proxy statements for FY19 through FY23, Meyers received bonus stock compensation worth over $106 million during the alleged Class Period, and that Taylor received bonus stock compensation worth more than $42 million during the alleged Class Period; and state that to the extent the allegations of Paragraph 17 purport to describe Equinix's DEF14A Proxy statements for FY19 through FY23, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

18.    The allegations of Paragraph 18 purport to state a conclusion of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 18, except admit that Barclays issued an analyst report on September 23, 2022 titled "Mounting Risks: Downgrading EQIX to Equal Weight and DLR to Underweight"; and state

that to the extent the allegations of Paragraph 18 purport to describe that September 23, 2022 Barclays report, a June 21, 2023 analyst day presentation, and a March 12, 2024 press release, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

19.    Defendants deny the allegations of Paragraph 19, except admit that Hindenburg Research released a report on March 20, 2024 titled "Equinix Exposed: Major Accounting Manipulation, Core Business Decay And Selling An AI Pipe Dream As Insiders Cashed Out Hundreds of Millions" (the "Hindenburg Report"), that Equinix stock closed at a price of $844.58 per share on March 19, 2024 and closed at a price of $824.88 per share on March 20, 2024, and that 2.3 million shares of Equinix's stock traded on March 20, 2024; and state that to the extent the allegations of Paragraph 19 purport to describe the Hindenburg Report, Defendants refer to that document for its full and complete contents, and deny any characterizations thereof.

20.    Paragraph 20 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 20, except admit that TD Cowen released a report on March 21, 2024 titled "Addressing the Short Report," and Equinix stock closed at a price of $811.64 per share on March 21, 2024, and closed at a price of $800.97 per share on March 22, 2024; and state that to the extent the allegations of Paragraph 20 purport to describe that March 21, 2024 TD Cowen report, Defendants refer to that document for its full and complete contents, and deny any characterizations thereof.

21.    Defendants deny the allegations of Paragraph 21, except admit that on March 25, 2024, Equinix stock closed at a price of $792.52 per share, and that Equinix issued a press release on March 25, 2024, reflected in the Form 8-K Equinix filed with the SEC on that day; and state that to the extent the allegations of Paragraph 21 purport to describe Equinix's March 25, 2024 Form 8-K and attached press release, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

22.    Defendants deny the allegations of Paragraph 22, except admit that on May 8, 2024, Equinix announced that it received a subpoena from the SEC, as stated in a press release

attached to Equinix's Form 8-K filed with the SEC that day; and state that to the extent the allegations of Paragraph 22 purport to describe Equinix's May 8, 2024 Form 8-K and attached press release, or a May 9, 2024 Barclays report titled "Three takeaways from 1Q24 earnings call," Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

23.     Defendants deny the allegations of Paragraph 23.

24.     Defendants deny the allegations of Paragraph 24, and deny that putative class members are entitled to any judgment, damages, recovery, or relief whatsoever.

25.     Defendants admit that Plaintiff asserts violations of sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5.

26.     The allegations of Paragraph 26 purport to state a conclusion of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 26, except state that Defendants are not disputing subject matter jurisdiction.

27.     The allegations of Paragraph 27 purport to state a conclusion of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 27, except state that Defendants are not disputing venue.

28.     The allegations of Paragraph 28 purport to state a conclusion of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 28.

29.     Defendants deny the allegations of Paragraph 29, except deny knowledge or information sufficient to form a belief as to the truth of Plaintiff's alleged purchases.

30.     Defendants deny the allegations of Paragraph 30, except admit that Equinix is incorporated in Delaware, operates as a REIT, has its headquarters within this District in Redwood City, California, trades on the NASDAQ under the ticker symbol "EQIX," and makes information available to investors at www.equinix.com on its "Investor Relations" page; and state that to the extent the allegations of Paragraph 30 purport to refer to Equinix's SEC filings, public statements, and website, Defendants refer to those documents, statements, and website for their full and complete contents, and deny any characterizations thereof.

31. Defendants deny the allegations of Paragraph 31, except admit that, as described in its Form 8-K and attached press release filed on March 12, 2024, Charles Meyers was Equinix's President and CEO from 2018 until June 3, 2024, and that Meyers currently serves as Equinix's Executive Chairman, that Meyers signed certain reports filed with the SEC and attended certain conference calls, investor calls, and media interviews in his capacity as CEO, and that Meyers sold shares of Equinix common stock during the Class Period; and state that to the extent the allegations of Paragraph 31 purport to describe Equinix's March 12, 2024 Form 8-K and attached press release, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

32. Defendants deny the allegations of Paragraph 32, except admit that Keith D. Taylor has been Equinix's CFO since September 2005, signed certain reports filed with the SEC, attended certain conference calls and investor conferences in his capacity as CFO, and sold shares of Equinix common stock during the Class Period; and state that to the extent the allegations of Paragraph 32 purport to describe Equinix's earnings conference calls, Defendants refer to the transcripts of those calls for their full and complete contents, and deny any characterizations thereof.

33. The allegations of Paragraph 33 are a description of Plaintiff's pleading as to which no response is required. To the extent a response is required, Defendants admit that Plaintiff purports to refer to Defendants Meyers and Taylor collectively as the "Individual Defendants," and Equinix and the Individual Defendants collectively as "Defendants."

34. The allegations of Paragraph 34 purport to state a conclusion of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 34, except admit that Individual Defendants received or had access to the documents referred to in the second sentence.

35. The allegations of Paragraph 35 purport to state a conclusion of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 35, except admit that the Individual Defendants participated in certain of the Company's quarterly and/or annual earnings conference calls.

36.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36.

37.    Paragraph 37 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37.

38.    Paragraph 38 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38.

39.    Paragraph 39 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39.

40.    The allegations of Paragraph 40 purport to state a conclusion of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 40, except admit that Equinix's common stock is traded on the NASDAQ.

41.    The allegations of Paragraph 41 purport to state a conclusion of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 41.

42.    The allegations of Paragraph 42 purport to state a conclusion of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 42.

43.    Defendants deny the allegations of Paragraph 43, except admit that Equinix operated 260 data centers in 71 markets as of its February 16, 2024 Form 10-K for FY23; and state that to the extent the allegations of Paragraph 43 purport to describe Equinix's Form 10-K for FY23, Defendants refer to that document for its full and complete contents, and deny any characterizations thereof.

DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT - CASE NO. 3:24-cv-02656-VC

44.    Paragraph 44 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 44; except state that to the extent the allegations of Paragraph 44 purport to describe Equinix's public filings, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

45.    Defendants deny the allegations of Paragraph 45, except admit that Equinix's dividend yield is around 1.81%, and that, as reported in Equinix's Form 10-K for FY23, (1) $5,766,061,000 out of Equinix's $8,188,136,000 in total global revenue for FY23 was attributable to colocation, (2) $1,394,310,000 out of Equinix's $8,188,136,000 in total global revenue for FY23 was attributable to interconnection, (3) Equinix had over 10,000 customers as of December 31, 2023, and (4) Equinix's customers include hyperscale customers; and state that to the extent the allegations of Paragraph 45 purport to describe Equinix's public filings, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

46.    Paragraph 46 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 46; except state that to the extent the allegations of Paragraph 46 purport to describe Equinix's public filings, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

47.    Paragraph 47 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 47, except state that to the extent the allegations of Paragraph 47 purport to describe the March 7, 2023 presentation at the Morgan Stanley Technology, Media & Telecom Conference, Defendants refer to it for its full and complete contents, and deny any characterizations thereof.

