UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Vince Chhabria, District Judge

UNIFORMED SANITATIONMEN'S          )
ASSOCIATION COMPENSATION           )
ACCRUAL FUND,                      )
                                   )
          Plaintiff,               )
                                   )
vs.                                )   No. C 24-02656-VC
                                   )
EQUINIX, INC., et al.,             )
                                   )
          Defendants.              )
_____)

                                   San Francisco, California
                                   Friday, January 24, 2025


 TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
            RECORDING 10:48 - 10:56 = 8 MINUTES

APPEARANCES:

For Plaintiff:
                              Robbins Geller Rudman & Dowd
                                LLP
                              Post Montgomery Center
                              One Montgomery Street
                              Suite 1800
                              San Francisco, California
                                94104
                         BY:  DANIEL J. PFEFFERBAUM, ESQ.
                         BY:  HADIYA K. DESHMUKH, ESQ.
                         BY:  HAILEY ZANUTTO, ESQ.


        (APPEARANCES CONTINUED ON THE NEXT PAGE.)

*Echo Reporting, Inc.*

2

For Defendants:

Davis Polk & Wardwell LLP
900 Middlefield Road
Suite 200
Redwood City, California 94063
BY:  NEAL A. POTISCHMAN, ESQ.
VINCENT BARREDO, ESQ.

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, New York 10017
BY:  RORY A. LERARIS, ESQ.

Transcribed by:

Echo Reporting, Inc.
Contracted Court Reporter/
Transcriber
echoreporting@yahoo.com

3

Friday, January 24, 2025                                10:48 a.m.

                        P-R-O-C-E-E-D-I-N-G-S

                              --oOo--

        THE CLERK:  Now calling Civil Case 24-2656, Uniformed Sanitationmen's Association Compensation Accrual Fund versus Equinix, Inc., et al.

    Counsel, please state your appearances for the record, starting with the Plaintiff.

        MR. PFEFFERBAUM:  Good morning, your Honor.  Dan Pfefferbaum from Robbins Geller Rudman and Dowd on behalf of the lead Plaintiff, Sanitationmen's Accrual Fund.  With me today from my firm is Hadiya Deshmukh and Hailey Zanutto, as well.

        THE COURT:  Hi, everybody.

        MR. POTISCHMAN:  Good morning, your Honor.  Neal Potischman from David Polk on behalf of Defendants.  With me today are Rory Leraris and Vincent Barredo.

        THE COURT:  Hi.

    Okay.  So I gather from the case management statement that the Plaintiffs have decided not to amend now as to the power overselling claim, or whatever you call it, and that they're just going to wait and see if discovery on the surviving claim uncovers anything on that.

    Is that right?

        MR. PFEFFERBAUM:  That is correct, your Honor.

4

THE COURT:  Okay.  And then, so the only question I had was, you scheduled a hearing for the motion for class certification for late July of this year, which sounds like a very reasonable schedule, but then you contemplated having trial in March, March 29th of 2027, and have summary judgment motions adjudicated in December of 2026, and I just didn't understand why that needed to be so elongated.

And so I was going to suggest to you -- unless there's a strong reason not to do this, I was going to ask you to go back to the drawing board, and come up with a schedule that keeps the class cert hearing where it is, and schedules adjudication of summary judgment motions in April or May of '26, and schedules trial in September or October of '26, and then the deadline to complete mediation will be June 6th of '25.

MR. PFEFFERBAUM:  Could I address that schedule, your Honor?

THE COURT:  Sure.

MR. PFEFFERBAUM:  So I think, you know, putting summary judgment in April or May of 2026, I believe, would force the parties to compress that fact discovery period. You know, we modeled this case --

THE COURT:  Yes.  I mean, what I'm proposing is that you go back and look at the new summary judgment date, the new trial date, and then redo everything else based on

that.

MR. PFEFFERBAUM: Understood, your Honor. I mean, we had proposed a 14-month fact, you know, discovery period here, based on a similar case schedule that I had done in front of you in the Design Merchant (phonetic) matter. That case has subsequently been assigned to Judge Pitts, another securities action.

You know, obviously, you know, we hear the Court, that you'd like a more compressed schedule. I think, in a case like this, where we're dealing with a five-year class period in a 34-act case, the -- you know, starting with a 14-month fact discovery period, especially when you're dealing with, you know, a large, globally spread-out company like Equinix, and, you know, pretty technical accounting matters, I think it's -- you know, that's a -- that is an -- still an ambitious fact discovery interval, in my experience handling cases like this.

So I'm certainly -- we're certainly willing, obviously, to go back to the drawing board and work with Mr. Potischman and his counsel, but that was, you know, kind of like a key deadline that we felt that -- the March 19, 2025, deadline for fact discovery, we felt like that was a pretty key point to allow us the necessary time to get the documents and the depositions done in this case, consistent with what, you know, what we understand at this point, not having been able

6

to take any discovery yet.

THE COURT:  Well --

MR. POTISCHMAN:  Your Honor --

THE COURT:  I'm sorry.  Go ahead.  Go ahead.

MR. POTISCHMAN:  You know, I don't want to reiterate what Mr. Pfefferbaum said.  What I will say is, we looked at a large number of cases, as well, and fully, obviously, respecting your Honor's inclinations, we do believe this is a reasonably hard plan to kind of schedule, a little bit on the short side for typical cases.  I will also just say that --

THE COURT:  I mean, the issue is pretty discrete. I mean, I became fairly familiar with it during the adjudication of the motion to dismiss.  So, you know, I don't know if I would -- I mean, I guess I don't know if I agree with you that so much time is needed, but I'll tell you what.  So the trial is going to take place no later than December 1st of 2026, and within those confines, you can go back and figure out what schedule makes sense for you.

MR. POTISCHMAN:  Thank you, your Honor.

MR. PFEFFERBAUM:  We'll figure that out.  Thank you.

THE COURT:  Okay.  Anything else we can do for you right now?

MR. PFEFFERBAUM:  Your Honor, I think the only

7

other issue where the parties weren't able to reach an agreement -- you know, Plaintiffs had proposed an extension of the deposition limit from 10 to 20, based on the fact that -- you know, the number of Defendants, the panelists.

THE COURT:  Yes.  You know, I had a comment about that.  My comment is, I think I am inclined to agree with the Defendants that it may be premature to do that, but I cannot imagine that it wouldn't be appropriate to take more than 10 depositions.

And so I think that you can work that out amongst yourselves, hopefully, and with the discovery judge, if necessary, but I cannot imagine that 10 depositions will be enough in this case, and I don't think that the defense is saying anything to the contrary.  They're just saying it's sort of premature to figure that out now.  I agree with that.

MR. PFEFFERBAUM:  Okay.  Understood, your Honor.

THE COURT:  Anything else?

MR. POTISCHMAN:  Not from Defendants.  Thank you, your Honor.

MR. PFEFFERBAUM:  Nothing more from Plaintiffs, your Honor.

THE COURT:  All right.  Thank you.

(Proceedings adjourned at 10:56 a.m.)

*Echo Reporting, Inc.*

8

CERTIFICATE OF TRANSCRIBER

I certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.

Echo Reporting, Inc., Transcriber

Thursday, March 6, 2025