ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
HADIYA K. DESHMUKH (328118)
HAILEY S. ZANUTTO (358143)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
hdeshmukh@rgrdlaw.com
hzanutto@rgrdlaw.com

Lead Counsel for Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIFORMED SANITATIONMEN'S ASSOCIATION COMPENSATION ACCRUAL FUND, | Case No. 3:24-cv-02656-VC |
| | CLASS ACTION |
| Plaintiff, | STIPULATION AND ORDER RE: ELECTRONIC DISCOVERY AGREEMENT |
| vs. | |
| EQUINIX, INC., et al., | |
| Defendants. | |

4918-4904-7063.v2

**I.      PURPOSE**

This Agreement will govern how the Parties[1] manage electronic discovery in the above-captioned case as a supplement to the Federal Rules of Civil Procedure, the Northern District of California's Guidelines for the Discovery of Electronically Stored Information ("ESI"), Standing Order for Civil Cases Before Judge Vince Chhabria, and any other applicable orders and rules.

**II.     COOPERATION**

The Parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

**III.    SCOPE**

The Parties will take reasonable steps to comply with the procedures and protocols set forth in this Agreement.  The failure of this Agreement to address any particular issue is without prejudice to any position that a party may take on that issue.  All productions made pursuant to this Agreement will be subject to the Stipulated Protective Order agreed to by the Parties and entered by the Court, and any further agreements, stipulations, protective orders or privilege orders entered in this Action.

Nothing in this Agreement is intended to waive any party's rights to any privilege or protection from production, including the attorney-client privilege, the work-product doctrine or any other privilege or immunity that may be applicable.  The Parties do not waive and hereby specifically preserve any privileges, protections or immunities that apply.

Nothing in this Agreement is intended to operate as an admission regarding what scope of discovery is required or appropriate in this Action; expand or limit the Parties' obligations under the Federal Rules of Civil Procedure or Federal Rules of Evidence; or to prevent the Parties from reaching additional or different agreements to facilitate the discovery process.

---

[1] The "Parties" are Lead Plaintiff Uniformed Sanitationmen's Association Compensation Accrual Fund ("Plaintiff") and Defendants Equinix, Inc., Charles Meyers ("Meyers"), and Keith D. Taylor ("Taylor").

STIPULATION AND ORDER RE: ELECTRONIC DISCOVERY AGREEMENT -
3:24-cv-02656-VC
4918-4904-7063.v2

## IV.  IDENTIFICATION OF RESPONSIVE DOCUMENTS

The Parties shall meet and confer in an effort to conduct discovery in the most efficient and effective manner. Specifically, the Parties will attempt in good faith to come to an agreement on search and culling methods used to identify responsive information. The Parties will meet and confer regarding any proposed limitations on the scope of discovery, including custodians, custodial and non-custodial sources, date ranges, file types, or any additional proposed method to cull documents for review (*e.g.*, search terms, technology-assisted review, predictive coding), including those used for any short message format communications such as those from mobile devices or collaborative tools (*e.g.*, text messages, WhatsApp, Slack, Teams, G-Chat, etc.) which may require additional search terms or methodologies. The Parties will not seek Court intervention regarding the methodology to be used to identify responsive information without first attempting to resolve any disagreements in good faith, based upon all reasonably available information.

### A.  Sources

The Parties will meet and confer to disclose and discuss the custodial and non-custodial data sources likely to contain responsive information. The Parties will identify and describe any relevant electronic systems and storage locations. The Parties will identify and describe sources likely to contain responsive information that a party asserts should not be searched or are not reasonably accessible and will explain the reasons for such assertions. The Parties will disclose third-party sources, if any, likely to contain discoverable information. The Parties retain the right, upon reviewing the initial production of documents, and conducting other investigation and discovery, to request that files from additional custodial or non-custodial sources be searched and meet and confer regarding such request.

