Neal Potischman (SBN 254862)
Jonathan K. Chang (SBN 355907)
Vincent Barredo (SBN 275518)
Michael G. Mills (SBN 350938)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: neal.potischman@davispolk.com
        jonathan.chang@davispolk.com
        vincent.barredo@davispolk.com
        michael.mills@davispolk.com

Rory A. Leraris (*pro hac vice*)
Jaclyn M. Willner (*pro hac vice*)
Emily Park (*pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone:  (212) 450-4000
Facsimile:  (212) 701-5800
Email: rory.leraris@davispolk.com
        jaclyn.willner@davispolk.com
        emily.park@davispolk.com

*Attorneys for Defendants Equinix, Inc.,
Charles Meyers, and Keith D. Taylor*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNIFORMED SANITATIONMEN'S ASSOCIATION COMPENSATION ACCRUAL FUND, <br><br> Plaintiff, <br><br> v. <br><br> EQUINIX, INC., CHARLES MEYERS, and KEITH D. TAYLOR, <br><br> Defendants. | Case No. 3:24-cv-02656-VC <br><br> **ADMINISTRATIVE MOTION TO AMEND PROTECTIVE ORDER** |

Pursuant to Civil Local Rule 7-11, and the Court's Standing Order for Civil Cases, defendants Equinix, Inc. ("Equinix"), Charles Meyers, and Keith D. Taylor (collectively, "Defendants") respectfully request that the Court enter the parties' Stipulated [Proposed] Amended Protective Order, filed concurrently pursuant to Civil Local Rule 7-11(a).

On March 6, 2025, the Court entered a Protective Order governing the treatment of confidential information.  (ECF No. 81.)  Among other things, the Protective Order restricts to whom parties can transmit information designated as "CONFIDENTIAL."  Among the provisions of the Protective Order are those (i) permitting disclosure of information designated as "CONFIDENTIAL" only to individuals specified in Section 7.2, and (ii) requiring (in Section 13) destruction of documents within 60 days after the final disposition of this action.  The Protective Order does not contain any specific provision governing the disclosure of information designated as "CONFIDENTIAL" to Defendants' insurance providers, brokers, or their representatives, including counsel.  While Section 7.2(i) of the Protective Order includes a catch-all clause permitting disclosure of "CONFIDENTIAL" information to "any other person upon order of the court or agreement of the Parties," it requires that they have "signed the 'Acknowledgement and Agreement to Be Bound' (Exhibit A)."  Exhibit A in turn requires any signatory to comply with and be bound by all the terms of the Protective Order, including not sharing the materials other than with a permitted recipient under Section 7.2, and agreeing to destroy or return all documents promptly after the conclusion of the litigation under Section 13.

As is typical in securities cases, and consistent with Federal Rule of Civil Procedure 26(a)(1), Defendants already have disclosed to Lead Plaintiff "insurance agreement[s] under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."  As set forth in the accompanying declaration of Neal Potischman, in order for insurers to be able to monitor and assess the litigation, they may need access to materials designated by a party or non-party as "CONFIDENTIAL" pursuant to the Protective Order.  They also may need to share such information with reinsurers, auditors, counsel, and representatives of insurance brokers, and to retain such information after the conclusion of the action.

1

Representatives of the insurers have indicated to counsel for Defendants that they cannot execute Exhibit A, given the likely need to share information with others not specified in Section 7.2 (i.e., reinsurers, auditors, counsel, and representatives of insurance brokers), and to retain relevant documentation for more than 60 days after the final disposition of the action.

Counsel for Defendants believe that the parties have a mutual interest in ensuring that the insurance companies in question be allowed to have access to "CONFIDENTIAL" information without being required to execute Exhibit A. Accordingly, the parties have met and conferred and agreed, subject to the approval of the Court, that the Protective Order should be amended as set forth in the accompanying Stipulated [Proposed] Amended Protective Order.

Defendants therefore request that the Court enter the Stipulated [Proposed] Amended Protective Order. A redline showing the changes to the Protective Order is annexed as Exhibit 1 to this administrative motion.

ADMINISTRATIVE MOTION TO AMEND PROTECTIVE ORDER - CASE NO. 3:24-cv-02656-VC

DATED: April 22, 2025

Respectfully submitted,

DAVIS POLK & WARDWELL LLP

*/s/ Jonathan K. Chang*

Neal Potischman (SBN 254862)
Jonathan K. Chang (SBN 355907)
Vincent Barredo (SBN 275518)
Michael G. Mills (SBN 350938)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: neal.potischman@davispolk.com
    jonathan.chang@davispolk.com
    vincent.barredo@davispolk.com
    michael.mills@davispolk.com

Rory A. Leraris (*pro hac vice*)
Jaclyn M. Willner (*pro hac vice*)
Emily Park (*pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone:  (212) 450-4000
Facsimile:  (212) 701-5800
Email: rory.leraris@davispolk.com
    jaclyn.willner@davispolk.com
    emily.park@davispolk.com

*Attorneys for Defendants Equinix, Inc.,
Charles Meyers, and Keith D. Taylor*

3