Neal Potischman (SBN 254862)
Jonathan K. Chang (SBN 355907)
Vincent Barredo (SBN 275518)
Michael G. Mills (SBN 350938)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: neal.potischman@davispolk.com
       jonathan.chang@davispolk.com
       vincent.barredo@davispolk.com
       michael.mills@davispolk.com

Rory A. Leraris (*pro hac vice*)
Jaclyn M. Willner (*pro hac vice*)
Emily Park (*pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone:  (212) 450-4000
Facsimile:  (212) 701-5800
Email: rory.leraris@davispolk.com
       jaclyn.willner@davispolk.com
       emily.park@davispolk.com

*Attorneys for Defendants Equinix, Inc.,
Charles Meyers, and Keith D. Taylor*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNIFORMED SANITATIONMEN'S ASSOCIATION COMPENSATION ACCRUAL FUND,<br><br>Plaintiff,<br><br>v.<br><br>EQUINIX, INC., CHARLES MEYERS, and KEITH D. TAYLOR,<br><br>Defendants. | Case No. 3:24-cv-02656-VC<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION TO CERTIFY THE CLASS**<br><br>Date:      July 31, 2025<br>Time:      10:00 a.m.<br>Courtroom: 4<br>Honorable Vince Chhabria |

Defendants Equinix, Inc. ("Equinix" or the "Company"), Charles Meyers, and Keith D. Taylor (collectively, "Defendants") hereby request that the Court take judicial notice of Exhibits 1, 2, 4-16, and 18 to the Declaration of Jonathan K. Chang (the "Chang Declaration") in Support of Defendants' Opposition to Plaintiff's Motion to Certify the Class ("Opposition").

**ARGUMENT**

The Federal Rules of Evidence permit judicial notice of "an adjudicative fact" if it "is not subject to reasonable dispute," because it is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(a)-(b); *see In re Apple Inc. Device Performance Litig.*, 386 F. Supp. 3d 1155, 1164 (N.D. Cal. 2019); *see also In re Sorrento Therapeutics Sec. Litig.*, 2021 WL 6062943, at *4 (S.D. Cal. Nov. 18, 2021).  For the reasons explained below, the Court may take judicial notice of Exhibits 1, 2, 4-16, and 18 to the Chang Declaration "for the purpose of determining what information was available to the market." *Chicago & Vicinity Laborers' Dist. Council Pension Fund v. Amplitude, Inc.*, 2024 WL 4375775, at *1 (N.D. Cal. Oct. 2, 2024) (Chhabria, J.) (citation omitted).  Defendants are not asking the Court to take judicial notice of these exhibits for the truth of the matter asserted (indeed, Defendants generally dispute the truth of the contents of these exhibits).[1]

Exhibits 1, 2, 4-16, and 18 to the Chang Declaration are true and correct copies of news articles, an SEC filing, research analyst reports, and two transcripts of a podcast[2] that were all in the public realm.[3]  Courts routinely take judicial notice of these types of documents.

---

[1] Defendants' request for judicial notice does not include Exhibits 3 or 17 to the Chang Declaration, which are true and correct copies of records maintained and produced by non-parties Hindenburg Research, LLC and Columbia Threadneedle Investments, respectively.

[2] As explained further below, Exhibit 14 is a declaration that attaches a transcript of a podcast that its publisher posted on its website.  The Court need not take judicial notice of the declaration to consider its contents.  Defendants' request for judicial notice as to Exhibit 14 only covers the transcript appended to the declaration.  The podcast is discussed further *infra*.

[3] The Court has already taken judicial notice of similar facts available in the public realm "for the purpose of determining the information that was available to the market" in prior briefing for this litigation.  *See* ECF No. 67 (Jan. 6, 2025 Order re Motion to Dismiss) at 2.

1

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION TO CERTIFY THE CLASS - CASE NO. 3:24-cv-02656-VC

***SEC Filing***.  Exhibit 7 to the Chang Declaration is a true and correct copy of an excerpt of a Form ADV filed with the Securities and Exchange Commission (the "SEC").  Courts routinely take judicial notice of documents (and excerpts of documents) filed with the SEC for purposes of determining information available to the market.  *See*, *e.g.*, *Amplitude, Inc.*, 2024 WL 4375775, at *1 (granting request to take judicial notice of SEC filings for the purpose of determining "what information was available to the market") (citation omitted); *Sneed v. AcelRx Pharms., Inc.*, 2023 WL 4412164, at *3-4 (N.D. Cal. July 7, 2023) (judicially noticing facts in excerpts of SEC filings); *In re Splunk Inc. Sec. Litig.*, 592 F. Supp. 3d 919, 930 (N.D. Cal. 2022) (taking judicial notice of SEC filings).

