Mark Kleiman (SBN 115919)
KLEIMAN / RAJARAM
12121 Wilshire Boulevard, Ste. 810
Los Angeles, CA 90025
Telephone: (310) 392-5455
Facsimile:  (310) 306-8491
Email: mark@krlaw.us

PUGSLEY WOOD LLP
Bryan A. Wood
Lindsey Silver
53 State St., Ste 500
Boston, MA 02109
Telephone: (617) 665-7979
Facsimile: (256) 270-2267
Email: bryan@pugsleywood.com
         lindsey@pugsleywood.com

*Attorneys for Non-Party Hindenburg Research LLC*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNIFORMED SANITATIONMEN'S ASSOCIATION COMPENSATION ACCRUAL FUND,<br><br>Plaintiff,<br><br>vs.<br><br>EQUINIX, INC., CHARLES MEYERS, AND KEITH TAYLOR,,<br><br>Defendants. | Case No.: 3:24-cv-02656-VC<br><br>**NON-PARTY HINDENBURG RESEARCH LLC'S 79-5(f)(3) STATEMENT IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL**<br><br>Courtroom: 4<br>Honorable Vince Chhabria |

Pursuant to and in compliance with Civil Local Rule 79-5, Non-Party Hindenburg Research LLC ("Hindenburg") submits this Local Rule 79-5(f)(3) statement in support of Defendants' Administrative Motion To Consider Whether Another Party's Material Should Be Filed Under Seal [Dkt No. 93] ("Motion to Seal").

1

Defendants' motion asks the Court to consider whether Exhibit 3 to the Declaration of Jonathan K. Chang in Support of Defendants' Opposition to Plaintiff's Motion to Certify the Class ("Defendants' Opposition"), and portions of Defendants' Memorandum of Points and Authorities in Support of Defendants' Opposition and the Declaration of Jonathan K. Chang in Support of Defendants' Opposition ("Chang Declaration") that quote or describe the contents of Exhibit 3 (collectively, the "Confidential Materials") should be sealed. Because Hindenburg, the non-party asserting the confidentiality of Exhibit 3, is not a party in the case, Local Rule 79-5(f)(3) now requires Hindenburg to submit this statement of the applicable legal standard and the reasons for keeping Exhibit 3 under seal rather than subject to public disclosure. *See* L.R. 79-5(C)(1).

## I.  LEGAL STANDARD

Civil Local Rule 79-5(c)(1) requires a designating party to explain in a "specific statement" the legal standard and reasons for sealing a document, including: "(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Given the non-dispositive class certification motion at issue, the designating party must make a "particularized showing" under the "good cause standard of Rule 26(c)." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citations and quotation marks omitted); *see also Apple, Inc. v. Samsung Elecs., Co., Ltd.*, 727 F.3d 1214 (Fed. Cir. 2013) ("[T]he Ninth Circuit has carved out an exception to the presumption of access to judicial records for judicial records filed under seal when attached to a non-dispositive motion. Under the exception . . . a particularized showing of 'good cause' under Federal Rule of Civil Procedure 26(c) is sufficient to preserve the secrecy of sealed discovery documents.").

The Court has "broad latitude" under Rule 26(c) "to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citations omitted).

//

//

## II.  ARGUMENT

Hindenburg is a non-party to this action. Hindenburg consented to the production in this action of certain confidential Hindenburg documents previously produced by Hindenburg in another matter. Exhibit 3 was designated "Confidential" pursuant to the April 23, 2025 Stipulated Amended Protective Order [Dkt. 92] ("Stipulated Amended Protective Order"). *See* Motion to Seal. As of the filing of the Motion to Seal, no party had objected to the designation. *Id.* As noted in the Chang Declaration, portions of Defendants' Opposition and the Chang Declaration quote or otherwise describe the contents of Exhibit 3. Therefore, Defendants, pursuant to Civil Local Rule 79-5 and paragraph 12.3 of the Stipulated Amended Protective Order, did not file Exhibit 3 publicly. *See* Unredacted Chang Declaration Ex. 3.

