ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
HADIYA K. DESHMUKH (328118)
HAILEY S. ZANUTTO (358143)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
hdeshmukh@rgrdlaw.com
hzanutto@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNIFORMED SANITATIONMEN'S ASSOCIATION COMPENSATION ACCRUAL FUND, | ) ) ) ) | Case No. 3:24-cv-02656-VC |
| | | CLASS ACTION |
| Plaintiff, | ) ) ) | [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |
| vs. | ) ) | |
| EQUINIX, INC., et al., | ) ) | |
| Defendants. | ) ) ) | |

WHEREAS, an action is pending before this Court entitled *Uniformed Sanitationmen's Association Compensation Accrual Fund v. Equinix, Inc., et al.*, Case No. 3:24-cv-02656-VC (the "Action" or the "Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with a Stipulation of Settlement dated July 15, 2025 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     After a preliminary review, the Settlement appears to be fair, reasonable, and adequate.  The Settlement: (a) resulted from arm's-length negotiations overseen by an experienced mediator; (b) eliminates the risks to the Parties of continued litigation; (c) does not provide preferential treatment to Lead Plaintiff or to segments of the Class; (d) does not provide excessive compensation to Lead Counsel; and (e) appears to fall within the range of possible approval and is therefore sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Class.  Accordingly, the Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.    A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2025, at _:__ _.m., via Zoom, at the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, for the following purposes:

(a)    to finally determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(b)    to finally determine whether Judgment as provided under the Stipulation should be entered, dismissing the Action on the merits and with prejudice, and to determine whether the release by the Class of the Released Defendant Parties as set forth in the Stipulation should be ordered, along with a permanent injunction barring efforts to prosecute any Released Plaintiff's Claims or Released Defendants' Claims extinguished by the Settlement;

(c)    to finally determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(d)    to consider the application of Lead Counsel for an award of attorneys' fees and expenses;

(e)    to consider Class Members' responses to the Settlement, Plan of Allocation, or application for fees and expenses; and

(f)    to rule upon such other matters as the Court may deem appropriate.

3.     The Court may adjourn the Settlement Hearing without further notice to the Members of the Class, and reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Parties and without further notice to the Class where to do so would not impair Class Members' rights under Rule 23 of the Federal Rules of Civil Procedure and due process of law.  The Court further reserves the right to enter Judgment approving the Settlement and dismissing the Complaint, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for the sole purpose of effectuating the Settlement, a Class defined as follows:

> All Persons who purchased or otherwise acquired Equinix common stock between May 3, 2019, and March 24, 2024, inclusive, and who suffered damages by Defendants' alleged violations of §§10(b) and 20(a) of the Exchange Act.  Excluded from the Class are: (1) Defendants and members of the immediate families of each Individual Defendant; (2) the officers, directors, and affiliates of Defendants, at all relevant times, and members of their immediate families: (3) the legal representatives, heirs, successors, or assigns of any of the foregoing; and (4) any entity in which any Defendant has or had a controlling interest.  Also excluded from the Class will be any Person who timely and validly seeks exclusion from the Class.

5.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Uniformed Sanitationmen's Association Compensation Accrual Fund is appointed as representative of the Class, and Lead Counsel Robbins Geller Rudman & Dowd LLP is appointed as Class Counsel for the Class.

6.     With respect to the Class, this Court finds, for purposes of effectuating the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the Members of the Class are so numerous that joinder of all Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Class; (d) the Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of all Class Members; (e) the questions of law and fact common to the Class predominate over any questions affecting only individual Members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Action.

7.     The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and the Summary Notice of Proposed Settlement of Class Action ("Summary Notice"), annexed hereto as Exhibits 1, 2, and 3, respectively, and finds that the distribution and publication of the Summary Notice, substantially in the manner and form set forth in ¶10 of this Order, meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

8.    The firm of Verita Global ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below.

9.    Equinix shall provide, or cause to be provided, to Lead Counsel or the Claims Administrator, at no cost to Lead Plaintiff, the Settlement Fund, Lead Counsel, or the Claims Administrator, within ten (10) calendar days after the Court enters this Order, a list in electronic format, containing the names and addresses and email addresses, if available, of record holders of Equinix common stock during the Class Period, as set forth in the records of Equinix's transfer agent.

10.    As detailed in paragraphs 7-13 of the Declaration of Peter Crudo Regarding Notice and Administration, attached hereto as Exhibit 4, Lead Counsel, through the Claims Administrator, shall commence dissemination of the Summary Notice, substantially in the form annexed hereto, within twenty-one (21) calendar days after the Court signs this Order (the "Notice Date"), by email or first-class mail to all Class Members who can be identified with reasonable effort. Contemporaneously with the emailing or mailing of the Summary Notice, the Claims Administrator shall cause the Notice and Proof of Claim, substantially in the forms attached hereto, to be posted on the Settlement website at www.EquinixSecuritiesSettlement.com, from which copies of the documents can be downloaded.  For all Summary Notices returned as undeliverable, the Claims Administrator shall use its best efforts to locate updated addresses or email addresses.  No later than seven (7) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once over a national newswire service.

11.    At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such emailing, mailing, and publishing.

12.    Nominees who purchased or otherwise acquired Equinix common stock for the beneficial ownership of Class Members during the Class Period shall: (a) within seven (7) calendar days of receipt of the Summary Notice request from the Claims Administrator sufficient copies of the Summary Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of the Summary Notice forward it to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Summary Notice, send a list of the names and email addresses or physical addresses where an email address is unavailable, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly email or mail the Summary Notice to such beneficial owners.  If a nominee elects to send the Summary Notice to beneficial owners, such nominee is directed to email or mail (where an email is unavailable) the Summary Notice within seven (7) calendar days of receipts of those documents from the Claim Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class.  Upon full compliance with these instructions, including the timely emailing or mailing of the Summary Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions.  Reasonable out-of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Summary Notice mailed by nominee, plus postage at the rate used by the Claims Administrator; or $0.03 per Summary Notice sent by email.  Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE - 3:24-cv-02656-VC                        - 6 -

13.    The Court finds that the form and content of the notice program described herein and the methods set forth herein, for notifying the Class of the Settlement and its terms and conditions, the Fee and Expense Application, and the Plan of Allocation meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

14.    In order to be entitled to participate in the recovery from the Settlement Fund after the Effective Date, each Class Member shall take the following action and be subject to the following conditions:

(a)    A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the post office box or electronic mailbox indicated in the Notice and Proof of Claim, postmarked no later than ninety (90) calendar days from the Notice Date.  Such deadline may be further extended by Order of the Court.  Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail).  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b)    The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly filled out, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from

the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his, her, its, or their current authority to act on behalf of the Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)    Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such Claim is valid, deficient, or rejected. For each Claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the Claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least twenty (20) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured.

(d)    For the filing of and all determinations concerning their Proof of Claim, each Class Member shall submit to the jurisdiction of the Court.

15.    Any Class Member who does not timely submit a valid and timely Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby, but will bear no liability for failing to accept such late Claims.

16.    Any Member of the Class may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

17.    All Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request to be excluded, or "opt out," from the Class.  A Class Member wishing to be excluded from the Class must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), by first-class mail such that it is postmarked no later than twenty-one (21) calendar days prior to the Settlement Hearing, or _____, 2025, to the address listed in the Notice.  A Request for Exclusion must be signed and must legibly state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the number of shares of Equinix common stock that the Person requesting exclusion (i) owned as of the opening of trading on May 3, 2019, and (ii) purchased, otherwise acquired, and/or sold during the Class Period, as well as the number of shares, dates, and prices for each such purchase, other acquisition, and sale; and (c) that the Person wishes to be excluded from the Class in *Uniformed Sanitationmen's Association Compensation Accrual Fund v. Equinix, Inc., et al.*, No. 3:24-cv-02656-VC.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net

Settlement Fund, and shall not be bound by the Stipulation or any Final Judgment.  Unless otherwise ordered by the Court, any Class Member who does not submit a valid and timely written Request for Exclusion as provided by this paragraph shall be bound by the Stipulation.

