# ATTACHMENT 3

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
HADIYA K. DESHMUKH (328118)
HAILEY S. ZANUTTO (358143)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
hdeshmukh@rgrdlaw.com
hzanutto@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIFORMED SANITATIONMEN'S ASSOCIATION COMPENSATION ACCRUAL FUND,<br><br>                              Plaintiff,<br><br>        vs.<br><br>EQUINIX, INC., et al.,<br><br>                              Defendants. | Case No. 3:24-cv-02656-VC<br><br>CLASS ACTION<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |

WHEREAS, an action is pending before this Court entitled *Uniformed Sanitationmen's Association Compensation Accrual Fund v. Equinix, Inc., et al.*, Case No. 3:24-cv-02656-VC (the "Action" or the "Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with a Stipulation of Settlement dated July 15, 2025 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto;

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation; and

WHEREAS, after a preliminary review, the Settlement appears to be fair, reasonable, and adequate. The Settlement: (a) resulted from arm's-length negotiations overseen by an experienced mediator; (b) eliminates the risks to the Parties of continued litigation; (c) does not provide preferential treatment to Lead Plaintiff or to segments of the Class; (d) does not provide excessive compensation to Lead Counsel; and (e) appears to fall within the range of possible approval and is therefore sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Class. Accordingly, the Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.     The Court has considered the Stipulation under the applicable standard set forth in Fed. R. Civ. P. 23(e)(1)(B). "At the initial [approval] stage, the inquiry should be whether the settlement is 'fair, reasonable, and adequate,' based on any information the district court receives

from the parties or can obtain through its own research," and that inquiry is as rigorous as at the final approval stage. *Cotter v. Lyft*, 193 F. Supp. 3d 1030, 1037 (N.D. Cal. 2016). Having conducted this inquiry, the Court hereby preliminarily approves the Settlement, subject to further consideration at the Settlement Hearing described below.

2. The Court preliminarily finds that the Settlement should be approved as: (a) the result of serious, extensive arm's-length and non-collusive negotiations; (b) falling within a range of reasonableness warranting final approval; (c) having no obvious deficiencies; and (d) warranting notice of the proposed Settlement to Class Members and further consideration of the Settlement at the Settlement Hearing described below.

3. A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2025, at _:__ _.m., via Zoom, at the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, for the following purposes:

(a) to finally determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(b) to finally determine whether Judgment as provided under the Stipulation should be entered, dismissing the Action on the merits and with prejudice, and to determine whether the mutual releases set forth in the Stipulation should be ordered;

(c) to finally determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(d) to consider the application of Lead Counsel for an award of attorneys' fees and expenses;

(e) to consider Class Members' responses to the Settlement, Plan of Allocation, or application for fees and expenses; and

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE - 3:24-cv-02656-VC                        - 2 -

(f)      to rule upon such other matters as the Court may deem appropriate.

4.      The Court may adjourn the Settlement Hearing without further notice to the Members of the Class, and reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Parties and without further notice to the Class where to do so would not impair Class Members' rights under Rule 23 of the Federal Rules of Civil Procedure and due process of law.  The Court further reserves the right to enter Judgment approving the Settlement and dismissing the Complaint, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for the sole purpose of effectuating the Settlement, a Class defined as follows:

> All Persons who purchased or otherwise acquired Equinix common stock between May 3, 2019, and March 24, 2024, inclusive, and who suffered damages by Defendants' alleged violations of §§10(b) and 20(a) of the Exchange Act.  Excluded from the Class are: (1) Defendants and members of the immediate families of each Individual Defendant; (2) the officers, directors, and affiliates of Defendants, at all relevant times, and members of their immediate families: (3) the legal representatives, heirs, successors, or assigns of any of the foregoing; and (4) any entity in which any Defendant has or had a controlling interest.  Also excluded from the Class will be any Person who timely and validly seeks exclusion from the Class.

6.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Uniformed Sanitationmen's Association Compensation Accrual Fund is appointed as representative of the Class, and Lead Counsel Robbins Geller Rudman & Dowd LLP is appointed as Class Counsel for the Class.

