**Pages 1 - 8**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Vince Chhabria, Judge

| | |
|---|---|
| WAYNE CHAN and UNIFORMED SANITATIONMEN'S ASSOCIATION COMPENSATION ACCRUAL FUND,<br><br>        Plaintiffs,<br><br>  VS.<br><br>EQUINIX, INC., et al.,<br><br>        Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)   **NO. 24-CV-02656-VC**<br>)<br>)<br>)<br>)<br>) |

San Francisco, California
Thursday, December 18, 2025

<u>**TRANSCRIPT OF REMOTE ZOOM VIDEOCONFERENCE PROCEEDINGS**</u>

<u>**APPEARANCES:**</u>

For Plaintiffs:

ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
BY:  **ELLEN A. GUSIKOFF-STEWART**
**ATTORNEY AT LAW**

ROBBINS GELLER RUDMAN & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
BY:  **DANIEL J. PFEFFERBAUM**
**ATTORNEY AT LAW**

(APPEARANCES CONTINUED ON THE NEXT PAGE.)

REPORTED REMOTELY BY:  Kendra A. Steppler, RPR, CRR
Official United States Reporter

**APPEARANCES:** (Continued)

For Defendants:

> DAVIS POLK & WARDWELL LLP
> 900 Middlefield Road, Suite 200
> Redwood City, CA 94063
> BY:  **NEAL A. POTISCHMAN**
>      **VINCENT BARREDO**
>      **ATTORNEYS AT LAW**

<u>Thursday - December 18, 2025</u>                                    <u>2:08 p.m.</u>

P R O C E E D I N G S

---o0o---

**THE COURTROOM DEPUTY:**  Now calling Civil Case 24-2656, Uniformed Sanitationmen's Association Compensation Accrual Fund v. Equinix, Inc., et al.

Will counsel please state your appearances for the record, starting with the plaintiff?

**MS. GUSIKOFF-STEWART:**  Good afternoon, Your Honor. Ellen Gusikoff from Robbins Geller on behalf of the lead plaintiff and the class.

**THE COURT:**  Hi.

**MR. PFEFFERBAUM:**  Good afternoon, Your Honor.  Dan Pfefferbaum, also of Robbins Geller, here on behalf of the lead plaintiff, Uniformed Sanitationmen, and the class.

**THE COURT:**  Afternoon.

**MR. POTISCHMAN:**  Good afternoon, Your Honor.  Neal Potischman and Vincent Barredo from Davis Polk on behalf of the defendants.

**THE COURT:**  Hi.

Okay.  So this is a motion for final approval of a class-action settlement and a motion for attorneys' fees.  I don't -- I believe there are no -- there was one -- if I recall correctly, there was one opt-out and no objectors; is that right?

**MS. GUSIKOFF-STEWART:**  That's correct, Your Honor.

**THE COURT:**  And I take it there's nobody in the audience today -- the virtual audience -- who came to object to this settlement agreement.  If someone is -- objects, they should raise their hand.  I'm not seeing anybody virtually raise their hand.

I didn't have any questions or concerns about this.  As I said at preliminary approval, this is a reasonable settlement.  The only very tiny question I had was why -- in your most recent proposed order, I was told that you contemplated release of 10 percent of the attorneys' fees at the time that the money is distributed to the class members.  Why did you do it that way instead of what my standing order calls for, which is release of that final 10 percent after -- when you do the -- after you submit the post-distribution accounting?

**MS. GUSIKOFF-STEWART:**  Your Honor, this is Ellen Gusikoff.  We proposed that because, at the time of the initial distribution, 100 percent of the net settlement fund will be distributed.  As you're aware, in these kinds of cases, most of the claims are submitted by institutions and third parties, and it takes quite a lot of time to get those claims administered and proper and get the money out.

But there are, of course, uncashed checks, returned funds, despite all our efforts.  And it could be two years or more before the account is zeroed out if we do a supplemental

distribution.  And, in other cases, we've done three and maybe four.