48.    Defendants deny the allegations of Paragraph 48, except admit that Equinix elected to be treated as a REIT for U.S. federal income tax purposes beginning with its 2015 taxable year, that it reports certain non-GAAP financial measures, including AFFO and FFO, and

9

admit that, as described in its February 16, 2024 Form 10-K, FFO represents net income (loss), excluding gain (loss) from the disposition of real estate assets, depreciation and amortization on real estate assets and adjustments for unconsolidated joint ventures' and non-controlling interests' share of these items; and state that to the extent the allegations of Paragraph 48 purport to describe Equinix's Forms 10-Q and 10-K from FY15 through FY23, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

49. Defendants deny the allegations of Paragraph 49, except admit that, as described in its February 16, 2024 Form 10-K, Equinix's reported AFFO represents FFO excluding depreciation and amortization expense on non-real estate assets, accretion, stock-based compensation, stock-based charitable contributions, restructuring charges, impairment charges, transaction costs, an installation revenue adjustment, a straight-line rent expense adjustment, a contract cost adjustment, amortization of deferred financing costs and debt discounts and premiums, gain (loss) on debt extinguishment, an income tax expense adjustment, recurring capital expenditures, net income (loss) from discontinued operations, net of tax, and adjustments from FFO to AFFO for unconsolidated joint ventures' and noncontrolling interests' share of these items; and state that to the extent the allegations of Paragraph 49 purport to describe Equinix's Forms 10-Q and 10-K from FY15 through FY23, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

50. Defendants deny the allegations of Paragraph 50, except admit that, as reported in Equinix's quarterly and annual SEC filings, calculating AFFO from FFO involves, among other adjustments, exclusion of recurring CapEx; and state that to the extent the allegations of Paragraph 48 purport to describe Equinix's Forms 10-Q and 10-K from FY15 through FY23, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

51. Defendants deny the allegations of Paragraph 51.

52. Defendants deny the allegations of Paragraph 52, except state that to the extent the allegations of Paragraph 52 purport to describe Equinix's Q2 2014 Earnings Conference Call

DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT - CASE NO. 3:24-cv-02656-VC

presentation, dated July 30, 2014, Defendants refer to it for its full and complete contents, and deny any characterizations thereof.

53.    Defendants deny the allegations of Paragraph 53, except state that to the extent the allegations of Paragraph 53 purport to describe Equinix's Q2 2014 Earnings Conference Call presentation, dated July 30, 2014, Defendants refer to it for its full and complete contents, and deny any characterizations thereof.

54.    Defendants deny the allegations of Paragraph 54, except state that to the extent the allegations of Paragraph 54 purport to describe Equinix's 2Q 2014 Earnings Conference Call presentation, dated July 30, 2014, Defendants refer to it for its full and complete contents, and deny any characterizations thereof.

55.    Defendants deny the allegations of Paragraph 55, except admit that, as stated in Equinix's Form 10-K for FY15, Equinix reported: (1) recurring CapEx of $105,366 in thousands for 2014, (2) revenues of $2,443,776 in thousands for 2014, (3) recurring CapEx of $120,281 in thousands for 2015, and (4) revenues of $2,725,867 in thousands for 2015; and state that to the extent the allegations of Paragraph 55 purport to describe Equinix's annual reports and Forms 10-K for FY12 through FY23, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

56.    Defendants deny the allegations of Paragraph 56, except admit that, as stated in Equinix's Form 10-K for FY23, Equinix reported: (1) recurring CapEx of $218,287 in thousands for 2023, and (2) revenues of $8,188,136 in thousands for 2023; and state that to the extent the allegations of Paragraph 56 purport to describe Equinix's annual reports and Forms 10-K for FY12 through FY23, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

57.    Defendants deny the allegations of Paragraph 57, except state that to the extent the allegations of Paragraph 57 purport to describe Equinix's Forms 10-K for FY15 through FY23, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT - CASE NO. 3:24-cv-02656-VC

58.    Defendants deny the allegations of Paragraph 58, except state that to the extent the allegations of Paragraph 58 purport to describe Equinix's annual earnings reports and guidance, including Equinix's 4Q18 and FY18 results attached to its Form 8-K filed on February 13, 2019, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

59.    Defendants deny the allegations of Paragraph 59, except admit that Equinix's Compensation Committee adopted the 2019 annual incentive plan for FY19 in February 2019, which applied to the Individual Defendants; and state that to the extent the allegations of Paragraph 59 purport to describe Equinix's 2019 annual incentive plan and DEF 14A Proxy statement for FY19, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

60.    Defendants deny the allegations of Paragraph 60, except state that to the extent the allegations of Paragraph 60 purport to describe Equinix's 2019 incentive plan and DEF 14A Proxy statement for FY19, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

61.    Defendants deny the allegations of Paragraph 61, except state that to the extent the allegations of Paragraph 61 purport to describe Equinix's DEF 14A Proxy statement for FY19, Defendants refer to that document for its full and complete contents, and deny any characterizations thereof.

62.    Defendants deny the allegations of Paragraph 62, except state that to the extent the allegations of Paragraph 62 purport to describe Equinix's DEF 14A Proxy statement for FY19, Defendants refer to that document for its full and complete contents, and deny any characterizations thereof.

63.    Paragraph 63 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 63.

64.    Defendants deny the allegations of Paragraph 64.

65.    Defendants deny the allegations of Paragraph 65, except state that to the extent the allegations of Paragraph 65 purport to describe Equinix's quarterly and annual SEC filings, including its Form 10-Q for 1Q19, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

66.    Defendants deny the allegations of Paragraph 66, except state that to the extent the allegations of Paragraph 66 purport to describe Equinix's quarterly and annual SEC filings, including its Form 10-Q for 1Q19, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

67.    Defendants deny the allegations of Paragraph 67, except state that to the extent the allegations of Paragraph 67 purport to describe Equinix's quarterly and annual SEC filings, including its Form 10-Q for 1Q19, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

68.    Paragraph 68 and subparagraph c relate to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. Further, to the extent the allegations of Paragraph 68 purport to state a conclusion of law, no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 68.

69.    Defendants admit that Equinix filed Forms 8-K attaching its quarterly and annual results for 1Q19, 2Q19, 3Q19 and 4Q19/FY19 on May 1, 2019, July 31, 2019, October 30, 2019, and February 12, 2020, respectively, except state that to the extent the allegations of Paragraph 69 purport to describe Equinix's quarterly and annual SEC filings, including its quarterly and annual earnings results attached to its Forms 8-K, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

70.    Paragraph 70 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants admit that Equinix's cabinet utilization rates, as reported in its quarterly and annual SEC filings, were approximately 80% as of March 31, 2019, 81% as of June 30, 2019, 81% as of September 30, 2019, and 79% as of December 31, 2019, except state that to the extent the allegations of Paragraph 71 purport to describe Equinix's Forms 10-Q and 10-K, Defendants

13

refer to those documents for their full and complete contents, and deny any characterizations thereof.

71.    Defendants deny the allegations of Paragraph 71, except state that to the extent the allegations of Paragraph 71 purport to describe Equinix's Forms 10-Q and 10-K, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

72.    Defendants deny the allegations of Paragraph 72, except state that to the extent the allegations of Paragraph 72 purport to describe Equinix's earnings conference call on July 31, 2019, Defendants refer to the transcript of that call for its full and complete contents, and deny any characterizations thereof.

73.    Defendants deny the allegations of Paragraph 73, except state that to the extent the allegations of Paragraph 73 purport to describe Equinix's earnings conference call on October 30, 2019, Defendants refer to the transcript of that call for its full and complete contents, and deny any characterizations thereof.

74.    Defendants deny the allegations of Paragraph 74, except state that to the extent the allegations of Paragraph 74 purport to describe Equinix's earnings conference call on October 30, 2019, Defendants refer to the transcript of that call for its full and complete contents, and deny any characterizations thereof.