### B.  Identification of Custodians

In connection with the Parties' meet-and-confer efforts, the Parties shall identify all custodians whose files are likely to contain documents and ESI relating to the subject matter of this litigation, including a description of the proposed custodians' job title and brief description of such person's responsibilities (including dates of employment by the applicable party). To the extent they exist, the Parties will expedite the production of organizational charts to facilitate the identification

y

of appropriate custodians. The Parties retain the right, upon reviewing the initial production of documents, and conducting other investigation and discovery, to request that files from additional custodians be searched and meet and confer regarding such request.

### C. Easily Targeted Responsive Documents

Documents and categories of documents that are relevant to this Action and responsive to a party's document requests, and that are regularly maintained in a known location, or in a location that is knowable upon reasonable inquiry of those with knowledge about a party's document management, shall be collected without the use of search terms or other agreed-upon advanced search methodology (*e.g.*, analytics, predictive coding, technology-assisted review). The producing party will indicate which categories of documents and data sources will be produced with and without the use of search terms or other advanced search methodology. Where potentially responsive ESI shall be searched through the use of search terms, the Parties agree to meet and confer regarding the search terms to be used. To the extent reasonably possible, search terms will be crafted with input from the custodians in order to identify appropriate nomenclature, code words, etc.

To facilitate the meet-and-confer process, the producing party will provide a search term hit list or hit report after global de-duplication (including the number of documents that hit on each term, the number of unique documents that hit on each term (documents that hit on a particular term and no other term on the list), and the total number of documents that would be returned by using the proposed search term list, with and without families). If the Parties disagree on the search terms to be used or sources of ESI to be searched, any party may file an appropriate motion for determination by the Court after good faith attempts to negotiate a resolution with opposing counsel have been unsuccessful.

### D. Technology-Assisted Review

No party shall use predictive coding/technology-assisted review or artificial intelligence for the purpose of culling the documents to be reviewed or produced without notifying the opposing party prior to use and with ample time to meet and confer in good faith regarding a mutually agreeable protocol for the use of such technologies.

STIPULATION AND ORDER RE: ELECTRONIC DISCOVERY AGREEMENT - 3:24-cv-02656-VC
4918-4904-7063.v2

STIPULATION AND ORDER RE: ELECTRONIC DISCOVERY AGREEMENT -
3:24-cv-02656-VC
4918-4904-7063.v2

## V.     PRODUCTION OF HARD-COPY DOCUMENTS – FORMAT

Hard-copy documents should be scanned as single-page, Group IV, 300 DPI TIFF images with an .opt image cross-reference file and a delimited database load file (*i.e.*, .dat).  The database load file should contain the following fields: "BEGNO," "ENDNO," "PAGES," "VOLUME," and "CUSTODIAN."  The documents should be logically unitized (*i.e.*, distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records) and be produced in the order in which they are kept in the usual course of business.  If an original document contains color, the producing party will make its best and reasonable efforts to determine whether color might influence the comprehension of the document in any way (*e.g.*, the use of highlighting, graphics, or colored text to indicate emphasis, author, or negative numbers), in which case, the document should be produced as single-page, 300 DPI JPG images with JPG compression and a high quality setting as to not degrade the original image.  Multi-page OCR text for each document should also be provided.  The OCR software shall maximize text quality.  Settings such as "auto-skewing" and "auto-rotation" should be turned on during the OCR process.

To the extent that Defendants agree to produce in this Action any hard copy documents previously produced to a third party, including any state or federal regulator or governmental authority, those hard copy documents may be produced in the same form in which they were previously produced to the third party.  Should the receiving party believe that there is a good faith basis for previously produced hard copy documents to be produced in a format consistent with this protocol or with additional information not previously produced, the Parties shall meet and confer as to the matter.  To the extent that Defendants are required to or agree to produce in this Action any hard copy documents previously produced to a state or federal regulator or governmental authority, such hard copy documents shall include the Bates numbers used in the previous productions, together with the Bates numbers used in this Action.