***News Media Articles***.  Exhibits 1, 2, 4-6, 8-11, and 13 are news media articles.  "Courts may take judicial notice of publications introduced to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true."  *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (quotation marks omitted); *see also In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1062 (C.D. Cal. 2012) ("Taking judicial notice of news reports and press releases is appropriate for show[ing] that the market was aware of the information contained in news articles.") (quotation marks omitted); *Brodsky v. Yahoo! Inc.*, 630 F. Supp. 2d 1104, 1111 (N.D. Cal. 2009) (taking judicial notice of information contained in news articles); *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (taking "judicial notice that the market was aware of the information contained in news articles submitted by the defendants").

***Analyst Reports***.  Exhibits 12, 16, and 18 are research analyst reports.[4]  As with news articles, "courts routinely take judicial notice of analyst reports, not in order to take notice of the truth of the matters asserted therein, but in order to determine what may or may not have been disclosed to the public."  *In re Century Aluminum Co. Sec. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011); *see also Amplitude, Inc.*, 2024 WL 4375775, at *1 (granting request to take

---

[4] Exhibits 12 and 16 are referred to in the Amended Complaint.  (*See* Am. Compl. ¶¶ 108-110, 164.)

2

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION TO CERTIFY THE CLASS - CASE NO. 3:24-cv-02656-VC

1  judicial notice of analyst reports for purpose of determining "what information was available to the market") (citation omitted); *Brodsky*, 630 F. Supp. 2d at 1111 (taking judicial notice of information contained in analyst reports).

***Transcript of Podcast***.  Exhibits 14 and 15 relate to a podcast that was published on or about March 28, 2023 by Colossus, LLC ("Colossus") through various channels including Apple Podcasts, Spotify, and YouTube.  (*See* Ex. 14 ¶ 4.)  Exhibit 14 is a declaration of the Chief Executive Officer of Colossus, which attaches as Exhibit 1 thereto a transcript of the March 28, 2023 podcast generated by artificial intelligence, which Colossus posted on its public website.  (*Id.* at ¶ 6.)  Exhibit 15 is a certified transcript of the March 28, 2023 podcast that Defendants caused to be prepared in connection with this litigation.  Defendants request the Court to take judicial notice of the two transcripts of the March 28, 2023 podcast (i.e., Exhibit 1 to the declaration that is Exhibit 14, and the entirety of Exhibit 15).  Courts take judicial notice of podcasts to "'indicate what was in the public realm at the time.'"  *Sweet v. City of Mesa*, 2021 WL 3130335, at *1-2 & n.1 (D. Ariz. Jul. 23, 2021) (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010)) (taking judicial notice of podcast episodes and associated descriptions accessible online); *see also Brave New Films 501(C)(4) v. Weiner*, 2009 WL 1622385, at *1 n.1 (N.D. Cal. June 10, 2009) (taking judicial notice of excerpts of audio recording of radio talk show program); *cf. Twinde v. Threshold Pharms. Inc.*, 2008 WL 2740457, at *11 (N.D. Cal. July 11, 2008) (taking judicial notice of audio recording of public conference call).

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Request for Judicial Notice.

3

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION TO CERTIFY THE CLASS - CASE NO. 3:24-cv-02656-VC

| | |
|---|---|
| Dated: May 30, 2025 | DAVIS POLK & WARDWELL LLP |
| | /s/ Rory A. Leraris |
| | Neal Potischman (SBN 254862) |
| | Jonathan K. Chang (SBN 355907) |
| | Vincent Barredo (SBN 275518) |
| | Michael G. Mills (SBN 350938) |
| | DAVIS POLK & WARDWELL LLP |
| | 900 Middlefield Road, Suite 200 |
| | Redwood City, California 94063 |
| | Telephone: (650) 752-2000 |
| | Facsimile: (650) 752-2111 |
| | Email: neal.potischman@davispolk.com |
| | jonathan.chang@davispolk.com |
| | vincent.barredo@davispolk.com |
| | michael.mills@davispolk.com |
| | |
| | Rory A. Leraris (*pro hac vice*) |
| | Jaclyn M. Willner (*pro hac vice*) |
| | Emily Park (*pro hac vice*) |
| | DAVIS POLK & WARDWELL LLP |
| | 450 Lexington Avenue |
| | New York, New York 10017 |
| | Telephone:  (212) 450-4000 |
| | Facsimile:  (212) 701-5800 |
| | Email: rory.leraris@davispolk.com |
| | jaclyn.willner@davispolk.com |
| | emily.park@davispolk.com |
| | |
| | *Attorneys for Defendants Equinix, Inc., Charles Meyers, and Keith D. Taylor* |

4

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION TO CERTIFY THE CLASS - CASE NO. 3:24-cv-02656-VC