Exhibit 3 is a PowerPoint deck containing the confidential, proprietary research of Chanos & Co.[1] on Equinix, as well as on several other companies, as part of a larger investment thesis. *Id*. Hindenburg understands that Chanos & Co. only provided Exhibit 3 to a handful of people. Exhibit 3 includes the following disclaimer on the final page: "This document has been provided for information and illustrational purposes, is furnished on a confidential basis, is intended only for the use by the authorized recipient and may not be distributed to any other person, or otherwise reproduced or disseminated (in whole or in part), without the prior written consent of Chanos & Co." *Id*.

Hindenburg, aware of the harm Chanos would suffer if Exhibit 3 was made publicly available, produced it to Plaintiff in this action *only* with the understanding that it would be wholly protected by the Stipulated Amended Protective Order. Exhibit 3 includes information that is competitively sensitive, proprietary, and would, if disclosed, grant competitors a window into Chanos & Co.'s research methods and trading strategies. *See, e.g.*, *Campbell v. Facebook Inc.*,

---

[1] Chanos & Co. is the short-seller firm of Jim Chanos ("Chanos"). In November 2023, Chanos announced that he was closing his hedge funds after almost four decades, but would continue to run the firm, investing his personal capital and managing money for certain clients in separately managed accounts. *See* L*egendary short-seller Jim Chanos to shut hedge funds* (Nov. 19, 2023) Financial Review, *available at* https://www.afr.com/markets/equity-markets/legendary-short-seller-jim-chanos-to-shut-hedge-funds-20231118-p5ekzn. Exhibit 3 is dated January 2022. *See* Unredacted Chang Declaration Ex. 3.

1   13-cv-05996 PJH (MEJ), 2015 WL 12965295, at *2 (N.D. Cal. Oct. 15, 2015) ("good cause"

2   established for sealing documents that would have disclosed "Facebook's internal processes");

3   *Big Run Studios Inc. v. AviaGames Inc.*, 2024 WL 1364734, at *2 (N.D. Cal. Mar. 28, 2024)

4   (good cause to seal "[c]onfidential business information"); *Bos. Ret. Sys. v. Uber Techs., Inc.*,

5   2023 WL 6132961, at *1 n.2 (N.D. Cal. Sept. 19, 2023) (good cause supports sealing portions of

6   exhibits that reveal "business strategy and corporate decision making"). As such, there is good

7   cause to prevent the disclosure of said information.

8         Additionally, as noted, large portions of Exhibit 3 discuss companies other than Equinix.

9   Given their irrelevance to the allegations in the complaint, that information should remain under

10  seal. *See Oracle Partners, L.P. v. Concentric Analgesics, Inc.*, No. 20-CV-03775-HSG, 2021 WL

11  1022874, at *2 (N.D. Cal. Mar. 17, 2021) (citing *G&C Auto Body Inc. v. Geico Gen. Ins. Co.*,

12  No. C06-04898 MJJ, 2008 WL 687372, at *2 (N.D. Cal. Mar. 11, 2008)) (sealing third-party

13  information that is of "little or no relevance to the issues that were raised").

14        No less restrictive alternative to sealing is sufficient because any solution that places

15  Chanos's propriety research, in whole or part, in the public domain would damage Chanos's

16  competitive advantage as an investor. With no less restrictive alternative to sealing, and no current

17  objection by the parties to continued sealing, the Court should maintain Exhibit 3 (and all

18  references thereto in the Confidential Materials) under seal.

19  **III.   CONCLUSION**

20        For all the foregoing reasons, Hindenburg requests the Court maintain under seal

21  Exhibit 3 and all references thereto in the Confidential Materials.

22  //

23  //

24  //

25  //

26  //

27  //

28  //

4

NON-PARTY HINDENBURG RESEARCH LLC'S 79-5(F)(3) STATEMENT IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE
MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL
CASE NO:  3:24-CV-02656-VC

1  DATED: June 4, 2025                                KLEIMAN / RAJARAM

                                            By: /s/ Mark Kleiman
                                                Mark Kleiman

                                            PUGSLEY WOOD LLP
                                            Bryan A. Wood
                                            Lindsey Silver
                                            53 State St., Ste 500
                                            Boston, MA 02109
                                            Telephone: (617) 665-7979
                                            Facsimile: (256) 270-2267
                                            bryan@pugsleywood.com
                                            lindsey@pugsleywood.com

                                            Attorneys for Non-Party
                                            *Hindenburg Research LLC*