18.    The Claims Administrator or Lead Counsel shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion as expeditiously as possible, but in no event later than five (5) calendar days from receipt thereof, and in any event, copies of all timely Requests for Exclusion shall be provided to Defendants' Counsel at least fourteen (14) calendar days before the Settlement Hearing.

19.    The Court will consider comments or objections to the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and expenses, only if such comments or objections and any supporting papers are submitted to the Court either by mailing them to the Clerk of the Court, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California.  Such comments or objections must be filed or postmarked at least twenty-one (21) calendar days prior to the Settlement Hearing, or _____, 2025.  Attendance at the Settlement Hearing is not necessary but any Person wishing to be heard orally in opposition to the Settlement, the Plan of Allocation, or the application for attorneys' fees and expenses is required to indicate in their written objection whether they intend to appear at the Settlement Hearing.  The notice of objection must include documentation establishing the objecting Person's membership in the Class, including the number of shares of Equinix common stock that the objecting Person (i) owned as of the opening of trading on May 3, 2019, and (ii) purchased, otherwise acquired, and/or sold during the Class Period, as well as the dates and prices for each such purchase, other acquisition or sale, and contain a statement of reasons for the objection, including whether it applies only to the objector, to a specific subset of the Class, or to the

entire Class. The objection must identify all other class action settlements the objector and his, her, or its counsel has previously objected to in the prior five years, copies of any papers, briefs, or other documents upon which the objection is based, and contain the objector's signature, even if represented by counsel. Any Member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel unless otherwise ordered by the Court. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

20.    All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

21.    All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and/or any application by Lead Counsel for attorneys' fees and expenses shall be filed and served no later than twenty-one (21) calendar days prior to the objection and opt-out deadline, or _____, 2025. Replies to any objections shall be filed and served at least seven (7) calendar days prior to the Settlement Hearing, or _____, 2025.

22.    The Released Defendant Parties shall have no responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigation.

23.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

24.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the Court does not approve the Settlement, or the Settlement otherwise fails to become effective, neither Lead Counsel, the Class, nor the Claims Administrator shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶2.11 or 2.13 of the Stipulation.

25.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed or deemed to be evidence of or constitute an admission, concession, or finding with respect to any allegation in the Litigation, or any fault, negligence, liability, wrongdoing, or damage of any kind.

26.     If the Stipulation and the Settlement set forth therein is not approved or consummated for any reason whatsoever, the Stipulation and Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante*.

27.     All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.  Pending final determination of whether the proposed Settlement should be approved, neither the Lead Plaintiff, nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Defendant Parties, any action or proceeding in any court or tribunal asserting any of the Released Plaintiff's Claims.

28.     The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

29.     The Court may approve the Settlement, with such modifications as may be agreed to

by the Settling Parties, if appropriate, without further notice to the Class.

      IT IS SO ORDERED.

DATED: _____    _____

                                        THE HONORABLE VINCE CHHABRIA
                                        UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
HADIYA K. DESHMUKH (328118)
HAILEY S. ZANUTTO (358143)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
hdeshmukh@rgrdlaw.com
hzanutto@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIFORMED SANITATIONMEN'S ASSOCIATION COMPENSATION ACCRUAL FUND,<br><br>                    Plaintiff,<br><br>    vs.<br><br>EQUINIX, INC., et al.,<br><br>                    Defendants. | Case No. 3:24-cv-02656-VC<br><br>CLASS ACTION<br><br>NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION<br><br>EXHIBIT 1 |

TO:    **ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED EQUINIX, INC. ("EQUINIX" OR THE "COMPANY") COMMON STOCK BETWEEN MAY 3, 2019, AND MARCH 24, 2024, INCLUSIVE, AND ARE NOT OTHERWISE EXCLUDED FROM THE CLASS (THE "CLASS")**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION.  PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE _____, 2025**.

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been provided to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California (the "Court").  The purpose of this Notice is to inform you of the pendency of this class action (the "Action" or the "Litigation") between Lead Plaintiff and Defendants Equinix, Charles Meyers, and Keith D. Taylor and the proposed $41,500,000 settlement reached therein (the "Settlement") and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement as well as counsel's application for fees and expenses.  This Notice describes what steps you may take in relation to the Settlement and this class action.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Action as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants.  This Notice is solely to advise you of the pendency and proposed Settlement of the Action and of your rights in connection therewith.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM** | The only way to be eligible to receive a payment from the Settlement.  **Proofs of Claim must be postmarked or submitted online on or before _____, 2025.** |
| **EXCLUDE YOURSELF** | Get no payment.  This is the only option that *potentially* allows you to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement.  Should you elect to exclude yourself from the Class you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose.  **Exclusions must be postmarked or received on or before _____, 2025.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses.  You will still be a Member of the Class.  **Objections** |

---

[1]    All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated July 15, 2025 (the "Settlement Agreement" or "Stipulation"), which is available on the website www.EquinixSecuritiesSettlement.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| | **must be *filed or postmarked no later than* _____________, 2025. If you submit a written objection, you may (but do not have to) attend the hearing.** |
| **ATTEND THE HEARING ON _____________, 2025** | Ask to speak in Court about the fairness of the Settlement. **Requests to speak must be *filed or postmarked no later than* _____________, 2025.** |
| **DO NOTHING** | Receive no payment. You will, however, still be a Member of the Class, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## SUMMARY OF THIS NOTICE

**Statement of Class Recovery**

Pursuant to the Settlement described herein, a $41.5 million settlement fund has been established. Based on Lead Plaintiff's estimate of the number of Equinix shares eligible to recover under the Settlement, the average distribution per common share under the Plan of Allocation is approximately $2.36 before deduction of any taxes on the income earned on the Settlement Amount thereof, notice and administration costs, and the attorneys' fees and expenses as determined by the Court. **Class Members should note, however, that these are only estimates**. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's allowed claim amount as compared to the total allowed claims of all Class Members who submit acceptable Proofs of Claim. An individual Class Member may receive more or less than these estimated average amounts. *See* Plan of Allocation set forth and discussed at pages ___ below for more information on the calculation of your claim.

**Statement of Potential Outcome of Case**

The Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Class prevailed on each claim alleged. Defendants deny that they are liable to the Class and deny that the Class has suffered any damages. The issues on which the Parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the price of Equinix common stock was allegedly artificially inflated (if at all) during the Class Period; (4) the amount, if any, by which the price of Equinix common stock was allegedly artificially inflated (if at all) during the Class Period; (5) the effect of various market forces on the prices of Equinix common stock was at various times during the Class Period; (6) the extent to which external factors influenced the prices of Equinix common stock at various times during the Class Period; (7) the extent to which the various matters that Lead Plaintiff alleged were materially false or misleading influenced (if at all) the prices of Equinix common stock at various times during the Class Period; and (8) the extent to which the various allegedly adverse material facts that Lead Plaintiff alleged were misstated or omitted influenced (if at all) the prices of Equinix common stock at various times during the Class Period.

**Statement of Attorneys' Fees and Expenses Sought**

Since the Action's inception, Lead Counsel has expended considerable time and effort in the prosecution of this Action on a wholly contingent basis and has advanced the expenses of the Action in the expectation that if it was successful in obtaining a recovery for the Class, it would be paid from such recovery. Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed twenty-five percent (25%) of the Settlement Amount, plus expenses not to exceed $300,000, plus interest earned on both amounts. If the amounts requested are approved by the Court, the average cost per Equinix common share will be approximately $0.61.