7.      With respect to the Class, this Court finds, for purposes of effectuating the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the Members of the Class are so numerous that joinder of all Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Class; (d) the Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of all Class Members; (e) the questions of law and fact common to the Class predominate over any questions affecting only individual Members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Action.

8.      The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and the Summary Notice of Proposed Settlement of Class Action ("Summary Notice"), annexed hereto as Exhibits 1, 2, and 3, respectively, and finds that the distribution and publication of the Summary Notice, substantially in the manner and form set forth in ¶11 of this Order, meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

9.      The firm of Verita Global ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below.

10.     Equinix shall provide, or cause to be provided, to Lead Counsel or the Claims Administrator, at no cost to Lead Plaintiff, the Settlement Fund, Lead Counsel, or the Claims Administrator, within ten (10) calendar days after the Court enters this Order, a list in electronic format, containing the names and addresses and email addresses, if available, of record holders of Equinix common stock during the Class Period, as set forth in the records of Equinix's transfer agent.

11.     As detailed in paragraphs 7-13 of the Declaration of Peter Crudo Regarding Notice and Administration (ECF 103-4), Lead Counsel, through the Claims Administrator, shall commence dissemination of the Summary Notice, substantially in the form annexed hereto, within twenty-one (21) calendar days after the Court signs this Order (the "Notice Date"), by email or first-class mail to all Class Members who can be identified with reasonable effort. Contemporaneously with the emailing or mailing of the Summary Notice, the Claims Administrator shall cause the Notice and Proof of Claim, substantially in the forms attached hereto, to be posted on the Settlement website at www.EquinixSecuritiesSettlement.com, from which copies of the documents can be downloaded. For all Summary Notices returned as undeliverable, the Claims Administrator shall use its best efforts to locate updated addresses or email addresses. No later than seven (7) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once over a national newswire service.

12.     At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such emailing, mailing, and publishing.

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE - 3:24-cv-02656-VC                    - 5 -

13.     Nominees who purchased or otherwise acquired Equinix common stock for the beneficial ownership of Class Members during the Class Period shall: (a) within seven (7) calendar days of receipt of the Summary Notice request from the Claims Administrator sufficient copies of the Summary Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of the Summary Notice forward it to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Summary Notice, send a list of the names and email addresses or physical addresses where an email address is unavailable, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly email or mail the Summary Notice to such beneficial owners.  If a nominee elects to send the Summary Notice to beneficial owners, such nominee is directed to email or mail (where an email is unavailable) the Summary Notice within seven (7) calendar days of receipts of those documents from the Claim Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class.  Upon full compliance with these instructions, including the timely emailing or mailing of the Summary Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions.  Reasonable out-of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Summary Notice mailed by nominee, plus postage at the rate used by the Claims Administrator; or $0.03 per Summary Notice sent by email.  Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid

from the Settlement Fund.

14.    The Court finds that the form and content of the notice program described herein and the methods set forth herein, for notifying the Class of the Settlement and its terms and conditions, the Fee and Expense Application, and the Plan of Allocation meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

15.    In order to be entitled to participate in the recovery from the Settlement Fund after the Effective Date, each Class Member shall take the following action and be subject to the following conditions:

(a)    A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the post office box or electronic mailbox indicated in the Notice and Proof of Claim, postmarked no later than ninety (90) calendar days from the Notice Date.  Such deadline may be further extended by Order of the Court.  Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail).  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b)    The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly filled out, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate

supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his, her, its, or their current authority to act on behalf of the Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such Claim is valid, deficient, or rejected. For each Claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the Claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least twenty (20) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured.

(d)     For the filing of and all determinations concerning their Proof of Claim, each Class Member shall submit to the jurisdiction of the Court.

16.     Any Class Member who does not timely submit a valid and timely Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby, but will bear no liability for failing to accept such late Claims.