And so we would just ask the Court's permission to notify the Court at the time of the initial distribution, do an initial post-distribution accounting that references the number of checks or wires that go out -- the amount, the average -- we can figure all that out at the time of the initial distribution.  It will, of course, change at some supplemental --

**THE COURT:**  But what -- I mean, why -- what's -- what's the difference between you getting that portion of the attorneys' fees now and you getting that portion of the attorneys' fees when you're on the verge of sending out the checks or the wires?  I just don't -- I mean, it defeats the whole purpose of withholding a portion of the attorneys' fees to make sure that the settlement administration process goes properly.

**MS. GUSIKOFF-STEWART:**  Well, Your Honor, respectfully, we've never had an issue where we would never finish the administration of a settlement, whether we're paid or not.

And so it would be our request, respectfully, that at the time we finish administration, and the initial distribution goes out, which is 100 percent of the net settlement fund, that we then be permitted to take whatever fees that the Court, you know, holds back, understanding that we would never not finish

the job whether we were paid or not.  And that's --

THE COURT:  Yeah.  And maybe the answer is that these securities fraud cases are a little bit different, because everybody involved is a little more sophisticated.  But in the normal class action, I would never -- I mean -- and I will tell you, I think it was about five years ago that I started withholding a percentage of attorneys' fees in class-action settlements.  And it turns out that it was -- it -- it's a really good practice.  Right?

MS. GUSIKOFF-STEWART:  And --

THE COURT:  And you would not believe some of the problems that we see in the administration of these class-action settlements.  And, you know, the problems would never have gotten fixed if we weren't withholding a portion of the attorneys' fees.

MS. GUSIKOFF-STEWART:  And I understand that.  And I -- on behalf of other plaintiffs lawyers, you know, it is -- it's troubling.  But I think the reputation of my firm and the securities practitioners, it would never happen on our watch.

THE COURT:  Well, maybe because of a security -- maybe you're right.  Maybe because it's a securities case, the withholding could be less, like 5 percent, or something like that.

MS. GUSIKOFF-STEWART:  It's, of course -- you know -- whatever Your Honor decides to do is obviously fine, and we'll

abide by it.  I think some of those -- the Northern District guidelines are a bit of a -- you know, they -- they're for all class actions.  And so sometimes for the securities cases, there's a little bit of a "square peg, round hole" in those charts.

THE COURT:  Yeah.

MS. GUSIKOFF-STEWART:  And so it's -- you know -- it's a one-size-fits-all for not a one-size-fits-all kind of case.

THE COURT:  Yeah.

MS. GUSIKOFF-STEWART:  And so it's -- we've been -- my firm has been before Your Honor.  You know our reputation.  We would never -- we would never not finish the job.  And if the Court is inclined to, you know, hold back our feet, we'll obviously keep working, whether you do that or not.  We would just, you know, ask that we be permitted to take that fee at that time, the time of the initial distribution, which is not now.  You know, it will be nine, ten months from now.  So it's not like we would be paid the entirety of our fee now, and the class would be at risk.  That would never happen.

THE COURT:  Okay.  I'll think about -- I guess, either what I'll do is I'll change the withholding to 5 percent and have it withheld until the very end, or I'll go with your proposal.  If I do go with your proposal, when you file your accounting to get the 10 percent released, you'll have to remind me that -- you know -- of our discussion here today.

**MS. GUSIKOFF-STEWART:** I certainly will. We'll attach the transcript or whatever -- whatever portion of your order is relevant. But we appreciate your consideration, understanding that, you know, our goal is to get every dollar out to the class. And so it takes as long as it takes, and we don't want to short-change anybody. And we want to make sure it's done correctly and also, you know, be paid for our work.

**THE COURT:** Okay. I'll give it some thought and I'll issue an order tomorrow. And the attorneys' fees was 25 percent; right?

**MS. GUSIKOFF-STEWART:** Yes. Correct, Your Honor.

**THE COURT:** Okay. Yeah. Everything else is great. So I'll issue an order tomorrow.

**MS. GUSIKOFF-STEWART:** Thank you so much, Your Honor.

**THE COURT:** All right. Thank you.

**MR. PFEFFERBAUM:** Thank you, Your Honor.

**MR. POTISCHMAN:** Thank you, Your Honor.

(Proceedings adjourned at 2:16 p.m.)

---oOo---

## CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:   Friday, January 23, 2026

_____

Kendra A. Steppler, RPR, CRR

Official Reporter, U.S. District Court