75.    Defendants deny the allegations of Paragraph 75, except admit that Equinix personnel presented at the Citi Global TMT West Conference on January 7, 2020; and state that to the extent the allegations of Paragraph 75 purport to describe the presentation, Defendants refer to it for its full and complete contents, and deny any characterizations thereof.

76.    Defendants deny the allegations of Paragraph 76, except state that to the extent the allegations of Paragraph 76 purport to describe Equinix's earnings conference call on February 12, 2020, Defendants refer to the transcript of that call for its full and complete contents, and deny any characterizations thereof.

77.    Paragraph 77 and subparagraphs c, d, e, and f relate to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. Further, to the

14

extent the allegations of Paragraph 77 purport to state a conclusion of law, no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 77.

78.     Defendants admit that Equinix filed Forms 8-K attaching its quarterly and annual results for 1Q20, 2Q20, 3Q20 and 4Q20/FY20 on May 6, 2020, July 29, 2020, October 28, 2020, and February 10, 2021, respectively, except state that to the extent the allegations of Paragraph 78 purport to describe Equinix's quarterly and annual SEC filings, including its quarterly and annual earnings results attached to its Forms 8-K, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

79.     Paragraph 79 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants admit that Equinix's cabinet utilization rates, as reported in its quarterly and annual SEC filings, were approximately 79% as of March 31, 2020, 79% as of June 30, 2020, 79% as of September 30, 2020, and 79% as of December 31, 2020, except state that to the extent the allegations of Paragraph 79 purport to describe Equinix's Forms 10-Q and 10-K, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

80.     Defendants deny the allegations of Paragraph 80, except state that to the extent the allegations of Paragraph 80 purport to describe Equinix's Forms 10-Q and 10-K, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

81.     Paragraph 81 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 81, except state that to the extent the allegations of Paragraph 81 purport to describe Equinix's earnings conference call on February 12, 2020, Defendants refer to the transcript of that call for its full and complete contents, and deny any characterizations thereof.

82.     Defendants deny the allegations of Paragraph 82, except admit that Equinix personnel presented at the Morgan Stanley Technology, Media & Telecom Conference on March

2, 2020; and state that to the extent the allegations of Paragraph 82 purport to describe the presentation, Defendants refer to it for its full and complete contents, and deny any characterizations thereof.

83.     Defendants deny the allegations of Paragraph 83, except admit that Equinix held a 1Q20 investor conference call on May 6, 2020; and state that to the extent the allegations of Paragraph 83 purport to describe Equinix's investor conference call on May 6, 2020, Defendants refer to the transcript of that call for its full and complete contents, and deny any characterizations thereof.

84.     Defendants deny the allegations of Paragraph 84, except state that to the extent the allegations of Paragraph 84 purport to describe Equinix's investor conference call on May 6, 2020, Defendants refer to the transcript of that call for its full and complete contents, and deny any characterizations thereof.

85.     Defendants deny the allegations of Paragraph 85, except state that to the extent the allegations of Paragraph 85 purport to describe Equinix's investor conference call on May 6, 2020, Defendants refer to the transcript of that call for its full and complete contents, and deny any characterizations thereof.

86.     Defendants deny the allegations of Paragraph 86, except admit that Equinix personnel presented at the RBC Capital Markets Data Center & Connectivity Conference on May 27, 2020; and state that to the extent the allegations of Paragraph 86 purport to describe the presentation, Defendants refer to it for its full and complete contents, and deny any characterizations thereof.

87.     Paragraph 87 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 87, except state that to the extent the allegations of Paragraph 87 purport to describe Equinix's earnings conference call on February 10, 2021, Defendants refer to the transcript of that call for its full and complete contents, and deny any characterizations thereof.

88.    Defendants deny the allegations of Paragraph 88, except state that to the extent the allegations of Paragraph 88 purport to describe Equinix's earnings conference call on February 10, 2021, Defendants refer to the transcript of that call for its full and complete contents, and deny any characterizations thereof.

89.    Paragraph 89 and subparagraphs c, d, e, and f relate to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. Further, to the extent the allegations of Paragraph 89 purport to state a conclusion of law, no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 89.

90.    Defendants admit that Equinix filed Forms 8-K attaching its quarterly and annual results for 1Q21, 2Q21, 3Q21 and 4Q21/FY21 on April 28, 2021, July 28, 2021, November 3, 2021, and February 16, 2022, respectively, except state that to the extent the allegations of Paragraph 90 purport to describe Equinix's quarterly and annual SEC filings, including its quarterly and annual earnings results attached to its Forms 8-K, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

91.    Paragraph 91 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants admit that Equinix's cabinet utilization rates, as reported in its quarterly and annual SEC filings, were approximately 78% as of March 31, 2021, 79% as of June 30, 2021, 79% as of September 30, 2021, and 79% as of December 31, 2021, except state that to the extent the allegations of Paragraph 91 purport to describe Equinix's Forms 10-Q and 10-K, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

92.    Defendants deny the allegations of Paragraph 92, except state that to the extent the allegations of Paragraph 92 purport to describe Equinix's Forms 10-Q and 10-K, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

93.    Defendants deny the allegations of Paragraph 93, except admit that Equinix personnel presented at the Deutsche Bank Virtual Media Internet and Telecom Conference on

17

March 10, 2021; and state that to the extent the allegations of Paragraph 93 purport to describe the presentation, Defendants refer to it for its full and complete contents, and deny any characterizations thereof.

94.    Defendants deny the allegations of Paragraph 94, except state that to the extent the allegations of Paragraph 94 purport to describe Equinix's earnings conference call on April 28, 2021, Defendants refer to the transcript of that call for its full and complete contents, and deny any characterizations thereof.

95.    Defendants deny the allegations of Paragraph 95, except state that to the extent the allegations of Paragraph 95 purport to describe Equinix's 2Q21 earnings conference call on July 28, 2021, Defendants refer to the transcript of that call for its full and complete contents, and deny any characterizations thereof.

96.    Paragraph 96 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 96, except state that to the extent the allegations of Paragraph 96 purport to describe Equinix's 3Q21 earnings conference call on November 3, 2021, Defendants refer to the transcript of that call for its full and complete contents, and deny any characterizations thereof.

97.    Paragraph 97 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 97, except admit that Equinix personnel presented at the Nasdaq Investor Conference on November 30, 2021; and state that to the extent the allegations of Paragraph 97 purport to describe the presentation, Defendants refer to it for its full and complete contents, and deny any characterizations thereof.

98.    Defendants deny the allegations of Paragraph 98, except admit that Equinix personnel presented at the Citi AppsEconomy Conference on January 5, 2022; and state that to the extent the allegations of Paragraph 98 purport to describe the presentation, Defendants refer to it for its full and complete contents, and deny any characterizations thereof.

99. Paragraph 99 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 99, except state that to the extent the allegations of Paragraph 99 purport to describe the January 5, 2022 presentation at the Citi AppsEconomy Conference, Defendants refer to it for its full and complete contents, and deny any characterizations thereof.

100. Defendants deny the allegations of Paragraph 100, except admit that Equinix held a 4Q21 earnings conference call on February 16, 2022; and state that to the extent the allegations of Paragraph 100 purport to describe Equinix's earnings conference call on February 16, 2022, Defendants refer to the transcript of that call for its full and complete contents, and deny any characterizations thereof.

101. Paragraph 101 and subparagraphs c, d, e, and f relate to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. Further, to the extent the allegations of Paragraph 101 purport to state a conclusion of law, no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 101.