## VI.    PRODUCTION OF ESI

### A.    Format

Except where otherwise noted in this section, the Parties will produce ESI in single-page, black and white, TIFF Group IV, 300 DPI TIFF images.  Spreadsheet and presentation type files

(including Excel, Numbers, PowerPoint, Keynote, etc.), audio and video files, and photo or graphic images, and documents with tracked changes or comments in the metadata shall be produced in native format.  Short message communications (*e.g.*, text messages, WhatsApp, Slack, iMessage, Teams, G-Chat, Bloomberg, Salesforce Chatter, etc.) will be produced in RSMF with all available metadata and attachments.  To the extent RSMF cannot be provided, the Parties shall meet and confer on the appropriate metadata fields and format of production.  If an original document being produced in image format contains color, the producing party will make its best and reasonable efforts to determine whether color might influence the comprehension of the document in any way (*e.g.*, the use of highlighting, graphics, or colored text to indicate emphasis, author, or negative numbers), in which case, the document should be produced as single-page, 300 DPI JPG images with JPG compression and a high quality setting as to not degrade the original image.  The Parties are under no obligation to enhance an image beyond how it was kept in the usual course of business.  TIFFs/JPGs will show any and all text, hidden content, and images that would be visible to the reader using the native software that created the document.  For example, TIFFs/JPGs of email messages will include the BCC line, and documents will display comments and hidden content.  If the image does not accurately reflect the document as it was kept in the usual course of business, including all comments, edits, colored text, highlighting, tracking, etc., the Parties agree to meet and confer in good faith on production format options.

If a document is produced in native format, a single-page Bates stamped image slip sheet stating the document has been produced in native format should be provided, with the exception of PowerPoint presentations.  PowerPoint documents should be produced in native format along with single-page, 300 DPI TIFF/JPG images which display both the slide and speaker's notes.  Each native file should be named according to the Bates number it has been assigned and should be linked directly to its corresponding record in the load file using the NATIVELINK field.  To the extent that either party believes that specific documents or classes of documents, not already identified within this protocol, should be produced in native format, the Parties agree to meet and confer in good faith.

To the extent that Defendants are required to or agree to produce in this Action any ESI previously produced to a third party, including any state or federal regulator or governmental

authority, such ESI may be produced in the same form in which it was previously produced to the third party.  Should the receiving party believe that there is a good faith basis for previously produced ESI to be produced in a format consistent with this protocol or with additional information not previously produced, the Parties shall meet and confer as to the matter.  To the extent that Defendants are required to or agree to produce in this Action any ESI previously produced to a state or federal regulator or governmental authority, such ESI shall include metadata sufficient to identify the Bates numbers used in the previous productions.

### B.    De-Duplication

Each party shall remove exact duplicate documents based on MD5 or SHA-1 hash values, at the family level.  Attachments should not be eliminated as duplicates for purposes of production, unless the parent email and all attachments are also duplicates.  The Parties agree that an email that includes content in the BCC or other blind copy field shall not be treated as a duplicate of an email that does not include content in those fields, even if all remaining content in the email is identical.  Removal of near-duplicate documents and email thread suppression is not acceptable.  De-duplication will be done across the entire collection (global de-duplication) and the CUSTODIAN-ALL field will list each custodian, separated by a semicolon, who was a source of that document and the FILEPATH-DUP field will list each file path, separated by a semicolon, that was a source of that document.  Should the CUSTODIAN-ALL or FILEPATH-DUP metadata fields produced become outdated due to rolling productions, an overlay file providing all the custodians and file paths for the affected documents will be produced prior to substantial completion of the document production.

### C.    Metadata

All ESI will be produced with a delimited, database load file that contains the metadata fields listed in Table 1, attached hereto as Exhibit A, to the extent available.  The metadata produced should have the correct encoding to enable preservation of the documents' original language.