**Further Information**

For further information regarding the Action, this Notice, or to review the Stipulation, please contact the Claims Administrator toll-free at 888-777-6598 or visit the website www.EquinixSecuritiesSettlement.com.

You may also contact a representative of counsel for the Class: Greg Wood, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 800-449-4900, settlementinfo@rgrdlaw.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

Lead Plaintiff's principal reason for entering into the Settlement is the benefit to the Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. For the Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, and deny that the Class was harmed or suffered any damages as a result of the conduct alleged in the Action, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any action, especially in complex cases such as this Action.

## BASIC INFORMATION

| 1. | What is the purpose of this Notice? |
|---|---|

This Notice is being provided to you pursuant to an Order of a U.S. District Court because you or someone in your family or an investment account for which you serve as custodian may have purchased or acquired Equinix common stock between May 3, 2019, and March 24, 2024, inclusive (the "Class Period").

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Action is the United States District Court for the Northern District of California, and the case is known as *Uniformed Sanitationmen's Association Compensation Accrual Fund v. Equinix, Inc., et al.*, No. 3:24-cv-02656-VC. The case has been assigned to the Honorable Vince Chhabria. The entity representing the Class is the Lead Plaintiff, and the company and individuals it sued and who have now settled are called the Defendants.

| 2. | What is this lawsuit about? |
|---|---|

The initial complaint was filed in the Action on May 2, 2024. On August 15, 2024, the Court appointed Uniformed Sanitationmen's Association Compensation Accrual Fund as Lead Plaintiff and approved its selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel.

Lead Plaintiff filed the Amended Complaint for Violation of the Federal Securities Laws on September 12, 2024, alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 against Defendants (the "Complaint"). Lead Plaintiff alleges that Defendants made materially false and misleading statements and/or omissions by, among other things, allegedly misrepresenting and/or failing to disclose that: (i) Equinix manipulated its financial accounting to reduce maintenance (*i.e.*, recurring) capital expenses, in order to artificially inflate its reported Adjusted Funds from Operations ("AFFO"); and (ii) Equinix oversold power capacity at its datacenters and did not warn of the risks associated with this practice or the limits it placed on the Company's growth prospects. Lead Plaintiff further alleges that but for Defendants' scheme to overstate its results, the Company would have missed its AFFO guidance given to investors, and the Individual Defendants would not have received $150 million in stock bonus awards. Lead Plaintiff alleges that persons who purchased or otherwise acquired Equinix common stock during the Class Period suffered economic losses when the price of Equinix common stock declined as a result of alleged corrective disclosures, including a report issued by Hindenburg Research that claimed that that the Company overstated its reported AFFO by misclassifying certain maintenance capital expenses, and that the Company oversold its power capacity at its datacenters.

Defendants filed their motion to dismiss the Complaint on October 10, 2024. Lead Plaintiff filed its opposition on October 31, 2024, and Defendants filed their reply on November 19, 2024. The Court heard oral argument on Defendants' motion on December 5, 2024. On January 6, 2025, the Court entered an order granting in part and denying in part the motion to dismiss. Defendants answered the Complaint on February 20, 2025.

On January 24, 2025, the Court held a case management conference and ordered the Parties to participate in a mediation session by June 6, 2025.

Lead Plaintiff and Defendant served each other with various discovery requests, and each responded and produced documents. Lead Plaintiff deposed a corporate representative of Equinix, and pursued document discovery from numerous third parties.

On April 17, 2025, Lead Plaintiff filed its Motion to Certify Class. Defendants filed their opposition brief on May 29, 2025.

Pursuant to the Court's January 24, 2025 order, Lead Plaintiff and Defendants participated in a confidential mediation session with Miles Ruthberg of Phillips ADR, an experienced mediator, on June 4, 2025. The mediation session was preceded by the submission and exchange of mediation statements by both Lead Plaintiff and Defendants. The Parties engaged in a day-long, good-faith negotiations, and following the end of the mediation, Mr. Ruthberg issued a mediator's proposal to settle the Litigation for $41.5 million, to be paid by Defendants and/or their insurers on behalf of Defendants for the benefit of the Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court. The Parties accepted the mediator's proposal, and proceeded to negotiate the Stipulation of Settlement and its supporting exhibits, including this Notice. The Stipulation of Settlement reflects the binding and final agreement of the Parties.

Defendants deny each and all of the claims and contentions of wrongdoing or violations of law alleged by Lead Plaintiff in the Action, as well as any and all allegations of fault, liability, wrongdoing, or damages against them arising out of any of the statements or omissions alleged, or that could have been alleged, in the Litigation. Defendants deny that they made any materially false or misleading statements, or engaged in any scheme giving rise to any liability under the

federal securities laws. Defendants deny that any of the Defendants, or any other agent of Equinix, acted with the requisite intent to commit a violation of the federal securities laws. Defendants maintain that their conduct was at all times proper and in compliance with applicable law. Defendants also deny that any losses allegedly suffered by Members of the Class were caused by any allegedly false or misleading statements by them; that any Class Member, including Lead Plaintiff, suffered any damages; or that any Class Member, including Lead Plaintiff, was harmed by any conduct alleged in the Litigation or that could have been alleged therein. Defendants continue to believe that the claims asserted against them in the Action are without merit. Defendants also maintain that they have meritorious defenses to all claims that were raised or could have been raised in the Action.

| 3. | **Why is there a settlement?** |
|----|-------------------------------|

The Court has not decided in favor of Defendants or the Lead Plaintiff. Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Lead Plaintiff agreed to the Settlement in order to ensure that Class Members will receive compensation.

## WHO IS IN THE SETTLEMENT

| 4. | **How do I know if I am a Member of the Class?** |
|----|--------------------------------------------------|

The Court directed that everyone who fits this description is a Class Member: all Persons who purchased or otherwise acquired Equinix common stock between May 3, 2019, and March 24, 2024, inclusive, and who suffered damages by Defendants' alleged violations of §§10(b) and 20(a) of the Exchange Act, except those Persons and entities that are excluded.

Excluded from the Class are: (1) Defendants and members of the immediate families of each Individual Defendant; (2) the officers, directors, and affiliates of Defendants, at all relevant times, and members of their immediate families; (3) the legal representatives, heirs, successors, or assigns of any of the foregoing; and (4) any entity in which any Defendant has or had a controlling interest. Also excluded from the Class are those Persons who timely and validly exclude themselves therefrom by submitting a request for exclusion in accordance with the requirements set forth in question 11 below.

**Please Note**: Receipt of this Notice or the Summary Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Class Member and you wish to be eligible to participate in the distribution of the proceeds from the Settlement, you are required to submit the Proof of Claim and the required supporting documentation as set forth therein postmarked or submitted online at www.EquinixSecuritiesSettlement.com on or before _____, 2025.

| 5. | **What if I am still not sure if I am included?** |
|----|---------------------------------------------------|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at 888-777-6598, or you can fill out and return the Proof of Claim, to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 6. | **What does the Settlement provide?** |
|----|---------------------------------------|

The Settlement provides that, in exchange for the release of the Released Plaintiff's Claims (defined below) and dismissal of the Action, Defendants have agreed to pay (or cause to be paid

by their insurers) $41.5 million in cash to be distributed after taxes, tax expenses, notice and claims administration expenses, and approved fees and expenses, *pro rata*, to Class Members who send in a valid Proof of Claim pursuant to the Court-approved Plan of Allocation.  The Plan of Allocation is described in more detail at the end of this Notice.

| 7. | How much will my payment be? |
|---|---|

Your share of the Net Settlement Fund will depend on several things, including the total value of Equinix common stock represented by the valid Proofs of Claim that Class Members send in, compared to the value of your claim, all as calculated under the Plan of Allocation discussed below.