17.     Any Member of the Class may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

18.     All Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request to be excluded, or "opt out," from the Class.  A Class Member wishing to be excluded from the Class must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), by first-class mail such that it is postmarked no later than twenty-one (21) calendar days prior to the Settlement Hearing, or _____, 2025, to the address listed in the Notice.  A Request for Exclusion must be signed and must legibly state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the number of shares of Equinix common stock that the Person requesting exclusion (i) owned as of the opening of trading on May 3, 2019, and (ii) purchased, otherwise acquired, and/or sold during the Class Period, as well as the number of shares, dates, and prices for each such purchase, other acquisition, and sale; and (c) that the Person wishes to be excluded from the Class in *Uniformed Sanitationmen's Association Compensation Accrual Fund v. Equinix, Inc., et al.*, No. 3:24-cv-02656-VC.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE - 3:24-cv-02656-VC                                    - 9 -

the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any Final Judgment.  Unless otherwise ordered by the Court, any Class Member who does not submit a valid and timely written Request for Exclusion as provided by this paragraph shall be bound by the Stipulation, shall be deemed to have waived their right to be excluded from the Class, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Released Defendant Parties with respect to the Released Plaintiff's Claims.

19.    The Claims Administrator or Lead Counsel shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion as expeditiously as possible, but in no event later than five (5) calendar days from receipt thereof, and in any event, copies of all timely Requests for Exclusion shall be provided to Defendants' Counsel at least fourteen (14) calendar days before the Settlement Hearing.

20.    The Court will consider comments or objections to the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and expenses, only if such comments or objections and any supporting papers are submitted to the Court either by mailing them to the Clerk of the Court, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California.  Such comments or objections must be filed or postmarked at least twenty-one (21) calendar days prior to the Settlement Hearing, or _____, 2025.  Attendance at the Settlement Hearing is not necessary but any Person wishing to be heard orally in opposition to the Settlement, the Plan of Allocation, or the application for attorneys' fees and expenses is required to indicate in their written objection whether they intend to appear at the Settlement Hearing, provided, however, that the Court may excuse such requirements upon a showing of good cause.  The notice of objection must include documentation establishing the objecting Person's membership in the Class, including the number

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE - 3:24-cv-02656-VC                                    - 10 -

of shares of Equinix common stock that the objecting Person (i) owned as of the opening of trading on May 3, 2019, and (ii) purchased, otherwise acquired, and/or sold during the Class Period, as well as the dates and prices for each such purchase, other acquisition or sale, and contain a statement of reasons for the objection, including whether it applies only to the objector, to a specific subset of the Class, or to the entire Class.  The objection must identify all other class action settlements the objector and his, her, or its counsel has previously objected to in the prior five years, copies of any papers, briefs, or other documents upon which the objection is based, and contain the objector's signature, even if represented by counsel.  Unless otherwise ordered by the Court upon a finding of good cause, any Member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel unless otherwise ordered by the Court.  Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

21.    All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

22.    All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and/or any application by Lead Counsel for attorneys' fees and expenses shall be filed and served no later than twenty-one (21) calendar days prior to the objection and opt-out deadline, or _____, 2025.  Replies to any objections shall be filed and served at least seven (7) calendar days prior to the Settlement Hearing, or _____, 2025.

23.    The Released Defendant Parties shall have no responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel, and such

matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigation.

24.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

25.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Court does not approve the Settlement, or the Settlement otherwise fails to become effective, neither Lead Counsel, the Class, nor the Claims Administrator shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶2.11 or 2.13 of the Stipulation.

26.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed or deemed to be evidence of or constitute an admission, concession, or finding with respect to any allegation in the Litigation, or any fault, negligence, liability, wrongdoing, or damage of any kind.

27.     If the Stipulation and the Settlement set forth therein is not approved or consummated for any reason whatsoever, the Stipulation and Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante*.

28.     All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.

Pending final determination of whether the proposed Settlement should be approved, neither the Lead Plaintiff, nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Defendant Parties, any action or proceeding in any court or tribunal asserting any of the Released Plaintiff's Claims.

29.     The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

30.     The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

DATED:  _____    _____
                                                                   THE HONORABLE VINCE CHHABRIA
                                                                   UNITED STATES DISTRICT JUDGE