102. Defendants admit that Equinix filed Forms 8-K attaching its quarterly and annual results for 1Q22, 2Q22, 3Q22 and 4Q22/FY22 on April 27, 2022, July 27, 2022, November 2, 2022, and February 15, 2023, except state that to the extent the allegations of Paragraph 102 purport to describe Equinix's quarterly and annual SEC filings, including its quarterly and annual earnings results attached to its Forms 8-K, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

103. Paragraph 103 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants admit that Equinix's cabinet utilization rates, as reported in its quarterly and annual SEC filings, were approximately 80% as of March 31, 2022, 80% as of June 30, 2022, 81% as of September 30, 2022, and 82% as of December 31, 2022, except state that to the extent the allegations of Paragraph 103 purport to describe Equinix's Forms 10-Q and 10-K, Defendants

19

refer to those documents for their full and complete contents, and deny any characterizations thereof.

104.    Defendants deny the allegations of Paragraph 104, except state that to the extent the allegations of Paragraph 104 purport to describe Equinix's Forms 10-Q and 10-K, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

105.    Defendants deny the allegations of Paragraph 105, except admit that Equinix held its 1Q22 earnings conference call on April 27, 2022; and state that to the extent the allegations of Paragraph 105 purport to describe Equinix's earnings conference call on April 27, 2022, Defendants refer to the transcript of that call for its full and complete contents, and deny any characterizations thereof.

106.    Defendants deny the allegations of Paragraph 106, except admit that Equinix personnel presented at the JPMorgan Global Technology, Media & Communications Conference on May 23, 2022; and state that to the extent the allegations of Paragraph 106 purport to describe the presentation, Defendants refer to it for its full and complete contents, and deny any characterizations thereof.

107.    Paragraph 107 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 107, except admit that Equinix held its 2Q22 earnings conference call on July 27, 2022; and state that to the extent the allegations of Paragraph 107 purport to describe Equinix's earnings conference call on July 27, 2022, Defendants refer to the transcript of that call for its full and complete contents, and deny any characterizations thereof.

108.    Defendants deny the allegations of Paragraph 108, except admit that Barclays released a report on September 23, 2022 titled "Mounting Risks: Downgrading EQIX to Equal Weight and DLR to Underweight"; and state that to the extent the allegations of Paragraph 108 purport to describe that September 23, 2022 Barclays report, Defendants refer to that document for its full and complete contents, and deny any characterizations thereof.

DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT - CASE NO. 3:24-cv-02656-VC

109. Defendants deny the allegations of Paragraph 109, except state that to the extent the allegations of Paragraph 109 purport to describe a September 23, 2022 Barclays report titled "Mounting Risks: Downgrading EQIX to Equal Weight and DLR to Underweight," Defendants refer to that document for its full and complete contents, and deny any characterizations thereof.

110. Defendants deny the allegations of Paragraph 110, except state that to the extent the allegations of Paragraph 110 purport to describe a September 23, 2022 Barclays report titled "Mounting Risks: Downgrading EQIX to Equal Weight and DLR to Underweight," Defendants refer to that document for its full and complete contents, and deny any characterizations thereof.

111. Defendants deny the allegations of Paragraph 111, except admit that Equinix stock closed at a price of $609.26 on September 22, 2022, and closed at a price of $593.13 on September 23, 2022.

112. Defendants deny the allegations of Paragraph 112, except admit that Equinix held its 3Q22 earnings conference call on November 2, 2022; and state that to the extent the allegations of Paragraph 112 purport to describe Equinix's earnings conference call on November 2, 2022, Defendants refer to the transcript of that call for its full and complete contents, and deny any characterizations thereof.

113. Defendants deny the allegations of Paragraph 113, except admit that Equinix personnel presented at the Citi Communications, Media & Entertainment Conference on January 4, 2023; and state that to the extent the allegations of Paragraph 113 purport to describe the presentation, Defendants refer to it for its full and complete contents, and deny any characterizations thereof.

114. Paragraph 114 and subparagraphs c, d, e, and f relate to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. Further, to the extent the allegations of Paragraph 114 purport to state a conclusion of law, no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 114.

115. Defendants admit that Equinix filed Forms 8-K attaching its quarterly and annual results for 1Q23, 2Q23, 3Q23 and 4Q23/FY23 on May 3, 2023, August 2, 2023, October 25, 2023, and February 14, 2024, respectively, except state that to the extent the allegations of

Paragraph 115 purport to describe Equinix's quarterly and annual SEC filings, including its quarterly and annual earnings results attached to its Forms 8-K, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

116. Paragraph 116 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants admit that, as reported in its quarterly and annual SEC filings, Equinix's cabinet utilization rates were approximately 82% as of March 31, 2023, 82% as of June 30, 2023, 80% as of September 30, 2023, and 79% as of December 31, 2023, except state that to the extent the allegations of Paragraph 116 purport to describe Equinix's Forms 10-Q and 10-K, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

117. Defendants deny the allegations of Paragraph 117, except state that to the extent the allegations of Paragraph 117 purport to describe Equinix's Forms 10-Q and 10-K, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

118. Defendants deny the allegations of Paragraph 118, except admit that Equinix personnel attended the Citi Miami Global Property CEO Conference on March 6, 2023; and state that to the extent the allegations of Paragraph 118 purport to describe the presentation, Defendants refer to it for its full and complete contents, and deny any characterizations thereof.

119. Paragraph 119 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 119, except state that to the extent the allegations of Paragraph 119 purport to describe the March 7, 2023 presentation at the Morgan Stanley Technology, Media & Telecom Conference, Defendants refer to it for its full and complete contents, and deny any characterizations thereof.

120. Paragraph 120 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 120, except admit that Credit Suisse released a

report on March 15, 2023 titled "ChatGPT: Understanding the AI Impact on the Data Center Industry; Initially a Benefit, But Longer-term a Much Bigger Debate"; and state that to the extent the allegations of Paragraph 120 purport to describe that March 15, 2023 Credit Suisse report, Defendants refer to that document for its full and complete contents, and deny any characterizations thereof.

121.    Defendants admit that it held its 1Q23 earnings conference call on May 3, 2023, except state that to the extent the allegations of Paragraph 121 purport to describe Equinix's earnings conference call on May 3, 2023, Defendants refer to the transcript of that call for its full and complete contents, and deny any characterizations thereof.

122.    Paragraph 122 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 122, except admit that Evercore released a report on May 25, 2023 titled "Initial Thoughts on NVDA Results and the AI Opportunity"; and state that to the extent the allegations of Paragraph 122 purport to describe that May 25, 2023 Evercore report, Defendants refer to that document for its full and complete contents, and deny any characterizations thereof.

123.    Paragraph 123 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 123, except admit that Deutsche Bank released a report on June 8, 2023 titled "N'AI'REIT wrap: AI in focus (DLR/EQIX), 5G driving tower/small cell (CCI)"; and state that to the extent the allegations of Paragraph 123 purport to describe that June 8, 2023 Deutsche Bank report, Defendants refer to that document for its full and complete contents, and deny any characterizations thereof.

124.    Paragraph 124 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 124, except admit that Equinix held an Analyst Day on June 21, 2023; and state that to the extent the allegations of Paragraph 124 purport to

describe the June 21, 2023 Analyst Day presentation, Defendants refer to it for its full and complete contents, and deny any characterizations thereof.

125.    Paragraph 125 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 125, except state that to the extent the allegations of Paragraph 125 purport to describe the June 21, 2023 Analyst Day presentation, Defendants refer to it for its full and complete contents, and deny any characterizations thereof.

126.    Paragraph 126 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 126, except admit that Oppenheimer released a report on June 22, 2023 titled "Equinix Inc. Downgrade to Perform on Valuation as Guidance Points to Deceleration from Current Elevated Levels"; and state that to the extent the allegations of Paragraph 126 purport to describe that June 22, 2023 Oppenheimer report, Defendants refer to that document for its full and complete contents, and deny any characterizations thereof.