For ESI other than email and e-docs that do not conform to the metadata listed in Table 1, such as text messages, Instant Bloomberg, iMessage, Google Chat, MS Teams, Slack, Salesforce Chatter, Google Docs, etc., the Parties will meet and confer as to the appropriate metadata fields to be produced.

No party will have any obligation to manually populate any of the metadata fields that do not exist as they are kept in the usual course of business unless they are fields that are able to be populated in an automated manner for production purposes (e.g., Bates numbers, Custodians, Redacted, etc.), and metadata fields will be extracted as is from existing metadata.

### D.     Embedded Objects

Embedded files shall be produced as attachments to the document that contained the embedded file, with the parent/child relationship preserved.  To the extent feasible, the embedded files will be marked with a "YES" in the load file under the "Is Embedded" metadata field.  The Parties agree logos need not be extracted as separate documents as long as they are displayed in the parent document.

### E.     Attachments

The Parties agree that if any part of a communication or its attachments is responsive, the entire communication and attachments will be produced, except any attachments that must be withheld or redacted on the basis of privilege.  The Parties will meet and confer about whether there is an appropriate basis for withholding a family document for any reason other than attorney-client or work product privilege, or any other applicable privilege or immunity.  The attachments will be produced sequentially after the parent communication.

The Parties will continue to meet and confer regarding the scope of collection and production of any emails with hyperlinks and hyperlinked documents.

### F.     Compressed Files Types

Compressed file types (*e.g*., .ZIP, .RAR, .CAB, .Z) should be decompressed so that the lowest level document or file is extracted.

### G.     Structured Data

To the extent a response to discovery requires production of electronic information stored in a database, the Parties will meet and confer regarding methods of production.  The Parties will consider whether all relevant information may be provided by querying the database for discoverable information and generating a report in a reasonably usable and exportable electronic file.

STIPULATION AND ORDER RE: ELECTRONIC DISCOVERY AGREEMENT -
3:24-cv-02656-VC
4918-4904-7063.v2

**H.     Encryption**

To maximize the security of information in transit, any media on which documents are produced may be encrypted. In such cases, the producing party shall transmit the encryption key or password to the receiving party, under separate cover, contemporaneously with sending the encrypted media.

**I.     Redactions**

If documents that the Parties have agreed to produce in native format need to be redacted, the Parties will implement redactions while ensuring that proper formatting and usability are maintained. Spreadsheets requiring redaction should be redacted, to the extent reasonably feasible, using native redaction software and produced in native format. All other documents produced as native files that require redaction, may be produced in single-page, color, TIFF Group IV, 300 DPI TIFF images with an .opt image cross-reference file and a delimited database load file (.DAT).

**VII.     THIRD PARTY DOCUMENTS**

A party that receives documents from a third party in response to a subpoena issued in this Action shall promptly provide copies of such productions to all other Parties in the format in which they were received from the third party. Nothing in this Order is intended to or should be interpreted as narrowing, expanding or otherwise affecting the rights of the Parties or third parties to object to a subpoena.

**VIII.     MODIFICATION**

Any practice or procedure set forth herein may be varied by agreement of the Parties, which will be confirmed in writing, where such variance is deemed appropriate to facilitate the timely and economical exchange of documents and ESI. Before seeking Court intervention, the Parties shall meet and confer in good faith regarding any modification.