### HOW YOU GET A PAYMENT – SUBMITTING A PROOF OF CLAIM

| 8. | How can I get a payment? |
|---|---|

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim. A Proof of Claim may be downloaded at www.EquinixSecuritiesSettlement.com.  Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail it to the Claims Administrator at the address provided in the Proof of Claim or submit it online at www.EquinixSecuritiesSettlement.com so that it is postmarked or received no later than _____, 2025**.

| 9. | When would I get my payment? |
|---|---|

**The Court will hold a Settlement Hearing on _____, 2025, at _____ _.m.**, to decide whether to approve the Settlement.  If the Court approves the Settlement, there might be appeals.  It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them.  It also takes time for all the Proofs of Claim to be processed.  Please be patient.

| 10. | What am I giving up to get a payment or to stay in the Class? |
|---|---|

Unless you timely and validly exclude yourself, you are staying in the Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or the other "Released Defendant Parties" (as defined below) about the "Released Plaintiff's Claims" (as defined below) in this case.  It also means that all of the Court's orders will apply to you and legally bind you.  If you remain a Class Member, and if the Settlement is approved, you will give up all Released Plaintiff's Claims, including "Unknown Claims" (as defined below), against the "Defendants' Released Persons" (as defined below):

- "Released Plaintiff's Claims" means all claims and causes of action of every nature and description, whether known or unknown, including Unknown Claims (as defined below), demands, losses, and rights, whether arising under federal, state, common, foreign law, or any other law, rule, or regulation, that Lead Plaintiff or any other Member of the Class: (i) asserted in the Complaint or could have asserted in any forum, that arise out of or relate to any of the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Litigation, the Complaint, or any previous complaint filed in the Litigation; and (ii) that arise out of or relate to the purchase or acquisition of Equinix common stock during the Class Period.  Released Plaintiff's Claims do not include: (i) any claims related to the enforcement of the Settlement; (ii) any claims asserted in any

EX 1 - NOTICE OF PENDENCY AND PROPOSED SETTLEMENT
OF CLASS ACTION - 3:24-cv-02656-VC                                                          - 6 -

previously filed or pending shareholder derivative or ERISA actions; or (iii) any claims of any Person who or which submits a request for exclusion that is accepted by the Court. Nothing in the foregoing shall release or preclude the refiling of any demand or shareholder derivative litigation in any other court, as described in *Gandhi v. Meyers, et al.*, Case No. 3:25-cv-02054-VC (N.D. Cal.) (ECF 25), and *Benkovski v. Meyers, et al.*, Case No. 3:25-cv-01642-VC (N.D. Cal.) (ECF 26).

- "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common, or foreign law, against Releasing Plaintiff Parties (as defined below) that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation, except for claims relating to the enforcement of the Settlement or any claims against any Person who or which submits a request for exclusion that is accepted by the Court.

- "Released Defendant Party" or "Released Defendant Parties" or "Defendants' Released Persons" mean any or all of Defendants' and their current and former employers, officers, directors, agents, servants, representatives, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, advisors, auditors, immediate family members, underwriters, insurers, reinsurers, employees, attorneys, and each other their respective heirs, executors, administrators, successors and assigns, in their capacities as such, including, but not limited to, Equinix and any of its subsidiaries.

- "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" mean Lead Plaintiff, all other plaintiffs in the Litigation, their respective attorneys, all other Class Members, and their respective current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

- "Unknown Claims" means: (a) any and all Released Plaintiff's Claims that the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and including, without limitation, those that, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden. With respect to: (a) any and all Released Plaintiff's Claims against the Released Defendant Parties; and (b) any and all Released Defendants' Claims against the Releasing Plaintiff Parties, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and protections conferred by California Civil Code §1542 and by any law of any state or territory of the United

States, or principle of common law or foreign law, that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiff's Claims or Released Defendants' Claims, but: (a) the Releasing Plaintiff Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiff's Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities; and (b) the Released Defendant Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiff, the Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue the Defendants and the other Released Defendant Parties, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Class.  This is called excluding yourself – or is sometimes referred to as "opting out."  If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Action, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.

| **11.** | **How do I get out of the Class and the proposed Settlement?** |
|---|---|

To exclude yourself from the Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *Equinix Securities Settlement*." Your letter must include your purchases or acquisitions of Equinix common stock during the Class Period, including the dates and the number of Equinix common shares you: (a) owned as of the opening of trading on May 3, 2019; and (b) purchased, otherwise acquired, and/or sold during the Class Period, as well as the price paid for each such purchase or other acquisition and received for each such sale. In addition, you must include your name, address, telephone number, and your signature. You must submit your exclusion request so that it is **postmarked no later than _____, 2025** to:

*Equinix Securities Settlement*
Claims Administrator
c/o Verita Global
ATTN: EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Defendant Parties about the Released Plaintiff's Claims in the future.

| **12.** | **If I do not exclude myself, can I sue the Defendants and the other Released Defendant Parties for the same thing later?** |
|---|---|

No. Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Released Defendant Parties for any and all Released Plaintiff's Claims. If you have a pending lawsuit against the Released Defendant Parties, speak to your lawyer in that case immediately. You must exclude yourself from the Class in this Action to continue your own lawsuit. Remember, the exclusion deadline is _____, 2025.

| **13.** | **If I exclude myself, can I get money from the proposed Settlement?** |
|---|---|

No. If you exclude yourself, you should not send in a Proof of Claim to ask for any money. But you may have the right to potentially sue or be part of a different lawsuit against the Defendants and the other Released Defendant Parties.

### THE LAWYERS REPRESENTING YOU

| **14.** | **Do I have a lawyer in this case?** |
|---|---|

The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represents the Class Members, including you. These lawyers are called Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **15.** | **How will the lawyers be paid?** |
|---|---|

Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed twenty-five percent (25%) of the Settlement Amount and for expenses, costs, and charges in an amount not to exceed $300,000 in connection with prosecuting the Action, plus interest on such fees and

expenses at the same rate as earned by the Settlement Fund.  Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

| **16.** | **How do I tell the Court that I object to the proposed Settlement?** |
| --- | --- |

If you are a Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's fee and expense application.  You can ask the Court to deny approval by filing an objection.  You can't ask the Court to order a different settlement; the Court can only approve or reject the Settlement.  If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue.  If that is what you want to happen, you should object.  You can write to the Court setting out your comment or objection. The Court will consider your views.  All written objections and supporting papers must: (i) clearly identify the case name and number (*Uniformed Sanitationmen's Association Compensation Accrual Fund v. Equinix, Inc., et al.*, 3:24-cv-02656-VC); (ii) be submitted to the Court either by mailing them to the Clerk of the Court, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California; and (iii) be filed or postmarked on or before _____, 2025.  Include your name, address, telephone number, and your signature (even if you are represented by counsel), including the number of Equinix common shares you: (a) owned as of the opening of trading on May 3, 2019; and (b) purchased, otherwise acquired, and/or sold during the Class Period, as well as the dates and prices for each such purchase, other acquisition or sale, and state with specificity your comments or the reasons why you object to the proposed Settlement, Plan of Allocation, and/or fee and expense application, including any legal and evidentiary support for such objection.  Any objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class.  You must also identify all other class action settlements in which you or your counsel have filed objections in the past five years.  You must also include copies of documents demonstrating all of your purchase(s), acquisitions, and/or sale(s) of Equinix common stock during the Class Period.

| **17.** | **What is the difference between objecting and excluding?** |
| --- | --- |

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Class.