127.    Paragraph 127 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 127, except admit that Equinix stock closed at a price of $780.24 on June 20, 2023, closed at a price of $768.00 on June 21, 2023, and closed at a price of $746.99 on June 22, 2023.

128.    Defendants deny the allegations of Paragraph 128, except admit that Equinix held its 2Q23 earnings conference call on August 2, 2023; and state that to the extent the allegations of Paragraph 128 purport to describe Equinix's earnings conference call on August 2, 2023, Defendants refer to the transcript of that call for its full and complete contents, and deny any characterizations thereof.

129.    Defendants deny the allegations of Paragraph 129, except state that to the extent the allegations of Paragraph 129 purport to describe Equinix's earnings conference call on August 2, 2023, Defendants refer to the transcript of that call for its full and complete contents, and deny any characterizations thereof.

130.    Paragraph 130 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 130, except state that to the extent the allegations of Paragraph 130 purport to describe Equinix's earnings conference call on August 2, 2023, Defendants refer to the transcript of that call for its full and complete contents, and deny any characterizations thereof.

131.    Paragraph 131 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 131, except state that to the extent the allegations of Paragraph 131 purport to describe Equinix's earnings conference call on August 2, 2023, Defendants refer to the transcript of that call for its full and complete contents, and deny any characterizations thereof.

132.    Paragraph 132 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 132, except state that to the extent the allegations of Paragraph 132 purport to describe Equinix's earnings conference call on August 2, 2023, Defendants refer to the transcript of that call for its full and complete contents, and deny any characterizations thereof.

133.    Paragraph 133 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 133, except admit that Equinix personnel attended the TD Cowen Communications Infrastructure Summit on August 8, 2023; and state that to the extent the allegations of Paragraph 133 purport to describe the August 8, 2023 presentation at the TD Cowen Communications Infrastructure Summit, Defendants refer to it for its full and complete contents, and deny any characterizations thereof.

134.    Defendants deny the allegations of Paragraph 134, except admit that Equinix held its 3Q23 earnings conference call on October 25, 2023; and state that to the extent the allegations of Paragraph 134 purport to describe Equinix's earnings conference call on October 25, 2023,

Defendants refer to the transcript of that call for its full and complete contents, and deny any characterizations thereof.

135. Paragraph 135 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 135, except state that to the extent the allegations of Paragraph 135 purport to describe Equinix's earnings conference call on October 25, 2023, Defendants refer to the transcript of that call for its full and complete contents, and deny any characterizations thereof.

136. Paragraph 136 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 136, except state that to the extent the allegations of Paragraph 136 purport to describe Equinix's earnings conference call on October 25, 2023, Defendants refer to the transcript of that call for its full and complete contents, and deny any characterizations thereof.

137. Paragraph 137 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 137, except state that to the extent the allegations of Paragraph 137 purport to describe Equinix's earnings conference call on October 25, 2023, Defendants refer to the transcript of that call for its full and complete contents, and deny any characterizations thereof.

138. Paragraph 138 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 138, except admit that Barclays released a report on October 26, 2023 titled "3Q23 Earnings - beat & raise, but with some soft indicators"; and state that to the extent the allegations of Paragraph 138 purport to describe that October 26, 2023 Barclays report, Defendants refer to that document for its full and complete contents, and deny any characterizations thereof.

139.    Paragraph 139 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 139, except admit that BNP Paribas released a report on October 26, 2023 titled "Q3 steady with FY guidance higher; cabinets billing more noise"; and state that to the extent the allegations of Paragraph 139 purport to describe that October 26, 2023 BNP Paribas report, Defendants refer to that document for its full and complete contents, and deny any characterizations thereof.

140.    Defendants deny the allegations of Paragraph 140, except admit that Equinix personnel presented at the Barclays Global Technology Conference on December 6, 2023; and state that to the extent the allegations of Paragraph 140 purport to describe the presentation, Defendants refer to it for its full and complete contents, and deny any characterizations thereof.

141.    Defendants deny the allegations of Paragraph 141, except state that to the extent the allegations of Paragraph 141 purport to describe the December 6, 2023 presentation at the Barclays Global Technology Conference, Defendants refer to it for its full and complete contents, and deny any characterizations thereof.

142.    Defendants deny the allegations of Paragraph 142, except state that to the extent the allegations of Paragraph 142 purport to describe the December 6, 2023 presentation at the Barclays Global Technology Conference, Defendants refer to it for its full and complete contents, and deny any characterizations thereof.

143.    Defendants deny the allegations of Paragraph 143, except admit that Equinix held an earnings conference call on February 14, 2024; and state that to the extent the allegations of Paragraph 143 purport to describe Equinix's earnings conference call on February 14, 2024, Defendants refer to the transcript of that call for its full and complete contents, and deny any characterizations thereof.

144.    Paragraph 144 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 144, except state that to the extent the allegations of Paragraph 144 purport to describe Equinix's earnings conference call on February 14, 2024,

Defendants refer to the transcript of that call for its full and complete contents, and deny any characterizations thereof.

145. Paragraph 145 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 145, except state that to the extent the allegations of Paragraph 145 purport to describe Equinix's earnings conference call on February 14, 2024, Defendants refer to the transcript of that call for its full and complete contents, and deny any characterizations thereof.

146. Paragraph 146 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 146, except state that to the extent the allegations of Paragraph 146 purport to describe Equinix's earnings conference call on February 14, 2024, Defendants refer to the transcript of that call for its full and complete contents, and deny any characterizations thereof.

147. Paragraph 147 and subparagraphs c, d, e, and f relate to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. Further, to the extent the allegations of Paragraph 147 purport to state a conclusion of law, no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 147.

148. Defendants deny the allegations of Paragraph 148, except admit that, as described in Equinix's annual earnings results attached to its Forms 8-K filed with the SEC on February 13, 2019, February 12, 2020, February 10, 2021, February 16, 2022, February 15, 2023, and February 14, 2024, Equinix met or exceeded its annual AFFO guidance for fiscal years 2019, 2020, 2021, 2022, and 2023; and state that to the extent the allegations of Paragraph 148 purport to describe Equinix's annual earnings results attached to its Forms 8-K, Defendants refer to those documents, and deny any characterizations thereof.

149. Defendants deny the allegations of Paragraph 149, except admit that Equinix stock closed at a price of $913.66 per share on March 4, 2024; and state that to the extent the allegations of Paragraph 149 purport to describe Equinix's Form 8-K filed on March 12, 2024

and attached press release, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

150.    Defendants deny the allegations of Paragraph 150, except admit that BMO Capital Markets released a report on March 12, 2024 titled "Surprise CEO Change; Expecting Smooth Transition"; and state that to the extent the allegations of Paragraph 150 purport to describe that March 12, 2024 BMO Capital Markets report, Defendants refer to that document for its full and complete contents, and deny any characterizations thereof.

151.    Defendants deny the allegations of Paragraph 151, except admit that Wells Fargo released a report on March 13, 2024 titled "EQIX: A Surprising Change to the EQIX C-Suite"; and state that to the extent the allegations of Paragraph 151 purport to describe that March 13, 2024 Wells Fargo report, Defendants refer to that document for its full and complete contents, and deny any characterizations thereof.

152.    Defendants deny the allegations of Paragraph 152, except admit that Equinix stock closed at a price of $892.81 per share on March 12, 2024, and closed at a price of $867.23 per share on March 13, 2024.