Nothing in this Agreement waives the right of any party to petition the Court for an Order modifying its terms upon good cause shown; provided, however, that counsel for such party must first meet and confer with counsel from the opposing party, and the Parties shall use reasonable best efforts to negotiate an exception from or modification of this Agreement prior to seeking relief from the Court.

| | |
|---|---|
| DATED:  April 9, 2025 | ROBBINS GELLER RUDMAN & DOWD LLP<br>SHAWN A. WILLIAMS<br>DANIEL J. PFEFFERBAUM<br>HADIYA K. DESHMUKH<br>HAILEY S. ZANUTTO<br><br>              s/ Daniel J. Pfefferbaum<br>DANIEL J. PFEFFERBAUM<br><br>Post Montgomery Center<br>One Montgomery Street, Suite 1800<br>San Francisco, CA  94104<br>Telephone:  415/288-4545<br>shawnw@rgrdlaw.com<br>dpfefferbaum@rgrdlaw.com<br>hdeshmukh@rgrdlaw.com<br>hzanutto@rgrdlaw.com<br><br>Counsel for Plaintiffs<br><br>PITTA LLP<br>VINCENT F. PITTA<br>120 Broadway, 28th Floor<br>New York, NY  10271<br>Telephone: 212/652-3890<br>vpitta@pittalaw.com<br><br>Additional Counsel |
| DATED:  April 9, 2025 | DAVIS POLK & WARDWELL LLP<br><br>s/ Vincent Barredo<br>Neal Potischman (SBN 254862)<br>Jonathan K. Chang (SBN 355907)<br>Vincent Barredo (SBN 275518)<br>Michael G. Mills (SBN 350938)<br>DAVIS POLK & WARDWELL LLP<br>900 Middlefield Road, Suite 200<br>Redwood City, CA  94063 |

STIPULATION AND ORDER RE: ELECTRONIC DISCOVERY AGREEMENT - 3:24-cv-02656-VC
4918-4904-7063.v2

Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email: neal.potischman@davispolk.com
       jonathan.chang@davispolk.com
       vincent.barredo@davispolk.com
       michael.mills@davispolk.com

Rory A. Leraris (*pro hac vice*)
Jaclyn M. Willner (*pro hac vice*)
Emily Park (*pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Email: rory.leraris@davispolk.com
       jaclyn.willner@davispolk.com
       emily.park@davispolk.com

*Attorneys for Defendants Equinix, Inc.,
 Charles Meyers, and Keith D. Taylor*

**CERTIFICATE PURSUANT TO LOCAL RULE 5-1(i)(3)**

I, Daniel J. Pfefferbaum, am the ECF User whose identification and password are being used to file this document. Pursuant to Local Rule 5-1(i)(3), I attest that concurrence in the filing of the document has been obtained from each of the other signatories.

DATED: April 9, 2025

                                                    s/ Daniel J. Pfefferbaum
                                                  DANIEL J. PFEFFERBAUM

\*   \*   \*

**O R D E R**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATE: April 15, 2025

KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE

STIPULATION AND ORDER RE: ELECTRONIC DISCOVERY AGREEMENT -
3:24-cv-02656-VC
4918-4904-7063.v2

# EXHIBIT A

**EXHIBIT A**

**TABLE 1: METADATA FIELDS**[1]

| Field Name | Example / Format | Description |
|---|---|---|
| **BEGNO** | ABC0000001 (Unique ID) | The Document ID number associated with the first page of a document. |
| **ENDNO** | ABC0000003 (Unique ID) | The Document ID number associated with the last page of a document. |
| **BEGATTACH** | ABC0000001 (Unique ID Parent-Child Relationships) | The Document ID number associated with the first page of the parent document. |
| **ENDATTACH** | ABC0000008 (Unique ID Parent-Child Relationships) | The Document ID number associated with the last page of the last attachment. |
| **VOLUME** | VOL001 | The name of CD, DVD, or Hard Drive. |
| **SENTDATE** | MM/DD/YYYY | The date the email or calendar entry was sent. |
| **SENTTIME** | HH:MM | The time the email or calendar entry was sent. |
| **RECEIVEDDATE** | MM/DD/YYYY | The date the document was received. |
| **RECEIVEDTIME** | HH:MM | The time the document was received. |
| **CREATEDATE** | MM/DD/YYYY | The date the document was created. |
| **CREATETIME** | HH:MM | The time the document was created. |
| **LASTMODDATE** | MM/DD/YYYY | The date the document was last modified. |
| **LASTMODTIME** | HH:MM | The time the document was last modified. |
| **MEETING START DATE** | MM/DD/YYYY | Start date of calendar entry. |
| **MEETING START TIME** | HH:MM | Start time of calendar entry. |
| **MEETING END DATE** | MM/DD/YYYY | End date of calendar entry. |
| **MEETING END TIME** | HH:MM | End time of calendar entry. |
| **FILEPATH** | i.e. /JsmithPC/Users/Jsmith/Desktop | The file path from the location in which the document was stored in the usual course of business. This field should be populated for both email and e-files. |
| **FILEPATH-DUP** | i.e. /JSmith.pst/Inbox<br>/Network Share/Accounting/…<br>/TJohnsonPC/Users/TJohnson/My Documents/... | The file paths from the locations in which the duplicate documents were stored in the usual course of business. This field should be populated for both email and e-files and separated by semicolons. |
| **AUTHOR** | jsmith | The author or owner of a document from extracted metadata. |
| **LASTEDITEDBY** | jsmith | The name of the last person to edit the document from extracted metadata. |