Excluding yourself is telling the Court that you do not want to recover money from the Settlement and do not want to release any claims you think you may have against Defendants and the other Released Defendant Parties.  If you exclude yourself, you cannot object to the Settlement because it does not affect you.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement.  You may attend and you may ask to speak, but you do not have to.

| **18.** | **When and where will the Court decide whether to approve the proposed Settlement?** |
| --- | --- |

The Court will hold a Settlement Hearing at _:____ .m., on _____, **2025**, before the Honorable Vince Chhabria, via Zoom, at the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden

Gate Avenue, San Francisco, CA 94102. At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate. If there are objections, the Court will consider them, even if you do not ask to speak at the hearing. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much Lead Counsel will be paid. After the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation. We do not know how long these decisions will take. You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Class Members. If you want to attend the hearing, you should check with Lead Counsel or the Settlement website, www.EquinixSecuritiesSettlement.com, beforehand to be sure that the date and/or time has not changed.

| **19.** | **Do I have to attend the hearing?** |
|---|---|

No. Lead Counsel will answer any questions the Court may have. But, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| **20.** | **May I speak at the hearing?** |
|---|---|

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *Equinix Securities Settlement*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or any awards to Lead Counsel and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing. Your notice of intention to appear must be **filed or postmarked no later than _____, 2025**.

You cannot speak at the hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

| **21.** | **What happens if I do nothing?** |
|---|---|

If you do nothing, you will not receive any money from this Settlement. In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants and/or the other Released Defendant Parties about the Released Plaintiff's Claims in this case.

## GETTING MORE INFORMATION

| **22.** | **How do I get more information?** |
|---|---|

This Notice contains only a summary of the terms of the proposed Settlement. For even more detailed information concerning the matters involved in this Action, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 888-777-6598. Reference is made to the Settlement Agreement, to the pleadings in support of the Settlement, to the Orders entered by the Court and to the other Settlement related papers filed in the Action, which are posted on the Settlement website at www.EquinixSecuritiesSettlement.com. You may also access the Court docket in this case, for a

fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

## PLAN OF ALLOCATION OF NET SETTLEMENT
## FUND AMONG CLASS MEMBERS

The Settlement Amount of $41.5 million together with any interest earned thereon is the "Settlement Fund." The Settlement Fund, less all taxes, tax expenses, notice and claims administration expenses, and approved fees and expenses (the "Net Settlement Fund") shall be distributed to Class Members who submit timely and valid Proofs of Claim to the Claims Administrator ("Authorized Claimants"). The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have an overall net loss on all of your transactions in Equinix common stock during the Class Period.

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Class Members based on their respective alleged economic losses resulting from the securities law violations alleged in the Action.

The Plan of Allocation is intended to compensate investors who purchased or otherwise acquired Equinix common stock between May 3, 2019, and March 24, 2024, inclusive, and have held through the issuance of at least one corrective disclosure. In this case, Lead Plaintiff alleges that Defendants made false statements and omitted material facts during the Class Period, which had the effect of artificially inflating the prices of Equinix common stock. Lead Plaintiff alleges that corrective information allegedly impacted the price of Equinix stock (the "corrective disclosure") on March 20, 2024, March 21, 2024, and March 25, 2024. The Plan of Allocation is intended to compensate investors who purchased or otherwise acquired Equinix common stock during the Class Period, held through the issuance of at least one corrective disclosure, and have a "Recognized Loss Amount" as described below.[2]

The Plan of Allocation is not a formal damages analysis. The Recognized Loss Amount is not intended to estimate the amount a Class Member may have been able to recover after a trial, nor to estimate the amount you will receive. It is a formula for allocating the Net Settlement Fund among all Authorized Claimants. The allocation below is based on the following inflation per common share amounts for Class Period share purchases and sales as well as the statutory PSLRA 90-day look-back amount of $762.89 per Equinix common share.[3] Furthermore, if any of the formulas set forth below yield an amount less than $0.00, the claim per share shall be $0.00.

---

[2] Any transactions in Equinix common stock executed outside regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next trading session.

[3] "In any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with §28(D)(e)(1) of the Exchange Act, Recognized Loss Amounts for Equinix common stock are reduced to an appropriate extent by taking into account the closing prices of Equinix common stock during the 90-day look-back

Lead Plaintiff developed the Plan of Allocation in consultation with Lead Plaintiff's damages consultant. In developing the Plan of Allocation, Lead Plaintiff's damages consultant calculated the estimated amount of alleged artificial inflation in the price of Equinix common stock that was allegedly proximately caused by Defendants' alleged materially false and misleading statements and omissions which survived Defendants' motion to dismiss. In calculating the estimated inflationary impact of those misrepresentations and omissions, Lead Plaintiff's damages consultant considered the price changes in Equinix common stock in reaction to the relevant alleged corrective disclosures, adjusting the price change for factors that were attributable to market or industry forces and other non-fraud related factors. Defendants had no role in the creation of the Plan of Allocation.

In order to have recoverable damages under the federal securities laws, disclosures of the alleged misrepresentations and/or omissions must be a cause of the decline in the price of the security. In this Action, Lead Plaintiff alleges that corrective information allegedly impacting the price of Equinix common stock and determined to result in potentially recoverable damages (the "corrective disclosure") was released to the market on March 20, 2024, March 21, 2024, and March 25, 2024. In order to have a "Recognized Loss Amount" under the Plan of Allocation, Equinix common stock must have been purchased or acquired during the Class Period and held through the issuance of at least one corrective disclosure.

As detailed below, the Net Settlement Fund will be allocated on a *pro rata* basis according to recognized claims for class member damages.

Based on the formulas stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Equinix common stock during the Class Period that is listed on the Proof of Claim and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formulas below, that Recognized Loss Amount will be zero.

For each share of Equinix publicly traded common stock purchased or otherwise acquired from May 3, 2019, through March 24, 2024, and:

      (a)      sold prior to March 20, 2024, the Recognized Loss Amount will be $0.00;

      (b)      sold on March 20, 2024 through May 24, 2024, inclusive, the Recognized Loss Amount will be ***the lesser of***: (i) the decline in inflation during the holding period (as presented in Table 1 below), and (ii) the purchase price minus the sale price;

      (c)      sold from March 25, 2024, through and including the close of trading on June 21, 2024, the Recognized Loss Amount will be ***the least of***: (i) the decline in inflation during the holding period (as presented in Table 1 below), (ii) the purchase price minus the sale price, or (iii) the purchase price minus the average closing price between March 21, 2024, and the date of sale as stated in Table 2 below; and

      (d)      held as of the close of trading on June 21, 2024, the Recognized Loss Amount will be ***the lesser of***: (i) the decline in inflation during the holding period (as presented in Table 1 below), or (ii) the purchase price minus $762.89, the average closing price for Equinix common stock between March 25, 2024, and June 21, 2024 (the last entry in Table 2 below).

---

period. The mean (average) closing price for Equinix common stock during this 90-day look-back period was $762.89 per share as shown in Table 2.