153.    Defendants admit that Hindenburg Research released the Hindenburg Report on March 20, 2024, and disclosed that it had a short position in Equinix at the time of publication of the Hindenburg Report, except state that to the extent the allegations of Paragraph 153 purport to describe the Hindenburg Report and Hindenburg Research's description of itself on its website or promotional materials, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

154.    Defendants deny the allegations of Paragraph 154, except state that to the extent the allegations of Paragraph 154 purport to describe the Hindenburg Report, Defendants refer to that document for its full and complete contents, and deny any characterizations thereof.

155.    Defendants deny the allegations of Paragraph 155, except state that to the extent the allegations of Paragraph 155 purport to describe the Hindenburg Report, Defendants refer to that document for its full and complete contents, and deny any characterizations thereof.

156. Defendants deny the allegations of Paragraph 156, except state that to the extent the allegations of Paragraph 156 purport to describe the Hindenburg Report, Defendants refer to that document for its full and complete contents, and deny any characterizations thereof.

157. Defendants deny the allegations of Paragraph 157, except state that to the extent the allegations of Paragraph 157 purport to describe the Hindenburg Report, Defendants refer to that document for its full and complete contents, and deny any characterizations thereof.

158. Defendants deny the allegations of Paragraph 158, except state that to the extent the allegations of Paragraph 158 purport to describe the Hindenburg Report, Defendants refer to that document for its full and complete contents, and deny any characterizations thereof.

159. Defendants deny the allegations of Paragraph 159, except state that to the extent the allegations of Paragraph 159 purport to describe the Hindenburg Report, Defendants refer to that document for its full and complete contents, and deny any characterizations thereof.

160. Paragraph 160 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 160, except state that to the extent the allegations of Paragraph 160 purport to describe the Hindenburg Report, Defendants refer to that document for its full and complete contents, and deny any characterizations thereof.

161. Paragraph 161 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 161, except state that to the extent the allegations of Paragraph 161 purport to describe the Hindenburg Report, Defendants refer to that document for its full and complete contents, and deny any characterizations thereof.

162. Paragraph 162 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 162, except state that to the extent the allegations of Paragraph 162 purport to describe the Hindenburg Report, Defendants refer to that document for its full and complete contents, and deny any characterizations thereof.

163. Paragraph 163 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 163, except admit that HSBC Global Research released a report on March 20, 2024 titled "Equinix Inc (EQIX US): Downgrade to Hold: Awaiting Clarity"; and state that to the extent the allegations of Paragraph 163 purport to describe that March 20, 2024 HSBC Global Research report, Defendants refer to that document for its full and complete contents, and deny any characterizations thereof.

164. Defendants deny the allegations of Paragraph 164, except admit that Wells Fargo released a "Flash Comment" on March 20, 2024 titled "EQIX: Short Report Driving Stock Weakness"; and state that to the extent the allegations of Paragraph 164 purport to describe that March 20, 2024 Wells Fargo comment, Defendants refer to that document for its full and complete contents, and deny any characterizations thereof.

165. Paragraph 165 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 165, except admit that BMO Capital Markets issued an analyst report on March 21, 2024 titled "Addressing the Short Report"; and state that to the extent the allegations of Paragraph 165 purport to describe that March 21, 2024 BMO Capital Markets report, Defendants refer to that document for its full and complete contents, and deny any characterizations thereof.

166. Paragraph 166 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 166, except admit that TD Cowen released a report on March 21, 2024 titled "Same Short Thesis, Different Author: View Weakness as Buying Opp."; and state that to the extent the allegations of Paragraph 166 purport to describe that March 21, 2024 TD Cowen report, Defendants refer to that document for its full and complete contents, and deny any characterizations thereof.

167. Defendants deny the allegations of Paragraph 167, except admit that Equinix stock closed at a price of $844.58 per share on March 19, 2024, closed at a price of $824.88 per

share on March 20, 2024, closed at a price of $811.64 per share on March 21, 2024, and closed at a price of $800.97 per share on March 22, 2024, and that 2,372,326 million shares of Equinix stock were traded on March 20, 2024.

168. Defendants admit that Equinix issued a press release dated March 25, 2024, except state that to the extent the allegations of Paragraph 168 purport to describe Equinix's March 25, 2024 Form 8-K and attached press release, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

169. Paragraph 169 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 169, except admit that on March 25, 2024, Wells Fargo released a report titled "EQIX: The Hindenburg Accounting Saga Drags On"; and state that to the extent the allegations of Paragraph 169 purport to describe that March 25, 2024 Wells Fargo report, Defendants refer the Court to that document for its full and complete contents, and deny any characterizations thereof.

170. Defendants deny the allegations of Paragraph 170, except admit that Equinix stock closed at a price of $800.97 per share on March 22, 2024, and closed at a price of $792.52 per share on March 25, 2024, and that March 25, 2024 was the first trading day following March 22, 2024.

171. Defendants admit that Equinix issued a press release dated May 8, 2024, except state that to the extent the allegations of Paragraph 171 purport to describe Equinix's May 8, 2024 Form 8-K and attached press release, Defendants refer to those documents, which speak for themselves, and deny any characterization thereof.

172. Defendants deny the allegations of Paragraph 172, except admit that Equinix held its 1Q24 earnings conference call on May 9, 2024; and state that to the extent the allegations of Paragraph 172 purport to describe Equinix's earnings conference call on May 9, 2024, Defendants refer to the transcript of that call for its full and complete contents, and deny any characterizations thereof.

173.    Defendants deny the allegations of Paragraph 173, except admit that Barclays released a report on May 9, 2024 titled "Three takeaways from 1Q24 earnings call"; and state that to the extent the allegations of Paragraph 173 purport to describe that May 9, 2024 Barclays report, Defendants refer to that document for its full and complete contents, and deny any characterizations thereof.

174.    Paragraph 174 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 174, except admit that TD Cowen released a report on May 10, 2024 titled "Focus Shifts Back to Fundamentals; Encouraging Commentary on Bookings"; and state that to the extent the allegations of Paragraph 174 purport to describe that May 10, 2024 TD Cowen report, Defendants refer to that document for its full and complete contents, and deny any characterizations thereof.

175.    Defendants deny the allegations of Paragraph 175, except admit that Equinix stock closed at a price of $772.43 per share on May 9, 2024, and closed at a price of $757.68 per share on May 10, 2024.

176.    The allegations of Paragraph 176 purport to state a conclusion of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 176.

177.    Defendants deny the allegations of Paragraph 177.

178.    Defendants deny the allegations of Paragraph 178, except state that to the extent the allegations of Paragraph 178 purport to describe SEC regulations, including Regulation S-K 10(e) and Regulation G, Defendants refer to those guidelines or regulations for their full and complete contents, and deny any characterizations thereof.

179.    Defendants deny the allegations of Paragraph 179, except state that to the extent the allegations of Paragraph 179 purport to describe SEC guidelines or regulations, Defendants refer to those guidelines or regulations for their full and complete contents, and deny any characterizations thereof.

180. Defendants deny the allegations of Paragraph 180, except state that to the extent the allegations of Paragraph 180 purport to describe SEC guidelines or regulations, Defendants refer to those guidelines or regulations for their full and complete contents, and deny any characterizations thereof.

181. Defendants deny the allegations of Paragraph 181, except state that to the extent the allegations of Paragraph 181 purport to describe SEC guidelines or regulations, Defendants refer to those guidelines or regulations for their full and complete contents, and deny any characterizations thereof.

182. Defendants deny the allegations of Paragraph 182.

183. Defendants deny the allegations of Paragraph 183, except state that to the extent the allegations of Paragraph 183 purport to describe Equinix's Q2 2014 Earnings Conference Call presentation, dated July 30, 2014, Defendants refer to it for its full and complete contents, and deny any characterizations thereof.