#99941580v1

| Field Name | Example / Format | Description |
|---|---|---|
| FROM | Joe Smith <jsmith@email.com> | The display name and email address of the author of an email/calendar item. An email address should always be provided. |
| TO | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and email address of the recipient(s) of an email/calendar item. An email address should always be provided for every email if a recipient existed. |
| CC | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and email of the copyee(s) of an email/calendar item. An email address should always be provided for every email if a copyee existed. |
| BCC | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and email of the blind copyee(s) of an email or calendar item. An email address should always be provided for every email if a blind copyee existed. |
| SUBJECT | | The subject line of the email/calendar item. |
| MESSAGE TYPE | Appointment, Contact, Task, Distribution List, Message, etc. | An indication of the email system message type. |
| IMPORTANCE | Normal, Low, High | Email Importance Flag |
| TITLE | | The extracted document title of a document. |
| CUSTODIAN-ALL | Smith, Joe; Doe, Jane | All of the custodians of a document from which the document originated, separated by semicolons. |
| ATTACH COUNT | Numeric | The number of attachments to a document. |
| FILEEXT | XLS | The file extension of a document. |
| FILENAME | Document Name.xls | The file name of a document. |
| FILESIZE | Numeric | The file size of a document (including embedded attachments). |
| TRACK CHANGES | Yes or No | The yes/no indicator of whether tracked changes exist in the file. |
| IS EMBEDDED | Yes or No | The yes/no indicator of whether a file is embedded in another document. |
| HASH | | The MD5 or SHA-1 Hash value or "de-duplication key" assigned to a document. The same hash method (MD5 or SHA-1) should be used throughout production. |
| CONVERSATION INDEX | | ID used to tie together email threads. |
| REDACTED | Yes or Blank | If a document contains a redaction, this field will display 'Yes'. |
| TIMEZONE PROCESSED | PST, CST, EST, etc | The time zone the document was processed in. **NOTE:** This should be the time zone where the documents were located at time of collection. |
| NATIVELINK | D:\NATIVES\ABC000001.xls | The full path to a native copy of a document. |

#99941580v1

| Field Name | Example / Format | Description |
|---|---|---|
| **FULLTEXT** | D:\TEXT\ABC000001.txt | The path to the full extracted text of the document. There should be a folder on the deliverable, containing a separate text file per document. These text files should be named with their corresponding Bates numbers. **Note**: Emails should include header information: author, recipient, cc, bcc, date, subject, etc. If the attachment or e-file does not extract any text, then OCR for the document should be provided. |

[1] For ESI other than email and e-docs that do not conform to the metadata listed here, such as text messages, Instant Bloomberg, iMessage, Google Chat, MS Teams, Slack, etc., the parties will meet and confer as to the appropriate metadata fields to be produced.

#99941580v1