**TABLE 1**

**Decline in Inflation per Share by Date of Purchase and Date of Sale**

| Purchase Date | Sale Date | | | |
|---|---|---|---|---|
| | 5/3/2019 - 3/19/2024 | 3/20/2024 | 3/21/2024 - 3/24/2024 | Sold on or Retained Beyond 3/25/2024 |
| 5/3/2019 - 3/19/2024 | $0.00 | $9.00 | $15.04 | $15.62 |
| 3/20/2024 | | $0.00 | $6.04 | $6.62 |
| 3/21/2024 - 3/24/2024 | | | $0.00 | $0.58 |
| Purchased on or Beyond 3/25/2024 | | | | $0.00 |

**TABLE 2**

**Equinix Common Stock Average Closing Prices**

| Date | Average Closing Price Between March 25, 2024 and Date Shown | Date | Average Closing Price Between March 25, 2024 and Date Shown |
|---|---|---|---|
| 3/25/2024 | $792.52 | 5/8/2024 | $755.18 |
| 3/26/2024 | $796.30 | 5/9/2024 | $755.70 |
| 3/27/2024 | $802.63 | 5/10/2024 | $755.76 |
| 3/28/2024 | $808.31 | 5/13/2024 | $756.36 |
| 4/1/2024 | $806.66 | 5/14/2024 | $757.29 |
| 4/2/2024 | $804.33 | 5/15/2024 | $758.71 |
| 4/3/2024 | $802.12 | 5/16/2024 | $759.78 |
| 4/4/2024 | $799.49 | 5/17/2024 | $760.81 |
| 4/5/2024 | $797.81 | 5/20/2024 | $761.67 |
| 4/8/2024 | $796.85 | 5/21/2024 | $762.41 |
| 4/9/2024 | $797.25 | 5/22/2024 | $762.87 |
| 4/10/2024 | $795.48 | 5/23/2024 | $762.98 |
| 4/11/2024 | $793.81 | 5/24/2024 | $763.05 |
| 4/12/2024 | $791.68 | 5/28/2024 | $763.17 |
| 4/15/2024 | $788.51 | 5/29/2024 | $763.11 |
| 4/16/2024 | $785.61 | 5/30/2024 | $763.05 |
| 4/17/2024 | $782.61 | 5/31/2024 | $763.05 |
| 4/18/2024 | $780.24 | 6/3/2024 | $762.81 |
| 4/19/2024 | $778.54 | 6/4/2024 | $762.85 |
| 4/22/2024 | $777.35 | 6/5/2024 | $762.77 |
| 4/23/2024 | $776.61 | 6/6/2024 | $762.77 |
| 4/24/2024 | $775.71 | 6/7/2024 | $762.59 |
| 4/25/2024 | $774.09 | 6/10/2024 | $762.59 |
| 4/26/2024 | $772.32 | 6/11/2024 | $762.55 |
| 4/29/2024 | $770.48 | 6/12/2024 | $762.53 |
| 4/30/2024 | $768.20 | 6/13/2024 | $762.60 |
| 5/1/2024 | $765.50 | 6/14/2024 | $762.66 |
| 5/2/2024 | $763.11 | 6/17/2024 | $762.66 |
| 5/3/2024 | $760.94 | 6/18/2024 | $762.85 |
| 5/6/2024 | $758.70 | 6/20/2024 | $762.86 |
| 5/7/2024 | $757.19 | 6/21/2024 | $762.89 |

For Class Members who held Equinix common stock at the beginning of the Class Period or made multiple purchases, acquisitions, or sales during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases, acquisitions, and sales for purposes of calculating a claim. Under the FIFO method, sales of Equinix common stock during the Class Period will be matched, in chronological order, first against Equinix common stock held at the beginning of the Class Period. The remaining sales of Equinix common stock during the Class

Period will then be matched, in chronological order, against Equinix common stock purchased or acquired during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, after all profits from transactions in all Equinix common stock described above during the Class Period are subtracted from all losses. However, the proceeds from sales of Equinix common stock that have been matched against Equinix common stock held at the beginning of the Class Period will not be used in the calculation of such net loss. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

If a claimant had a market gain with respect to their overall transactions in Equinix common stock during the Class Period, the value of the claimant's Recognized Loss Amount will be zero. If a claimant suffered an overall market loss with respect to their overall transactions in Equinix common stock during the Class Period, but that market loss was less than the claimant's total Recognized Loss Amount calculated above, then the claimant's Recognized Loss Amount will be limited to the amount of the actual market loss. For purposes of determining whether a claimant had a market gain, or suffered a market loss, with respect to a claimant's overall transactions of Equinix common stock during the Class Period, the Claims Administrator will determine the difference between, the claimant's (i) Total Purchase Amount[4] and (ii) the sum of the Total Sales Proceeds[5] and Holding Value.[6]

A purchase, acquisition, or sale of Equinix common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. All purchase, acquisition, and sale prices shall exclude any fees and commissions. The receipt or grant by gift, devise, or operation of law of Equinix common stock during the Class Period shall not be deemed a purchase, acquisition, or sale of Equinix common stock for the calculation of a claimant's recognized claim nor shall it be deemed an assignment of any claim relating to the purchase or acquisition of such share unless specifically provided in the instrument of gift or assignment. The receipt of Equinix common stock during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or acquisition of Equinix common stock.

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved. If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to

---

[4]   The "Total Purchase Amount" is the total amount the claimant paid (excluding commissions and other charges) for Equinix common stock purchased or otherwise acquired during the Class Period.

[5]   The Claims Administrator will match any sales of Equinix common stock from the start of the Class Period through and including the close of trading on March 24, 2024, first against the claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of Equinix common stock sold from the start of the Class Period through and including the close of trading on March 24, 2024, will be the "Total Sales Proceeds."

[6]   The Claims Administrator will ascribe a "Holding Value" equal to $792.52 for each share of Equinix common stock purchased or acquired during the Class Period and still held as of the close of trading on March 24, 2024.

Class Members.  Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to non-sectarian, not for profit organization(s), to be recommended by Lead Counsel and approved by the Court.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim.  If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request for review.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants.  Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim.  No Person shall have any claim against Lead Plaintiff, Lead Counsel, the Claims Administrator, or other Person designated by Lead Counsel, Defendants, or Defendants' Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.  All Class Members who fail to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or acquired Equinix common stock during the Class Period for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) CALENDAR DAYS OF YOUR RECEIPT OF THE SUMMARY NOTICE, you either (a) provide to the Claims Administrator the name and last known email or physical address of each person or organization for whom or which you purchased or acquired such Equinix common stock during such time period, or (b) request additional copies of the Summary Notice, which will be provided to you free of charge, and within seven (7) calendar days send via email or regular mail where an email address is not available, mail the Summary Notice directly to the beneficial owners of the Equinix common stock referred to herein.  If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the email was sent or the mailing was made as directed and retain the names, email addresses or physical addresses for any future mailings to Class Members.  You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners.  Reasonable out-of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses and email addresses to the Claim Administrator per record; up to a maximum of $0.03 per

Summary Notice emailed or mailed by you, plus postage at the rate used by the Claims Administrator. Your reasonable expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator at:

*Equinix Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301133
Los Angeles, CA 90030-1133


DATED: _____        _____
                             BY ORDER OF THE COURT
                             UNITED STATES DISTRICT COURT
                             NORTHERN DISTRICT OF CALIFORNIA

# EXHIBIT 2

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
HADIYA K. DESHMUKH (328118)
HAILEY S. ZANUTTO (358143)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
hdeshmukh@rgrdlaw.com
hzanutto@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIFORMED SANITATIONMEN'S ASSOCIATION COMPENSATION ACCRUAL FUND,<br><br>                          Plaintiff,<br><br>       vs.<br><br>EQUINIX, INC., et al.,<br><br>                        Defendants. | Case No. 3:24-cv-02656-VC<br><br>CLASS ACTION<br><br>PROOF OF CLAIM AND RELEASE<br><br>EXHIBIT 2 |

## I.    GENERAL INSTRUCTIONS

1.    To recover as a Member of the Class based on your claims in the action entitled *Uniformed Sanitationmen's Association Compensation Accrual Fund v. Equinix, Inc.*, No. 3:24-cv-02656-VC (the "Action" or the "Litigation"), you must complete and, on page __ hereof, sign this Proof of Claim and Release ("Claim Form").  If you fail to submit a properly addressed (as set forth in paragraph 3 below) Claim Form, postmarked or received by the date shown below, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Action (the "Settlement").[1]

2.    Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement.