184. Defendants deny the allegations of Paragraph 184, except state that to the extent the allegations of Paragraph 184 purport to describe Equinix's annual reports and Forms 10-K for FY12 through FY23, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

185. The allegations of Paragraph 185 purport to state a conclusion of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 185.

186. The allegations of Paragraph 186 purport to state a conclusion of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 186, except state that to the extent the allegations of Paragraph 186 purport to describe particular SEC guidelines or regulations, Defendants refer to those guidelines or regulations for their full and complete contents, and deny any characterizations thereof.

187. The allegations of Paragraph 187 purport to state a conclusion of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 187, except state that to the extent the allegations of Paragraph 187 purport to describe

Equinix's Q2 2014 Earnings Conference Call presentation, dated July 30, 2014, Defendants refer to it for its full and complete contents, and deny any characterizations thereof.

188.    Defendants deny the allegations of Paragraph 188, except state that to the extent the allegations of Paragraph 188 purport to describe Equinix's annual earnings results attached to its Forms 8-K, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

189.    Defendants deny the allegations of Paragraph 189, except state that to the extent the allegations of Paragraph 189 purport to describe Equinix's quarterly and annual SEC filings on Forms 10-Q and 10-K, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

190.    Defendants deny the allegations of Paragraph 190, except state that to the extent the allegations of Paragraph 190 purport to describe Equinix's quarterly SEC filings on Form 10-Q, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

191.    Defendants deny the allegations of Paragraph 191, except state that to the extent the allegations of Paragraph 191 purport to describe Equinix's annual SEC filings on Form 10-K, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

192.    Defendants deny the allegations of Paragraph 192, except state that to the extent the allegations of Paragraph 192 purport to describe Equinix's quarterly and annual SEC filings on Forms 10-Q and 10-K, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

193.    Defendants deny the allegations of Paragraph 193, except state that to the extent the allegations of Paragraph 193 purport to describe Equinix's annual SEC filings on Form 10-K, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

194.    Paragraph 194 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. Further, to the extent the allegations of

Paragraph 194 purport to state a conclusion of law, no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 194.

195.   Defendants deny the allegations of Paragraph 195, except admit that Defendants Meyers and Taylor received more than $106 million and $42 million in stock awards, respectively, between 2019 and 2023 pursuant to compensation plans adopted by Equinix's Compensation Committee; and state that to the extent the allegations of Paragraph 195 purport to describe Equinix's DEF 14A Proxy statements for FY19 through FY23, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof. Further, Defendants admit that Equinix stated in its DEF 14A Proxy statement for FY21 that the Compensation Committee will be renamed the "Talent, Culture and Compensation Committee" and will operate under an expanded charter.

196.   Defendants deny the allegations of Paragraph 196, except state that to the extent the allegations of Paragraph 196 purport to describe Equinix's DEF 14A Proxy statements for FY19 through FY23, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

197.   Defendants deny the allegations of Paragraph 197, except state that to the extent the allegations of Paragraph 197 purport to describe Equinix's DEF 14A Proxy statements for FY19 through FY23, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

198.   Defendants deny the allegations of Paragraph 198, except state that to the extent the allegations of Paragraph 198 purport to describe Equinix's DEF 14A Proxy statements for FY19 through FY23, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

199.   Defendants deny the allegations of Paragraph 199, except state that to the extent the allegations of Paragraph 199 purport to describe Equinix's DEF 14A Proxy statements for FY19 through FY23, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

200.   Defendants deny the allegations of Paragraph 200.

201.    Defendants deny the allegations of Paragraph 201.

202.    Defendants deny the allegations of Paragraph 202, except admit that Equinix filed a Prospectus Supplement pursuant to Rule 424(b)(5) on May 12, 2020; and state that to the extent the allegations of Paragraph 202 purport to describe Equinix's May 12, 2020 Prospectus Supplement, Defendants refer to that document for its full and complete contents, and deny any characterizations thereof.

203.    Defendants deny the allegations of Paragraph 203, except admit that Equinix filed a Prospectus Supplement pursuant to Rule 424(b)(5) on October 30, 2020; and state that to the extent the allegations of Paragraph 203 purport to describe Equinix's October 30, 2020 Prospectus Supplement, Defendants refer to that document for its full and complete contents, and deny any characterizations thereof.

204.    Defendants deny the allegations of Paragraph 204, except admit that Equinix filed a Prospectus Supplement pursuant to Rule 424(b)(5) on November 7, 2022; and state that to the extent the allegations of Paragraph 204 purport to describe Equinix's November 7, 2022 Prospectus Supplement, Defendants refer to that document for its full and complete contents, and deny any characterizations thereof.

205.    Defendants deny the allegations of Paragraph 205, except admit that Equinix stock closed at a price of $476.99 per share on May 3, 2019, closed at a price of $845.84 per share on December 31, 2021, and closed at a price of $913.66 per share on March 4, 2024, and that Equinix offered more than 6.8 million shares of stock to the public during the proposed "Class Period" of May 3, 2019 through March 24, 2024.

206.    Paragraph 206 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. Further, to the extent the allegations of Paragraph 206 purport to state a conclusion of law, no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 206; and state that to the extent the allegations of Paragraph 206 purport to describe particular documents, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

207. Paragraph 207 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. Further, to the extent the allegations of Paragraph 207 purport to state a conclusion of law, no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 207.

208. Paragraph 208 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 208, except state that to the extent the allegations of Paragraph 208 purport to describe Equinix's quarterly and annual SEC filings, including its Form 10-Q for 1Q19, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof. To the extent that the allegations in footnote 24 purport to describe a pleading in a case captioned *In re Blade Glob. Corp.*, No. 21-50275- MEH (Bankr. N.D. Cal. Dec. 13, 2021), Defendants refer to that document for its full and complete contents, and deny any characterizations thereof.

209. Paragraph 209 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 209, except state that to the extent the allegations of Paragraph 209 purport to describe Equinix's quarterly and annual SEC filings, including its Form 10-Q for 1Q19, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

210. Paragraph 210 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 210, except state that to the extent the allegations of Paragraph 210 purport to describe Equinix's quarterly and annual SEC filings, including its Form 10-Q for 1Q19, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

211. Paragraph 211 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. Further, to the extent the allegations of Paragraph 211 purport to state a conclusion of law, no response is required. To the extent a

response is required, Defendants deny the allegations of Paragraph 211, except admit that Equinix stock closed at a price of $913.66 per share on March 4, 2024.

212. The allegations of Paragraph 212 purport to state a conclusion of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 212.

213. Paragraph 213 relates to Plaintiff's power capacity claim, which the Court dismissed [Dkt. #67], and thus no response is required. Further, to the extent the allegations of Paragraph 213 purport to state a conclusion of law, no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 213, except state that to the extent the allegations of Paragraph 213 purport to describe the documents enumerated in Paragraph 213, subparagraphs i through x, Defendants refer to those documents for their full and complete contents, and deny any characterizations thereof.

214. The allegations of Paragraph 214 purport to state a conclusion of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 214.

215. The allegations of Paragraph 215 purport to state a conclusion of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 215.

216. The allegations of Paragraph 216 purport to state a conclusion of law, and thus no response is required. To the extent a response is required, Defendants admit that Plaintiff purports to bring this Action as a putative class action.

217. The allegations of Paragraph 217 purport to state a conclusion of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 217, except deny knowledge or information sufficient to form a belief as to the number of members of the putative class; and admit that Equinix's stock trades on the NASDAQ and Equinix has millions of shares outstanding, owned by thousands of persons.

218. Defendants deny the allegations of Paragraph 218.

219.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 219.

220.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 220.

221.    The allegations of Paragraph 221 purport to state a conclusion of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 221.

222.    The allegations of Paragraph 222 purport to state a conclusion of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 222.