3.    YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED CLAIM FORM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN _____, 2025, TO THE COURT-APPOINTED CLAIMS ADMINISTRATOR IN THIS CASE, AT THE FOLLOWING ADDRESS:

*Equinix Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301133
Los Angeles, CA 90030-1133
Online Submissions: www.EquinixSecuritiesSettlement.com

Do not mail or deliver your Claim Form to the Court, the Parties to the Action, or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above.  If you are NOT a Member of the Class (as defined below and in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice")), DO NOT submit a Claim Form.

4.    If you are a Member of the Class and you do not request exclusion, you will be bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

---

[1]    This Claim Form incorporates by reference the definitions in the Stipulation of Settlement ("Stipulation"), which can be obtained at www.EquinixSecuritiesSettlement.com.

5.      It is important that you completely read and understand the Notice that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how the Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice (as well as the Stipulation) also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

## II.    CLAIMANT IDENTIFICATION

You are a Member of the Class if you purchased or otherwise acquired Equinix, Inc. ("Equinix") common stock during the period between May 3, 2019, and March 24, 2024, inclusive, and suffered damages by Defendants' alleged violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Class Period").  Excluded from the Class are: (1) Defendants and members of the immediate families of each Individual Defendant; (2) the officers, directors, and affiliates of Defendants, at all relevant times, and members of their immediate families; (3) the legal representatives, heirs, successors, or assigns of any of the foregoing; and (4) any entity in which any Defendant has or had a controlling interest.  Also excluded from the Class is any Person who would otherwise be a Member of the Class but who validly and timely requests exclusion in accordance with the requirements set by the Court.

Use Part I of this Claim Form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee"), if different from the beneficial purchaser or acquirer of the Equinix common stock which forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE EQUINIX COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this Claim Form.  Executors, administrators, guardians, conservators, and trustees must complete and sign this Claim Form on behalf of persons

represented by them and their authority must accompany this Claim Form and their titles or capacities must be stated.  The last four digits of the Social Security number (or full taxpayer identification number) and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a Member of the Class (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Member of the Class.  Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

One Claim Form should be submitted for each separate legal entity.  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity, including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files.  All claimants MUST submit a manually signed paper Claim Form listing all their transactions whether or not they also submit electronic copies.  If you wish to file your Claim Form electronically, you must contact the Claims Administrator at edata@veritaglobal.com to obtain the mandatory file layout.  Any file not in accordance with the required electronic filing format will be subject to rejection.  Only one Claim Form should be submitted for each legal entity (*see* above) and the ***complete*** name of the beneficial owner(s) of the securities must be entered where called for.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written

acknowledgement of receipt and acceptance of electronically submitted data.  Do not assume that your file has been received until you receive this notification.  If you do not receive such an email within 10 days of your submission you should contact the electronic filing department at edata@veritaglobal.com to inquire about your file and confirm it was received.

### III.    CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Equinix Common Stock" of this Claim Form to supply all required details of your transaction(s) in Equinix common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your holdings, purchases or acquisitions, and *all* of your sales of Equinix common stock, whether such transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.

List these transactions separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

For short-sale transactions, the date of covering a "short sale" is deemed to be the date of purchase of Equinix common stock, and the date of a "short sale" is deemed to be the date of sale of Equinix common stock.

For each transaction, you must provide, together with this Claim Form, copies of stockbroker confirmation slips, stockbroker statements, or other documents adequately evidencing your transactions in Equinix common stock.  If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.  **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN EQUINIX COMMON STOCK**.

PLEASE NOTE:  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any

Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

*Uniformed Sanitationmen's Association Compensation Accrual Fund v. Equinix, Inc., et al.*

Case No. 3:24-cv-02656-VC

PROOF OF CLAIM AND RELEASE

Must Be Postmarked (if mailed) or Received (if submitted online) No Later Than:

_____, 2025

<u>Please Type or Print</u>

**REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN EQUINIX COMMON STOCK.   FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

**PART I: CLAIMANT IDENTIFICATION**

Last Name

M.I.    First Name

Last Name (Co-Beneficial Owner)

M.I.    First Name (Co-Beneficial Owner)

○ IRA     ○ Joint Tenancy     ○ Employee     ○ Individual     ○ Other____

(specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

LAST 4 DIGITS OF
SOCIAL SECURITY NUMBER          or          Taxpayer Identification Number
—

Telephone Number (Primary Daytime)          Telephone Number (Alternate)
—     —                                         —     —

Email Address

**MAILING INFORMATION**

Address

Address

City          State     Zip Code

Foreign Province          Foreign Postal Code          Foreign Country Name/Abbreviation

PART II:    SCHEDULE OF TRANSACTIONS IN EQUINIX COMMON STOCK

A.    Number of shares of Equinix common stock held at the close of trading on May 2, 2019: _____

Proof Enclosed?

○ Y
○ N

B.    Purchases or acquisitions of Equinix common stock between May 3, 2019, and June 21, 2024, inclusive:[2]

| Trade Date<br>Month Day Year | Number of Shares<br>Purchased or Acquired | Total Purchase or<br>Acquisition Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

---

[2]    Information requested about your purchases or acquisitions on March 24, 2024 through and including the close of trading on June 21, 2024 is needed only in order for the Claims Administrator to confirm that you have reported all relevant transactions. Purchases or acquisitions during this period are not eligible for a recovery because they were made outside the Class Period.

C.    Sales of Equinix common stock between May 3, 2019, and June 21, 2024, inclusive:

| SALES | Trade Date(s) of Shares (List Chronologically) | Number of Shares Sold | Total Sales Price (Excluding Commissions, Taxes and Fees) Please round off to the nearest whole dollar | Proof of Sales Enclosed? |
|---|---|---|---|---|
| | M M / D D / Y Y Y Y | | | |
| 1. | ☐☐ / ☐☐ / ☐☐☐☐ | ☐☐☐☐☐☐ | $ ☐☐☐☐☐☐☐☐ . 0 0 | ○Y ○N |
| 2. | ☐☐ / ☐☐ / ☐☐☐☐ | ☐☐☐☐☐☐ | $ ☐☐☐☐☐☐☐☐ . 0 0 | ○Y ○N |
| 3. | ☐☐ / ☐☐ / ☐☐☐☐ | ☐☐☐☐☐☐ | $ ☐☐☐☐☐☐☐☐ . 0 0 | ○Y ○N |
| 4. | ☐☐ / ☐☐ / ☐☐☐☐ | ☐☐☐☐☐☐ | $ ☐☐☐☐☐☐☐☐ . 0 0 | ○Y ○N |

D.    Number of shares of Equinix common stock held at the close of trading on March 24, 2024:

Proof Enclosed?
○ Y
○ N

E.    Number of shares of Equinix common stock held at the close of trading on June 21, 2024:

Proof Enclosed?
○ Y
○ N

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE _____.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Claim Form under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California with respect to my (our) claim as a Member of the Class and for purposes of enforcing the releases set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of the Stipulation and any judgment that may be entered in the Action, including the releases and the covenants set forth herein.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any

other claim covering the same purchases, acquisitions, or sales of Equinix common stock during the Class Period and know of no other Person having done so on my (our) behalf.

## V.    RELEASES

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release from the "Released Plaintiff's Claims" (as defined below") each and all of the "Released Defendant Parties" (as defined below).