223.    The allegations of Paragraph 223 purport to state a conclusion of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 223, except admit that Equinix filed periodic reports with the SEC and that it communicated with investors.

224.    The allegations of Paragraph 224 purport to state a conclusion of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 224, except deny knowledge or information sufficient to form a belief as to the truth of Plaintiff's intention to rely upon the presumption of reliance.

225.    The allegations of Paragraph 225 purport to state a conclusion of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 225.

226.    The allegations of Paragraph 226 purport to state a conclusion of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 226.

227.    The allegations of Paragraph 227 purport to state a conclusion of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 227.

228.    Defendants incorporate the responses to ¶¶ 1-227 by reference.

DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT - CASE NO. 3:24-cv-02656-VC

229. Defendants deny the allegations of Paragraph 229.

230. Defendants deny the allegations of Paragraph 230.

231. Defendants deny the allegations of Paragraph 231.

232. Defendants deny the allegations of Paragraph 232.

233. Defendants incorporate the responses to ¶¶ 1-232 by reference.

234. The allegations of Paragraph 234 purport to state a conclusion of law, and thus no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 234.

235. Defendants deny that Plaintiff is entitled to any relief and that the alleged class should be certified.

236. Defendants admit that Plaintiff purports to demand a jury trial.

## DEFENSES

Without admitting any wrongful conduct, and without assuming any burden that they would not otherwise bear, Defendants assert the following defenses to Plaintiff's Amended Complaint.

## FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants did not make any statements that were false or misleading when made, or omit to state any material facts necessary to make any statements made by Defendants false or misleading.

## SECOND DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, because Defendants are not liable to Plaintiff for any claims based on alleged misrepresentations or omissions for which Plaintiff and/or its agents, financial representatives, and/or broker-dealers had, in whole or part, actual or constructive knowledge.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff purchased Equinix's common stock with actual or constructive knowledge of the risks involved in an investment in

41

Equinix's common stock, and thus assumed the risk that the value of the common stock would decline if such risks materialized.

## FOURTH DEFENSE

Defendants are not liable because some or all of the matters now claimed by Plaintiff to have been omitted from Equinix's public disclosures were fully disclosed.

## FIFTH DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, because Defendants had no duty to disclose, or cause the disclosure of, any allegedly omitted material information.

## SIXTH DEFENSE

If and to the extent Equinix's public disclosures are found to have contained false or misleading statements (which Defendants deny), the actual facts that Plaintiff alleges to have been misrepresented or omitted were in fact known to and entered the securities market through credible sources.

## SEVENTH DEFENSE

Certain purportedly material information alleged to have been omitted from Equinix's public disclosures is a matter of public knowledge and therefore was not required to be disclosed. Plaintiff's claims with respect to such information therefore are barred.

## EIGHTH DEFENSE

Plaintiff's claims are barred because any allegedly false or misleading statements or omissions that Plaintiff seeks to attribute to the Defendants were not material.

## NINTH DEFENSE

Plaintiff's claims are barred by the absence of fraudulent intent or scienter on the part of the Defendants.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged misstatements or omissions did not affect the market price of Equinix's common stock.

DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT - CASE NO. 3:24-cv-02656-VC

**ELEVENTH DEFENSE**

Plaintiff's claims under Section 20(a) of the Exchange Act are barred because the Individual Defendants at all times acted in good faith, and did not directly or indirectly induce the alleged acts underlying Plaintiff's fraud claims.

**TWELFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because no conduct attributable to the Defendants was the cause-in-fact or proximate cause of any losses that Plaintiff seeks to recover in this action.

**THIRTEENTH DEFENSE**

Plaintiff's claims for relief are barred, in whole or in part, insofar as they are based on alleged conduct that concluded before, or began after, Plaintiff's purchases of Equinix's common stock.

**FOURTEENTH DEFENSE**

To the extent that any Plaintiff or member of the alleged class incurred any injury or damage as alleged in the Amended Complaint (which Defendants deny) any such injury or damage was caused and brought about by other factors, including, but not limited to, market-wide phenomena, economic factors, and/or the acts, conduct, or omissions of individuals and/or entities other than the Defendants that intervened between the Defendants' alleged actions and the alleged harm. Accordingly, any recovery should be precluded or diminished in proportion to the amount of fault attributable to other factors.

**FIFTEENTH DEFENSE**

Plaintiff's claims for damages are barred because Plaintiff did not suffer any legally cognizable injury or damages as a result of the Defendants' conduct.

**SIXTEENTH DEFENSE**

Plaintiff's claims are barred because any alleged damages, which the Defendants deny, are speculative.

**SEVENTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff had failed to mitigate its damages, if any.

**EIGHTEENTH DEFENSE**

Plaintiff's claims are barred under the doctrines of estoppel, waiver, unclean hands, laches, and/or other related doctrines and principles.

**NINETEENTH DEFENSE**

Plaintiff is not entitled to any recovery from the Defendants in excess of the amounts allowed under applicable law.

**TWENTIETH DEFENSE**

Plaintiff's request for attorneys' fees is inappropriate on the facts of this case.

**TWENTY-FIRST DEFENSE**

Plaintiff is not entitled to its costs and expenses in this litigation, including experts' fees, and other costs and disbursements, as any such request is inappropriate on the facts of this case.

**TWENTY-SECOND DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Defendants did not employ any device, scheme, or artifice to defraud.

**TWENTY-THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the Defendants did not engage in any act, practice, or course of business that operated or would operate as a fraud or deceit.

**TWENTY-FOURTH DEFENSE**

Defendants are not liable because Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or repose.

**TWENTY-FIFTH DEFENSE**

Plaintiff cannot recover against Defendants, in whole or in part, because the "fraud on the market" theory of reliance or other presumption of reliance are unavailable, and they are otherwise unable to establish that they relied upon the purported misstatements and omissions alleged in the Amended Complaint.

## TWENTY-SIXTH DEFENSE

To the extent Plaintiff or the purported class members suffered damages, if at all, such damages must be offset by their gains. For instance, if Plaintiff or other purported class members purchased and then sold shares during the class period but before the first alleged corrective disclosure dates, the gains from those sales must be taken into consideration, and damages should be offset by those gains.

## TWENTY-SEVENTH DEFENSE

To the extent Plaintiff suffered damages, if at all, such damages must be capped pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(e)(1).

## TWENTY-EIGHTH DEFENSE

Defendants reserve the right to raise any additional defenses, counterclaims, cross-claims, and third-party claims not asserted herein of which they become aware at any subsequent stage of this action.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court:

1. Dismiss the Consolidated Amended Class Action Complaint with prejudice;

2. Enter judgment in favor of Defendants;

3. Award Defendants their costs and expenses, including attorneys' fees; and

4. Award such further relief as the Court deems just and proper.

DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT - CASE NO. 3:24-cv-02656-VC

Dated: February 20, 2025

DAVIS POLK & WARDWELL LLP

*/s/ Neal Potischman*

Neal Potischman (SBN 254862)
Jonathan K. Chang (SBN 355907)
Vincent Barredo (SBN 275518)
Michael G. Mills (SBN 350938)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email: neal.potischman@davispolk.com
         jonathan.chang@davispolk.com
         vincent.barredo@davispolk.com
         michael.mills@davispolk.com

Rory A. Leraris (*pro hac vice*)
Jaclyn M. Willner (*pro hac vice*)
Emily Park (*pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Email: rory.leraris@davispolk.com
         jaclyn.willner@davispolk.com
         emily.park@davispolk.com

*Attorneys for Defendants Equinix, Inc.,*
*Charles Meyers, and Keith D. Taylor*

DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT - CASE NO. 3:24-cv-02656-VC