2.    "Released Plaintiff's Claims" means all claims and causes of action of every nature and description, whether known or unknown, including Unknown Claims (as defined below), demands, losses, and rights, whether arising under federal, state, common, foreign law, or any other law, rule, or regulation, that Lead Plaintiff or any other Member of the Class: (i) asserted in the Complaint or could have asserted in any forum, that arise out of or relate to any of the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Litigation, the Complaint, or any previous complaint filed in the Litigation; and (ii) that arise out of or that relate to the purchase or acquisition of Equinix common stock during the Class Period.  Released Plaintiff's Claims do not include: (i) any claims related to the enforcement of the Settlement; (ii) any claims asserted in any previously filed or pending shareholder derivative or ERISA actions; or (iii) any claims of any Person who or which submits a request for exclusion that is accepted by the Court.  Nothing in the foregoing shall release or preclude the filing of any demand or shareholder derivative litigation in any other court, as described in Gandhi v. Meyers, et al., Case No. 3:25-cv-02054-VC (N.D. Cal.) (ECF 25), and Benkovski v. Meyers, et al., Case No. 3:25-cv-01642-VC (N.D. Cal.) (ECF 26).

3.    "Released Defendant Party" or "Released Defendant Parties" or "Defendants' Released Persons" mean any or all of Defendants and their current and former employers, officers, directors, agents, servants, representatives, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, advisors, auditors, immediate family members, underwriters, insurers, reinsurers, employees, attorneys, and each of their respective hairs, executors,

administrators, successors and assigns, in their capacities as such, including, but not limited to, Equinix and any of its subsidiaries.

4.      "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common, or foreign law, against Releasing Plaintiff Parties that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation, except for claims relating to the enforcement of the Settlement or any claims against any Person who or which submits a request for exclusion that is accepted by the Court.

5.      "Unknown Claims" means: (a) any and all Released Plaintiff's Claims that the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and including, without limitation, those that, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement.  Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden.  With respect to: (a) any and all Released Plaintiff's Claims against the Released Defendant Parties; and (b) any and all Released Defendants' Claims against the Releasing Plaintiff Parties, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and protections conferred by California Civil Code §1542 and by any law of any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing
> party does not know or suspect to exist in his or her favor at the time of executing

the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiff's Claims or Released Defendants' Claims, but: (a) the Releasing Plaintiff Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiff's Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities; and (b) the Released Defendant Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiff, the Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Parties acknowledge, and the

Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

6.      These releases shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

7.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any claim or matter released pursuant to this release or any other part or portion thereof.

8.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions, and sales of Equinix common stock that occurred during the relevant period and the number of Equinix common shares held by me (us) at the close of trading on May 2, 2019, March 24, 2024, and June 21 2024.

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____ in _____
                                              (Month/Year)                                    (City/State/Country)

_____          _____
(Sign your name here)                                               (Sign your name here)

_____          _____
(Type or print your name here)                                    (Type or print your name here)

_____          _____
(Capacity of person(s) signing, *e.g.*,                           (Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser, Executor or Administrator)          Beneficial Purchaser, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.
2. If this Claim is being made on behalf of Joint Claimants, then both must sign.
3. Remember to attach copies of supporting documentation, if available.
4. **Do not send** originals of certificates.
5. Keep a copy of your claim form and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your claim form please send it Certified Mail, Return Receipt Requested.
7. If you move, please send your new address to the address below.
8. **Do not use** red pen or highlighter on the Proof of Claim and Release form or supporting documentation.

**THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN \_\_\_\_ \_\_, 2025, ADDRESSED AS FOLLOWS:**

*Equinix Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301133
Los Angeles, CA 90030-1133
www.EquinixSecuritiesSettlement.com

# EXHIBIT 3

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
HADIYA K. DESHMUKH (328118)
HAILEY S. ZANUTTO (358143)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
hdeshmukh@rgrdlaw.com
hzanutto@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIFORMED SANITATIONMEN'S ASSOCIATION COMPENSATION ACCRUAL FUND,<br><br>                  Plaintiff,<br><br>   vs.<br><br>EQUINIX, INC., et al.,<br><br>                  Defendants. | Case No. 3:24-cv-02656-VC<br><br>CLASS ACTION<br><br>SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION<br><br>EXHIBIT 3 |

**TO:    ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED EQUINIX, INC. ("EQUINIX") COMMON STOCK BETWEEN MAY 3, 2019, AND MARCH 24, 2024, INCLUSIVE ("CLASS" OR "CLASS MEMBERS")**

**THIS NOTICE WAS AUTHORIZED BY THE COURT.  IT IS NOT A LAWYER SOLICITATION.   PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED that a hearing will be held on _____, 2025, at __:__ _.m., via Zoom, before the Honorable Vince Chhabria at the United States District Court, Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, to determine whether: (1) the proposed settlement (the "Settlement") of the above-captioned action as set forth in the Stipulation of Settlement ("Stipulation")[1] for $41,500,000 in cash should be approved by the Court as fair, reasonable, and adequate; (2) the Judgment as provided under the Stipulation should be entered dismissing the Action with prejudice; (3) to award Lead Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), which is discussed below), and, if so, in what amounts; and (4) the Plan of Allocation should be approved by the Court as fair, reasonable, and adequate.

IF YOU ARE A MEMBER OF THE CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF THIS ACTION, AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND.

To share in the distribution of the Net Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form ("Proof of Claim") by mail **(postmarked no later than _____, 2025)** or electronically via the website **(no later than _____, 2025)**. Failure to submit your Proof of Claim by _____, 2025, will subject your claim to rejection and preclude you from receiving any of the recovery in connection with the Settlement of this Action.  If you purchased or acquired Equinix common stock between May 3, 2019, and March 24, 2024, inclusive, and do not request exclusion from the Class, you will be bound by the

---

[1]     The Stipulation can be viewed and/or obtained at www.EquinixSecuritiesSettlement.com.

EX 3 - SUMMARY NOTICE OF PROPOSED SETTLEMENT
OF CLASS ACTION - 3:24-cv-02656-VC                                                          - 1 -

Settlement and any judgment and releases entered in the Action, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

You may review the Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), access the Proof of Claim, and find the Stipulation (which, among other things, contains definitions for the defined terms used in this Summary Notice) and other Settlement documents, online at www.EquinixSecuritiesSettlement.com, or by writing to:

*Equinix Securities Settlement*
c/o Verita Global
P.O. Box 301133
Los Angeles, CA 90030-1133

Inquiries should NOT be directed to Defendants, the Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice or for a Proof of Claim, may be made to Lead Counsel:

ROBBINS GELLER RUDMAN & DOWD LLP
Ellen Gusikoff Stewart
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 800/449-4900
settlementinfo@rgrdlaw.com

IF YOU DESIRE TO BE EXCLUDED FROM THE CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS **POSTMARKED BY _____, 2025**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.  ALL CLASS MEMBERS WILL BE BOUND BY THE SETTLEMENT EVEN IF THEY DO NOT SUBMIT A TIMELY PROOF OF CLAIM.

IF YOU ARE A CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, AND/OR THE REQUEST BY LEAD COUNSEL FOR AN AWARD OF ATTORNEYS' FEES NOT TO EXCEED 25% OF THE SETTLEMENT AMOUNT AND EXPENSES NOT TO EXCEED $300,000, PLUS INTEREST ON

BOTH AMOUNTS.    ANY OBJECTIONS MUST BE FILED WITH THE COURT **BY**

_____, 2025**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED: _____         BY ORDER OF THE COURT
                                    UNITED STATES DISTRICT COURT
                                    NORTHERN DISTRICT OF CALIFORNIA